Shelley D. Krohn, Chapter 7 Trustee
510 South 8th Street
Las Vegas, NV 89101
702-421-2210 phone
702-366-1939 fax
shelley@trusteekrohn.com

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-S-19-15333-MKN |
| LAS VEGAS LAND PARTNERS, LLC, | Chapter 7 |
| Debtor. | **APPLICATION TO EMPLOY JOHN W. MUIJE & ASSOCIATES AS SPECIAL COUNSEL ON A CONTINGENT FEE BASIS UNDER 11 U.S.C. § 327(a)** |
| | Hearing Date: OST Requested<br>Hearing Time: |

Shelley D. Krohn, Chapter 7 Trustee ("Trustee") files this Application To Employ John W. Muije & Associates As Special Counsel On a Contingent Fee Basis Under 11 U.S.C. § 327(a), requesting that this Court approve the engagement of the law firm of John W. Muije & Associates (the "Muije Firm") as special litigation counsel to the Trustee pursuant to section 327(a) and (c) and section 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a). The Firm will be engaged to pursue claims for avoidance and recovery of fraudulent transfers on behalf of the Trustee in a currently pending state court case.

The Trustee proposes to engage the Firm on a 33 1/3% contingency fee basis based on the value of any assets recovered for the estate. The terms are set forth with more particularity in the Contingent Fee Agreement attached to this Application as **Exhibit "5."**

This Application is also based upon the *Declaration of John W. Muije Supporting the Trustee's Motion to Employ John W. Muije & Associates as Special Counsel on a Contingent Fee Basis* (the "Muije Declaration") and the Declaration of Shelley D. Krohn (the "Krohn Declaration") filed concurrently with this Application and the following Points and Authorities:

# I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

### Factual Background

1.     Las Vegas Land Partners, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 19, 2019 (the "Petition Date"). Shelley D. Krohn is the duly appointed and acting Chapter 7 Trustee. See ECF 2.

2.     Prior to the Petition Date, Russell Nype and Revenue Plus, LLC (collectively, "Nype") obtained a judgment dated April 10, 2015 against Debtor issued by the Eighth Judicial District Court in Case No.07-A-551073, a copy of which is attached as **Exhibit "1"**. After an appeal to the Nevada Supreme Court, on Amended and Final Judgment on Costs dated November 1, 2018 was issued, a copy of which is attached as **Exhibit "2"**. Currently, the amount due on the two judgments is approximately $4,500,000.

3.     Prior to the Petition Date, on July 26, 2016, Nype sued the Debtor and DAVID J. MITCHELL; BARNET LIBERMAN; LAS VEGAS LAND PARTNERS, LLC; MEYER PROPERTY, LTD.; ZOE PROPERTY, LLC; LEAH PROPERTY, LLC; WINK ONE, LLC; LIVE WORK, LLC; LIVE WORK MANAGER, LLC; AQUARIAS OWNER, LLC; LVLP HOLDINGS, LLC; MITCHELL HOLDINGS, LLC; LIEBERMAN HOLDINGS, LLC; 305 LAS VEGAS LLC; LIVE WORKS TIC SUCCESSOR, LLC; PC/LIVE WORK VEGAS, LLC; CASINO COLLIDGE, LLC (collectively, the "Co-Defendants") in the Eighth Judicial District Court as Case No. A-16-740689-B (the "State Court Litigation"). A copy of the Amended Complaint is attached as **Exhibit "3"**.

4.     In the State Court Litigation and in the prior litigation, the Muije Firm represented Nype.

5.     In the State Court Litigation, Nype alleged (a) he was entitled to a constructive trust on property of the Co-Defendants; (b) he was entitled to avoid fraudulent transfers of real property

by the Debtor and Co-Defendants; (c) the Debtor and Co-Defendants had conspired to defraud Nype; (d) he was entitled to a declaration that the transfers of real property by the Debtor and Co-Defendants were void; and (e) he was entitled to a declaration that the Co-Defendants were the alter egos of the Debtor and their assets could be used to pay the debt to Nype.

6.      The filing of the Debtor's petition automatically stayed (a) the State Court Litigation against the Debtor (but not against the Co-Defendants) and (b) the prosecution of the fraudulent transfer action which is property of the Debtor's bankruptcy estate.

7.      The State Court Judge Gonzales has set the trial for the State Court Litigation to begin on December 30, 2019, for a five (5) day trial. See State Court Litigation docket attached as **Exhibit "4".**[1]

8.      The Trustee desires to employ the Muije Firm as special litigation counsel to prosecute the fraudulent transfer claims against the Co-Defendants in the State Court Litigation. The Muije Firm will file a motion in the State Court Litigation (as special counsel for the Trustee) seeking authorization for the Trustee to intervene as plaintiff in the same litigation.

9.      The Debtor's bankruptcy estate has no funds, See ECF 1, and the Trustee desires to employ the Muije Firm on a contingent fee basis pursuant the terms and conditions as set forth in the Contingent Fee Agreement attached to this renewed application as **Exhibit "5."**

10.     The Trustee proposes that the Muije Firm will be entitled to a 33 1/3% contingency fee against the gross property and proceeds from any assets recovered by the Muije Firm as fraudulent transfers.  The Trustee additionally proposes to reimburse the Muije Firm for 50% of any actual and reasonable costs incurred in the State Court Litigation (both before and after the intervention of the Trustee in that litigation) from gross property and proceeds from any assets recovered in the State Court Litigation. The Trustee is aware that:

a.      the Muije Firm will turn over any fees and costs received from the Trustee to reimburse Nype for the fees and costs Nype has paid the Muije Firm, co-counsel, accountants and other experts;

---

[1] This court can take judicial notice of the State Court's docket.

b.      the Muije Firm will continue to represent Nype as a co-plaintiff in the State Court Litigation.

11.      Any payment to the Muije Firm from the proceeds of the State Court Litigation will be subject to the approval of the Bankruptcy Court pursuant to 11 U.S.C. §330 and FRBP 2016.

12.      Nype has paid and will continue to pay the Muije Firm fees on an hourly basis as well as out of pocket expenses pending the outcome of the State Court Litigation.

13.      The Muije Firm agrees to turn over to the Trustee fifty percent (50%) of all funds and assets collected or recovered from the Defendants attributable on any claims litigated in the State Court Litigation and fifty percent (50%) to Nype (except for the previously awarded discovery sanction awarded in the State Court Litigation which will be paid 100% to Nype).

14.      The professional services rendered by the Muije Firm will be limited to representation of the Trustee in recovering the fraudulent transfers as to which the Debtor's bankruptcy estate claims an interest and are claims asserted in the pending State Court Litigation.

15.      The Trustee believes (and the Muije Firm will strive to insure) that the Muije Firm's employment will not be duplicative or overlapping of the work performed by the Trustee or the Trustee's counsel if the Trustee decides to employ general counsel. The Muije Firm's duties for the Trustee will be limited to seeking avoidance and recovery of fraudulent transfers of assets as set forth in the State Court Litigation for the benefit of the bankruptcy estate. The Muije Firm will not act as general counsel to the Trustee.

16.      The Trustee believes it is in the best interests of the estate and the creditors that she be allowed to employ the Muije Firm as special counsel on the proposed contingency fee basis.

### III.  DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS

To the best of the Trustee's knowledge, information, and belief, and based on the Muije Declaration, neither the Muije Firm nor any partners or associates of the Muije Firm are connected to, represent, or hold an adverse interest to the Trustee, the Debtor, their creditors, or any other party in interest, or their respective attorneys and accountants, with respect to the matters on which the Muije Firm is to be retained or employed in this case, **except that the Muije Firm, in the past, has represented and, in the future, will continue to represent creditors RUSSELL L.**

1   **NYPE and REVENUE PLUS, LLC in the State Court Litigation and prior litigation against**

2   **the Debtor.** (*See* Muije Declaration).

3         The Muije Firm will continue to represent Nype with respect to all claims other than the

4   recovery of fraudulent transfers, and even though these claims do not belong to the bankruptcy

5   estate, half of any recovery from such claims will be paid to the bankruptcy estate.  **As stated in**

6   **the Memorandum of Law, the Muije Firm's continued representation of Nype does not**

7   **disqualify the Muije Firm from acting as special counsel for the Trustee in the State Court**

8   **Litigation.**

9         The Muije Firm will continue to be paid its fees and costs on an ongoing basis by Nype.  In

10  the event the Muije Firm is paid fees and costs by the bankruptcy estate, the Muije Firm has

11  disclosed that said amounts may be credited to balances owed to the Muije Firm by Nype, but the

12  bankruptcy estate's obligation to the Muije Firm is fixed at a flat 33 1/3% plus costs, so this

13  creditor's private payment arrangements with the Muije Firm are not detrimental to the bankruptcy

14  estate or other creditors.

15        To the best of the Trustee and Muije Firm's knowledge, information, and belief, and based

16  on the Muije Declaration, neither the Muije Firm nor any partners or associates of the Muije Firm

17  are connected to, represent, or hold an adverse interest to the United States Trustee, the Office of

18  the United States Trustee and its employees, any judge of the United States Bankruptcy Court in

19  the District of Nevada, or any other party with respect to the matter on which the Muije Firm is to

20  be employed except as set forth herein.  (*See* Muije Declaration.)

21        To the best of the Trustee and the Muije Firm's knowledge, the Muije Firm does not hold

22  or represent any interest that would impair the Muije Firm's ability to objectively perform the

23  services contemplated herein.  (*See* Muije Declaration.)

24        The Trustee has determined that, to the best of her knowledge, the Muije Firm and all of its

25  partners and associates are disinterested persons as that term is defined in 11 U.S.C. §101(14) and

26  pursuant to Fed.R.Bankr. P. 2014(a).

27        Subject to the Court's approval of this Application, the Muije Firm is willing to serve as

28  the Trustee' special litigation counsel to perform the legal services described above pursuant to the

terms set forth herein and the Contingent Fee Agreement attached as **Exhibit "5."** (*See* Muije Declaration.)

The Muije Firm will strive to insure that the Muije Firm's employment will not be duplicative of the role of the Trustee or her general counsel (if any) and that the Muije Firm's retention as set forth herein will save the estate substantial time and monies, and is in the best interest of the Trustee, the estate, and creditors. (*See* Muije Declaration.)

## IV. MEMORANDUM OF LAW

**A.    Retention**

11 U.S.C. § 327(a) authorizes employment of professionals, including counsel, who do not represent adverse interests to the estate and provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 328(a) provides guidance regarding the compensation of professionals engaged by the Trustee:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

Section 328 permits a professional to have the terms and conditions of its employment pre-approved by a bankruptcy court, such that the bankruptcy court may alter agreed upon compensation only "if such terms and conditions prove to have been improvident in light of

1    developments not capable of being anticipated at the time of fixing such terms and conditions." *In*

2    *re Circle K, Corp.*, 279 F.3d 669, 671 (9th Cir. 2002).

3         The Trustee proposes engaging the Muije Firm as special counsel pursuant to the attached

4    33 1/3% contingency fee agreement (plus reimbursement of reasonable litigation expenses).  The

5    Muije Firm acknowledges that approval of any settlement of the bankruptcy estate's claims, and

6    payment of any fees to the Muije Firm and/or reimbursement of costs from proceeds attributable

7    to the bankruptcy estate's claims, will be subject to separate approval of this Court pursuant to 11

8    U.S.C. § 330 and FRBP 2016.   (*See* Muije Declaration.)

9    **B.**     **The Muije Firm's Representation of Creditor Nype Does Not Preclude Employment**

10        The Muije Firm's pre-petition and continued representation of the Creditors does not

11   preclude employment of the Muije Firm by the bankruptcy estate because the Muije Firm has no

12   adverse interest with regard to the litigation for which it is employed, and the Creditors' interests

13   are aligned with the Trustee's interests.  The Creditors are, by far, the largest creditor of this

14   bankruptcy estate[2], and have been pursuing collection from this Debtor and related insiders in the

15   State Court Litigation since 2016.

16        11 U.S.C. § 327(c) specifically states that a professional is not disqualified for employment

17   "solely because of such person's employment by or representation of a creditor" unless there is (1)

18   an objection by another creditor or the United States Trustee, and (2) if there is an actual conflict

19   of interest.  11 U.S.C. § 327(c).  *Fondiller v. Robertson (In re Fondiller),* 15 B.R. 890, 892

20   (Bankr. 9th Cir.1981), *appeal dismissed,* 707 F.2d 441 (9th Cir.1983).  As stated by the Ninth

21   Circuit:

22          Section 327(c) allows the appointment of counsel to represent the trustee, even
           where counsel represents a creditor, where the court finds no "actual conflict of
23            interest." Reasoning by analogy to section 327(e), several courts have held that,
           where the trustee seeks to appoint counsel only as "special counsel" for a specific
24            matter, there need only be no conflict between the trustee and counsel's creditor
           client with respect to the specific matter itself. *Fondiller v. Robertson (In re*
25            *Fondiller),* 15 B.R. 890, 892 (Bankr. 9th Cir.1981), *appeal dismissed,* 707 F.2d 441
26            (9th Cir.1983); *see also Altenberg v. Schiffer (In re Sally Shops, Inc.),* 50 B.R. 264,

27

28   [2] The Debtor's schedules list other creditors with claims of approximately $100,000.  See ECF 1. Nype's claim
   against the Debtor is approximately $4,500,000.

266 (Bankr.E.D.Pa.1985) (following *Fondiller*). Here, with respect to the Kilimnik preference action, the interests of Cabot and the trustee coincide: if money is recovered for the estate, Cabot's pro rata recovery will ultimately be greater.

*Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993). The Stoumbas decision is the current

state of the law.  See the following cases:

> A creditor's attorney may be employed by the trustee provided the attorney is "disinterested," "do[es] not hold or represent an interest adverse to the estate," and, if an objection is made, does not have an "actual conflict of interest." 11 U.S.C. § 327(a),(c). When applied to employment of a creditor's attorney by the trustee as special counsel for a specific matter, the conflicts and eligibility analysis under § 327 is limited to the specific matter for which the attorney is to be employed. *See Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir.1993); *Coan*, 176 F.3d at 622–29; *Fondiller*, 15 B.R. at 892.

*In re Hummer Transp., Inc.*, No. 11-60663, 2013 WL 8013588, at *3 (Bankr. E.D. Cal. Sept. 12,

2013), *aff'd sub nom. In re Hummer Transp.*, No. CV F 13-1640 LJO, 2014 WL 412534 (E.D. Cal.

Feb. 3, 2014) (employing debtor's counsel as special counsel).

> I conclude that Moore's representation of Kollman and Frazer does not create a conflict of interest. The Bankruptcy Code **"allows the appointment of counsel to represent the trustee, even where counsel represents a creditor, where the court finds no 'actual conflict of interest.' "** *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993) (quoting 11 U.S.C. § 327(c)). Frazer determined that retaining Moore to pursue Hateley's claims against National Union and Cell Tech could benefit creditors, including Kollman, who is currently the estate's largest creditor. See id. (no conflict because the interests of the creditor and the trustee coincided).

*Kollman v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. CV 04-3106-PA, 2008 WL

11389450, at *2 (D. Or. Oct. 22, 2008).

> *Fondiller* has been interpreted as authorizing employment under subsection (e) of Section 327. *See, e.g., Covenant*, 243 B.R. at 455 n. 8. But the precise holding appears to be that special counsel can be employed under subsection (a) of Section 327 because any "omission" in Section 327(e) does not limit the general authority in Section 327(a). *See Fondiller*, 15 B.R. at 891–92 (interpreting § 327(a) by comparison with § 327(c) and (e)).

*In re Sonya D. Int'l, Inc.*, 484 B.R. 773, 780 (Bankr. C.D. Cal. 2012).

> The fact that Counsel may be a creditor in this case does not disqualify him. In *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir.1993), the court found no conflict of interest existed when the trustee sought to employ an attorney under § 327(e) who at the same time represented a creditor in the bankruptcy case. The court noted that, for purposes of taking action against a third party, the interests of the

1    bankruptcy estate and the creditor coincided, for if special counsel recovered any
     money for the benefit of the estate, his creditor client would ultimately receive a
2    greater distribution in the bankruptcy case. *Stoumbos,* 988 F.2d at 964. That
     reasoning also applies here. Counsel is a creditor, but his interests as a creditor, as
3    well as in accepting employment on a contingent fee basis to sue SIF, are the same:
     maximizing any potential recovery.
4

5    *In re Elias*, No. 02-41640, 2005 WL 4705220, at *5 (Bankr. D. Idaho June 10, 2005).

6         The Muije Firm's representation of Nype will not cause the Muije Firm to act differently

7    as special counsel than they would if they did not also represent Nype. The Trustee and Nype have

8    agreed that that any recovery from Mitchell will be split equally between the Bankruptcy Estate

9    and Nype.[3] The Muije Firm will be retained by the bankruptcy estate to pursue avoidance and

10   recovery of various fraudulent transfers for the benefit of the estate.  The interests of the Trustee

11   and Nype are 100% aligned for the matters the Firm will be retained by the Trustee to pursue

12   because Nype's claim of $4,500,000 is more than 97% of the identified creditor claims in this

13   case. If the Muije Firm, who notably has significant knowledge regarding the fraudulent transfer

14   claims, recovers assets as special counsel and enlarges the estate, all the Creditors will receive a

15   greater distribution in the case.  The Muije Firm does not represent an interest adverse to the estate

16   on the matter on which it will be retained because both Nype and the bankruptcy estate share the

17   same goals with respect to the matters for which the Muije Firm will be retained. *See Stoumbos v*

18   *Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993) (finding no conflict existed when trustee sought to

19   employ an attorney who also represented a creditor because the interests of the bankruptcy estate

20   and the creditor client were aligned).

21        The Muije Firm further notes that the Bankruptcy Code provides no prohibition to a

22   creditor paying the fees of a Trustee's special counsel.  On the contrary, 11 U.S.C. § 503(b)(3)(B)

23   provides that "a creditor that recovers, after the court's approval, for the benefit of the estate any

24   property transferred or concealed by the debtor" to have an allowed administrative claim against

25   the estate. "An application for approval of employment under section 503(b)(3)(B) is separate

26   from a trustee's application to employ counsel under section 327; however, section 503(b)(3)(B)

27

28   _____

     [3] This agreement has to be reduced to writing and approved by this Court.

1  demonstrates that an attorney representing the trustee is not necessarily subject to disqualification

2  if the attorney's fees are paid by the creditor." *In re Maerlender*, 2006 WL 996556 at *6 (Bankr.

3  M.D.N.C. 2006) (citing *In re Maximus Computers, Inc.*, 278 B.R. 189, 197 (9th Cir. BAP 2002)).

4

5                                    **V. CONCLUSION**

6         The Trustee requests that the Court enter an order authorizing the Trustee to employ the

7  law firm of John W. Muije & Associates as her special litigation counsel to pursue recovery of

8  fraudulent transfers on behalf of the Trustee pursuant to the terms set forth in the Contingent Fee

9  Agreement attached to this Application as **Exhibit "5"** with payment of any fees and/or costs

10  subject to Bankruptcy Court approval pursuant to 11 U.S.C. § 330 and FRBP 2016.

11         DATED: October 21, 2019.

12

13

14                              Shelley D. Krohn, Chapter 7 Trustee
                                510 South 8th Street
15                              Las Vegas, NV  89101
                                702-421-2210 phone
16                              702-366-1939 fax
                                shelley@trusteekrohn.com
17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

Electronically Filed
04/10/2015 10:41:58 AM

**CLERK OF THE COURT**

1   JUDG
    Joshua H. Reisman, Esq.
2   Nevada Bar No. 7152
    Robert R. Warns III, Esq
3   Nevada Bar No. 12123
    REISMAN·SOROKAC
4   8965 South Eastern Avenue, Suite 382
    Las Vegas, Nevada 89123
5   Telephone: (702) 727-6258
    Facsimile: (702) 446-6756
6   Email: jreisman@rsnvlaw.com
7   Email: rwarns@rsnvlaw.com

8   Attorneys for Defendants/Counterclaimants
    Russell L. Nype and Revenue Plus, LLC
9

10              **DISTRICT COURT**

11          **CLARK COUNTY, NEVADA**

12   LAS VEGAS LAND PARTNERS, LLC;       CASE NO. 07A551073
     LIVE WORK, LLC and ZOE PROPERTIES,  DEPT. NO. XXVIII
13   LLC,

14               Plaintiffs,

15   vs.

16   RUSSELL L. NYPE; REVENUE PLUS, LLC;   **JUDGMENT**
     JOHN DOES I through X; JANE DOES I
17   through X; DOE CORPORATIONS I through
     X; and DOE PARTNERSHIPS I through X,
18
                 Defendants.
19

20   RUSSELL L. NYPE; REVENUE PLUS, LLC,

21               Counterclaimants,

22   vs.

23

24   LAS VEGAS LAND PARTNERS, LLC;
     DOES  I  through  X;  and  ROE
25   CORPORATIONS I through X,

                 Counterdefendants.
26

27

28

| | |
|---|---|
| ☐ Non-Jury<br>Disposed After Trial Start | ☐ Jury<br>Disposed After Trial Start |
| ☒ Non-Jury<br>Judgment Reached | ☐ Jury<br>Verdict Reached |
| ☐ Transferred before Trial | ☐ Other |

4/9/15

**JUDGMENT**

1
2    This matter came to trial before this Court, the Honorable Ronald Israel, District Judge,
3    presiding. The issues have been tried and the Court entered its Findings of Fact, Conclusions of
4    Law and Decision on March 26, 2015.
5        **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as
6    follows:
7        A judgment is hereby entered in favor of Defendants/Counterclaimants RUSSELL L.
8    NYPE and REVENUE PLUS, LLC. (collectively, "Nype"), and against Counterdefendant LAS
9    VEGAS LAND PARTNERS, LLC., in the total amount of TWO MILLION SIX HUNDRED
10   EIGHT THOUSAND SEVEN HUNDRED NINETY-SEVEN DOLLARS and FIFTY CENTS
11   ($2,608,797.50), plus Nype's costs of action pursuant to Nype's verified Memorandum of Costs
12   (amount to be determined, if filed). Pursuant to NRS 17.130, interest accrues on the judgment as
13   follows:
14        a.        Interest accrues on the damages of $2,608,797.50 at the rate provided by
15   NRS 17.130(2), from the date of service of Nype's counterclaim, i.e., December 5, 2007,
16   until the judgment is satisfied; and
17        b.        Interest accrues on the total amount of costs awarded (if any) at the rate
18   provided by NRS 17.130(2), from the date this judgment is entered until the judgment is
19   satisfied.
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28

2

1        That Plaintiffs LAS VEGAS LAND PARTNERS, LLC, LIVE WORK, LLC, and ZOE

2    PROPERTIES, LLC take nothing and that all of their claims against Nype are dismissed, with

3    prejudice.

4        Dated this 6 day of _April_, 2015.

5

6

7        HON. RONALD ISRAEL
    DISTRICT COURT JUDGE

8

9    Submitted by:

10    REISMAN·SOROKAC

11

12    Joshua H. Reisman, Esq.
    Nevada Bar No. 7152

13    Robert R. Warns III, Esq.
    Nevada Bar No. 12123

14    8965 South Eastern Avenue, Suite 382
    Las Vegas, Nevada 89123

15    *Attorneys for Defendants/Counterclaimants*
    *Russell L. Nype and Revenue Plus, LLC*

16

17

18

19

20

21

22

23

24

25

26

27

28

REISMAN·SOROKAC
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Phone: (702) 727-6258 Fax: (702) 446-6758

3

**EXHIBIT 2**

ORIGINAL

Electronically Filed
11/1/2018 2:55 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **JUDG**
2 | JOHN W. MUIJE & ASSOCIATES
   | JOHN W. MUIJE, ESQ.
3 | Nevada Bar No. 2419
   | 1840 E. Sahara Ave #106
4 | Las Vegas, Nevada 89104
   | Telephone: (702) 386-7002
5 | Facsimile: (702) 386-9135
   | Email: jmuije@muijelawoffice.com
6 | *Attorneys for Defendants/Counterclaimants*
   | *Russell L. Nype and Revenue Plus, LLC*
7 |
8 | **DISTRICT COURT**
9 | **CLARK COUNTY, NEVADA**

| | |
|---|---|
| 10   LAS VEGAS LAND PARTNERS, LLC; <br> 11   LIVE WORK, LLC and ZOB PROPERTIES, <br> LLC, | CASE NO. 07A551073 <br> DEPT. NO. XI |
| 12         Plaintiffs, | |
| 13   vs. | |
| 14   RUSSELL L. NYPE; REVENUE PLUS, LLC; <br> JOHN DOES I through X; JANE DOES I <br> 15   through X; DOE CORPORATIONS I through <br> X; and DOE PARTNERSHIPS I through X, | <u>AMENDED AND FINAL JUDGMENT ON</u> <br> <u>COSTS</u> |
| 16 | |
| 17         Defendants. | |
| 18   RUSSELL L. NYPE; REVENUE PLUS, LLC; | |
| 19         Counterclaimants, | |
| 20   vs. | |
| 21 | |
| 22   LAS VEGAS LAND PARTNERS, LLC; <br> DOES I through X; and ROE <br> 23   CORPORATIONS I through X, | |
| 24         Counterdefendants. | |

25 |      This matter came to trial before this Court, the Honorable Ronald Israel, District Judge,
26 | presiding. The issues have been tried and the Court entered its *Findings of Fact, Conclusions of*
27 | *Law and Decision* on March 26, 2015. As a result, on April 10, 2015, the Court entered a
28 | judgment (the "Original-Damages Judgment"). Thereafter, in May 2016, the Court entered an

1

10-31-18P04:25 RCVD

*Order Granting in Part and Denying in Part Plaintiff's Motion to Retax* (the "Costs Order"), which, among other things, awarded certain costs of action.  On May 25, 2016, this Court entered a *Supplemental Judgment on Costs* (the "Original-Costs Judgment") in favor of Nype (defined below) in the principal amount of $191,938.13, plus prejudgment interest on the costs incurred as of May 11, 2016, in the amount of $37,524.49, plus post-judgment interest accruing on the costs award of $191,938.13.

Stemming from an appeal, on November 14, 2017, the Nevada Supreme Court entered an *Order Affirming in Docket No. 68819, and Reversing in Part and Remanding in Docket No. 70520* (the "Appellate Decision"), in which the Nevada Supreme Court reversed a portion of the Original-Costs Judgment as follows: (1) the $50,000 in costs awarded for Nype's non-testifying expert, Mark Rich, was reduced to the amount of $1,500.00; and (2) the $4,272.50 in costs awarded for Nype's non-testifying expert, John Knott, was reduced to the amount of $1,500.00.

**NOW, THEREFORE,** the Original-Costs Judgment is amended such that, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

A judgment is hereby entered in favor of Defendants/Counterclaimants RUSSELL L. NYPE and REVENUE PLUS, LLC (collectively, "Nype"), and against Counterdefendant LAS VEGAS LAND PARTNERS, LLC.,[1] for costs of action (collectively, the "Costs" and each cost comprising the Costs, a "Cost") in the total amount of $140,665.63, upon which interest accrues as follows:

    a.    Pursuant to Albios v. Horizon Communities, Inc., 122 Nev. 409, 132 P.3d 1022 (2006), interest accrues on the Costs at the floating rate provided for by NRS 17.130(2), from the dates each Cost was incurred (as set forth in the Costs Order) until paid in full.  To the extent no date of incurrence for any Cost was specified in the Costs Order, interest accrues on such Cost from entry of the Original-Damages Judgment, i.e., April 10, 2015, until paid in full (as set forth in the Original-Damages Judgment).

---

[1] This judgment does not replace the Original-Damages Judgment, but supplements, and is in addition to, the Original-Damages Judgment.

2

Prejudgment interest on the awarded Costs, i.e., interest on the awarded costs that accrued from the date each cost was incurred until May 11, 2016, totals $23,927.48; and

b.    Post-judgment interest on the costs awards accrues in accordance with the above and the Court's Order entered on February 29, 2016, i.e., post-judgment interest continues to accrue, at the floating rate provided for by NRS 17.130(2), on the Costs award of $140,665.62, but does not accrue on the prejudgment interest awarded thereon, in the sum of $23,927.48.

Dated this 1 day of November, 2018.

_____
DISTRICT COURT JUDGE

Submitted by:

JOHN W. MUIJE & ASSOCIATES

_____
JOHN W. MUIJE, ESQ.
Nevada Bar No. 2419
1090 E. Sahara Ave. #106
Las Vegas, Nevada 85104
Attorneys for Defendants/Counterclaimants
Russell L. Nype and Revenue Plus, LLC

Approved as to form by:

LAW OFFICE OF HAYES & WELSH

_____
GARRY L. HAYES, ESQ.
Nevada Bar No. 1540
199 N. Arroyo Grande Blvd, Suite 200
Henderson, Nevada 89074
Attorneys for Plaintiffs and Counterdefendant

3

**EXHIBIT 3**

Electronically Filed
8/21/2017 6:11 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ACOMP**
**JOHN W. MUIJE & ASSOCIATES**
2  JOHN W. MUIJE, ESQ.
Nevada Bar No. 2419
3  1840 E. Sahara Ave #106
Las Vegas, Nevada 89104
4  Telephone: (702) 386-7002
Fax No:      (702) 386-9135
5  Email: jmuije@muijelawoffice.com
*Attorneys for Plaintiffs*
6

7  DISTRICT COURT

8  CLARK COUNTY, NEVADA

9
RUSSELL L. NYPE; REVENUE PLUS, LLC,
10  DOES I through X; DOES I through X; DOE
CORPORATIONS I through X; and DOES
11  PARTNERSHIPS I through X,

12                                              Plaintiffs,

13  vs.

14  DAVID J. MITCHELL; BARNET LIBERMAN;
LAS VEGAS LAND PARTNERS, LLC; MEYER
15  PROPERTY, LTD.; ZOE PROPERTY, LLC;
LEAH PROPERTY, LLC; WINK ONE, LLC;
16  LIVE WORK, LLC; LIVE WORK MANAGER,
LLC; AQUARIAS OWNER, LLC; LVLP
17  HOLDINGS, LLC; MITCHELL HOLDINGS,
LLC; LIEBERMAN HOLDINGS, LLC; 305 LAS
18  VEGAS LLC; LIVE WORKS TIC SUCCESSOR,
LLC; FC/LIVE WORK VEGAS, LLC; CASINO
19  COLLIDGE, LLC; DOES I through III, and ROE
CORPORATIONS I through III, inclusive,

20                                       Entity Defendants.

21

CASE NO:    A-16-740689-B

DEPT. NO:   XV

**AMENDED COMPLAINT FOR:**

1.   CONSTRUCTIVE TRUST;
2.   FRAUDULENT CONVEYANCE;
3.   CONSPIRACY TO DEFRAUD;
4.   DECLARATORY RELIEF; AND
5.   ALTER EGO

**ARBITRATION EXEMPT
(EQUITABLE RELIEF)**

22

23       COMES NOW, Plaintiffs, RUSSELL L. NYPE and REVENUE PLUS, LLC, as and for

24  causes of action against the Entity Defendants, DAVID J. MITCHELL; BARNET LIBERMAN;

25  LAS VEGAS LAND PARTNERS, LLC; MEYER PROPERTY, LTD.; ZOE PROPERTY, LLC;

26  LEAH PROPERTY, LLC; WINK ONE, LLC; LIVE WORK, LLC; LIVE WORK MANAGER,

27  LLC; AQUARIUS OWNER, LLC; LVLP HOLDINGS, LLC; MITCHELL HOLDINGS, LLC;

28  LIEBERMAN HOLDINGS, LLC; 305 LAS VEGAS, LLC; LIVE WORKS TIC SUCCESSOR,

Page  -1-

LAW OFFICES
**JOHN W. MUIJE & ASSOCIATES**
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

LLC; FC/LIVE WORK VEGAS, LLC, and CASINO COLLIDGE, LLC alleges and shows as follows:

## GENERAL FACTUAL ALLEGATIONS

1.    Plaintiffs, RUSSELL L. NYPE and REVENUE PLUS, LLC (hereinafter "NYPE"), a New York Limited Liability Company.

2.    Defendant, DAVID J. MITCHELL (hereinafter "Mitchell), is an adult resident of New York.

3.    Defendant, BARNETT LIBERMAN (hereinafter "Liberman), is an adult resident of New York.

4.    LAS Vegas Land Partners (hereinafter "LVLP") is a Delaware limited liability company registered to do business in Nevada, but currently in default status.

5.    Aquarius Owner, LLC is or was a Delaware limited liability company registered to do business in the State of Nevada in November, 2004, and maintained its registration through and including approximately November, 2009.

6.    On information and belief, Aquarius Owner LLC was owned and directed by Mitchell, Liberman, and/or LVLP.

7.    In that context, various real property and ownership equity transfers took place between LVLP and/or Aquarius Owner, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between Aquarius Owner LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents.

8.    In that context, various real property transfers and ownership equity took place between LVLP and/or Aquarius Owner, LLC during the operative time, and on information and belief, financial distributions and transactions occurred between Aquarius, LLC and its principals on a recurring basis, most of which were never

LAW OFFICES
JOHN W. MULJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

1    disclosed in publicly available records or documents, is a Delaware limited liability

2    that first registered to do business in Nevada in approximately February, 2011, and

3    continues to operate and do business, in good standing, through and including this

4    date. FC/LW Vegas is or was a Delaware limited liability company registered to do

5    business in the State of Nevada in February 2011 which has maintained registration

6    through the present.

7    9.    FC/LW VEGAS, LLC, on information and belief, is an entity jointly owned and

8    operated by Liberman, Mitchell, LVLP, and non-party Forest City Enterprises, for

9    purposes of developing and managing various real property interest in Southern

10    Nevada.

11    10    In that context, various real property and ownership equity transfers took place

12    between LVLP and/or FC/LW, LLC,  during the operative time, and on information

13    and belief, financial distributions and transactions occurred between Aquarius Owner

14    LLC and its principals on a recurring basis, most of which were never disclosed in

15    publicly available records or documents.

16    11.    In that context, various real property and ownership equity transfers took place

17    between LVLP and/or FC/LW, LLC during the operative time, and on information

18    and belief, financial distributions and transactions occurred between

19    12.    Aquarius, LLC and its principals on a recurring basis, most of which were never

20    disclosed in publicly available records or documents, is a Delaware limited liability

21    that first registered to do business in Nevada in approximately February, 2011, and

22    continues to operate and do business, in good standing, through and including this

23    date.

24    13.    In that context, various real property and ownership equity transfers took place

25    between LVLP and/or Leah Property, LLC during the operative time, and on

26    information and belief, financial distributions and transactions occurred between

27    14.    Aquarius, LLC and its principals on a recurring basis, most of which were never

28    disclosed in publicly available records or documents, is a Delaware limited liability

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

Page  –3–

that first registered to do business in Nevada in approximately February, 2011, and continues to operate and do business, in good standing, through and including this date.

15. Leah Property, LLC is a Delaware limited liability that first registered to do business in Southern Nevada in approximately February, 2005, and continued to be active and operate in the Southern Nevada area through and including February, 2015.

16. On information and belief, Leah Property LLC is owned, managed, and operated by Liberman, at all relevant times.

17. In that context, various real property and ownership equity transfers took place between LVLP and/or Leah Property, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between Leah Property, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents.

18. In that context, various real property and ownership equity transfers took place between LVLP and/or Live Work, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between Leah Property, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents.

19. Live Work LLC is a Delaware limited liability company who first became active in Southern Nevada in or about April, 2015, and in fact was a plaintiff in the original underlying lawsuit with LVLP versus the plaintiffs herein. Live Work, LLC, on information and belief, continued to be active and operating in Southern Nevada through and including approximately April, 2012.

20. On information and belief, Live Work, LLC was owned, operated, and managed by Liberman, Mitchell, LVLP, Live Work Manager, LLC, and/or Mitchell Holdings, and was an active participant in various real property transactions involving non-party Forest City Enterprises.

Page -4-

21.    In that context, various real property and ownership equity transfers took place between LVLP and/or Live Work, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between Live Work, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents.

22.    In that context, various real property and ownership equity transfers took place between LVLP and/or Live Work, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between Live Work Manager, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents.

23.    Livework Manager, LLC was a Delaware Limited Liability that first registered to do business in the State of Nevada in approximately April, 2005, and continued active and in business in Southern Nevada through approximately February, 2012.

24.    Live Work Manager, LLC was owned, operated and managed by, on information and belief, by Liberman, Mitchell, and/or LVLP.

25.    In that context, various real property and ownership equity transfers took place between LVLP and/or Live Work Manger, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between Livework Manager, LLC and its principals on a recurring basis, most of which were In that context, various real property transfers and ownership equity took place between LVLP and/or Live Work, LLC during the operative time, and on information and belief, financial distributions and transactions occurred between Live Work, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents, is a Delaware limited liability that first registered to do business in Nevada in approximately February, 2011, and continues to operate and do business, in good standing, through and including this date. FC/LW Vegas is or was a Delaware limited liability company registered to do business in the State of Nevada in February 2011 which has maintained registration through the present.

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

1    never disclosed in publicly available records or documents.

2    26.    Zoe Property, LLC is a Delaware Limited Liability Company that first registered and

3    became active in Southern Nevada in or about November 2004, and in fact was one

4    of the original plaintiffs along with Live Work, LLC and LVLP versus the plaintiffs

5    herein.  On information and belief, Zoe Property, LLC operated and continued to be

6    active in Southern Nevada through approximately November, 2007.

7    27.    Zoe Property, LLC was owned, operated and managed by, on information and belief,

8    by Liberman, Mitchell, and/or LVLP.

9    28.    In that context, various real property and ownership equity transfers took place

10    between LVLP and/or Zoe Property, LLC, during the operative time, and on

11    information and belief, financial distributions and transactions occurred between Zoe

12    Property, LLC and its principals on a recurring basis, most of which were never

13    disclosed in publicly available records or documents.

14    29.    In that context, various real property and ownership equity transfers took place

15    between LVLP and/or Zoe Property, LLC, during the operative time, and on

16    information and belief, financial distributions and transactions occurred between Zoe

17    Property, LLC and its principals on a recurring basis, most of which were never

18    disclosed in publicly available records or documents.

19    30.    Wink One, LLC is a Delaware limited liability company that registered to do business

20    in the State of Nevada in approximately April, 2008, and remained active, according

21    to Secretary of State records, through and including approximately April, 2009. Wink

22    One, LLC, on information and belief, was owned, operated and managed by

23    Liberman, Mitchell, and/or LVLP.

24    31.    Wink One, LLC was owned, operated and managed by, on information and belief, by

25    Liberman, Mitchell, and/or LVLP.

26    32.    In that context, various real property and ownership equity transfers took place

27    between LVLP and/or Wink One, LLC, during the operative time, and on information

28    and belief, financial distributions and transactions occurred between Wink One, LLC

and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents.

33.    In that context, various real property and ownership equity transfers took place between LVLP and/or Wink One, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between Wink One, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents.

34.    Casino Coolidge, LLC is a Delaware limited liability company that first registered to do business in Southern Nevada in or about October, 2014.

35.    On information and belief, Casino Coolidge, LLC is owned, operated and managed by Liberman, Mitchell, LVLP, and/or LVLP..

36.    In that context, various real property and ownership equity transfers took place between LVLP and/or Casino Coolidge, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between Casino Coolidge, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents and continues to operate and be active in Southern Nevada through the present.

37.    In that context, various real property and ownership equity transfers took place between LVLP and/or Casino Coolidge, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between Casino Coolidge, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents.

38.    305 Las Vegas. LLC is a Delaware limited liability company that first registered and qualified to do business in Southern Nevada in approximately April, 2007, and remains active and doing business in Southern Nevada through the present.

39.    On information and belief, 305 Las Vegas, LLC was originally owned, operated and managed by Liberman, Mitchell, and/or LVLP.

40.    In that context, various real property and ownership equity transfers took place

Page  –7–

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

between LVLP and/or 305 Las Vegas, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between 305 Las Vegas, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents and continues to operate and be active in Southern Nevada through the present.

41.   In that context, various real property and ownership equity transfers took place between LVLP and/or 305 Las Vegas, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between 305 Las Vegas, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents.

42.   On information and belief, unbeknownst to Plaintiffs, in approximately 2012 305 Las Vegas, LLC engaged in an internal transaction resulting in the acquisition of the beneficial interest of Mitchell by a Mr. Win Churchill, and a monetary distribution benefitting Mitchell to the tune of $7.5 million, all of which Plaintiff has only learned at very recent times.

43.   On information and belief, MEYER PROPERTY, LTD., is fictitious entity that was involved for a relatively short period of time with LEAH PROPERTY, LLC, and in the context thereof participated in real estate transactions resulting in net financial gain to Leah and/or Liberman, Mitchell, and/or LVLP, the specifics of which financial gains were never disclosed nor reasonably discoverable by Plaintiffs herein.

44.   In that context, various real property transfers took place between LVLP and/or Meyer Property, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between Meyer Property, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents and continues to operate and be active in Southern Nevada through the present.

45.   In that context, various real property transfers and ownership equity took place between LVLP and/or Meyer Property, LLC during the operative time, and on

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

1  information and belief, financial distributions and transactions occurred between

2  Meyer Property, LLC and its principals on a recurring basis, most of which were never

3  disclosed in publicly available records or documents, is a Delaware limited liability

4  that first registered to do business in Nevada in approximately February, 2011, and

5  continues to operate and do business, in good standing, through and including this

6  date.  FC/LW Vegas is or was a Delaware limited liability company registered to do

7  business in the State of Nevada in February 2011 which has maintained registration

8  through the present.

9  46.  On information and belief, Mitchell Holdings, LLC is a Delaware limited liability

10  company that never qualified to do business within the State of Nevada, but was used

11  by Defendant Mitchell for purposes of owning Mitchell's equity or beneficial interest

12  in various other defendants, and fuddling money back and forth between such entities,

13  in a matter that would not be detectable or readily discoverable by Plaintiffs or other

14  creditors.

15  47.  In that context, various real property and ownership equity transfers took place

16  between LVLP and/or Mitchell Holdings, LLC during the operative time, and on

17  information and belief, financial distributions and transactions occurred between

18  Mitchell Holdings, LLC and its principals on a recurring basis, most of which were

19  never disclosed in publicly available records or documents, is a Delaware limited

20  liability that first registered to do business in Nevada in approximately February,

21  2011, and continues to operate and do business, in good standing, through and

22  including this date.

23  48.  In that context, various real property transfers and ownership equity took place

24  between LVLP and/or Mitchell Holdings, LLC during the operative time, and on

25  information and belief, financial distributions and transactions occurred between

26  Mitchell Holdings, LLC and its principals on a recurring basis, most of which were

27  never disclosed in publicly available records or documents, is a Delaware limited

28  liability that first registered to do business in Nevada in approximately February,

1   2011, and continues to operate and do business, in good standing, through and

2   including this date.  FC/LW Vegas is or was a Delaware limited liability company

3   registered to do business in the State of Nevada in February 2011 which has

4   maintained registration through the present.

5   49.   On information and belief, Liberman Holdings, LLC is a Delaware limited liability

6   company that never qualified to do business within the State of Nevada, but was used

7   by Defendant Liberman Holdings, LLC for purposes of owning Liberman's equity or

8   beneficial interest in various other defendants, and fuddling money back and forth

9   between such entities, in a matter that would not be detectable or readily discoverable

10   by Plaintiffs or other creditors.

11   50.   On information and belief, Liberman Holdings, LLC was owned and directed by

12   Mitchell, Liberman, and/or LVLP.

13   51.   In that context, various real property and ownership equity transfers took place

14   between LVLP and/or Liberman Holdings, LLC during the operative time, and on

15   information and belief, financial distributions and transactions occurred between

16   Liberman and its principals on a recurring basis, most of which were never

17   disclosed in publicly available records or documents, is a Delaware limited liability

18   that first registered to do business in Nevada in approximately February, 2011, and

19   continues to operate and do business, in good standing, through and including this

20   date.

21   52.   Live Works TIC Successor, LLC, on information and belief, is a fictitious entity in

22   which Liberman, Mitchell, and/or Las Vegas Land Holdings had substantial equity or

23   beneficial interest, and was the ultimate recipient of financial proceeds, monies,

24   emoluments and benefits deriving from Live Work LLC, and a tendency and common

25   agreement entered into between Live Work, LLC and non-party Forest City

26   Enterprises, through contractual and financial arrangements, referred to as the tenancy

27   in common agreement, and numerous subsequent amendments thereto.

28   53.   In that context, various real property and ownership equity transfers took place

Page  −10−

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

between LVLP and/or Live Works TIC Successor, LLC, during the operative time, and on information and belief, financial distributions and transactions occurred between Live Works TIC Successor, LLC and its principals on a recurring basis, most of which were never disclosed in publicly available records or documents and continues to operate and be active in Southern Nevada through the present.

54.    In that context, various real property and ownership equity transfers took place between LVLP and/or Live Works TIC Successor, LLC during the operative time, and on information and belief, financial distributions and transactions occurred between Live Works TIC Successor, LLC and its principals on a recurring basis, most of which were never  disclosed in publicly available records or documents, is a Delaware limited liability that first registered to do business in Nevada in approximately February, 2011, and continues to operate and do business, in good standing, through and including this date.

55.    Entity Defendants, MEYER PROPERTY, LTD.; ZOE PROPERTY, LLC; LEAH PROPERTY, LLC; WINK ONE, LLC; LIVE WORK, LLC; LIVE WORK MANAGER, LLC; AQUARIUS OWNER, LLC; LVLP HOLDINGS, LLC; MITCHELL HOLDINGS, LLC; LIEBERMAN HOLDINGS, LLC; 305 LAS VEGAS, LLC; LIVE WORKS TIC SUCCESSOR, LLC; FC/LIVE WORK VEGAS, LLC, are believed to be Delaware limited liability companies and/or corporations which have conducted business in the State of Nevada, and are alleged on information and belief to be owned and/or controlled  by Defendants, LAS VEGAS LAND PARTNERS, LLC, DAVID MITCHELL and BARNET LIBERMAN.

56.    LVLP, LLC, Mitchell, and Liberman, created the various Entity Defendants,  LAS VEGAS LAND PARTNERS, LLC; MEYER PROPERTY, LTD.; ZOE PROPERTY, LLC; LEAH PROPERTY, LLC; WINK ONE, LLC; LIVE WORK, LLC; LIVE WORK MANAGER, LLC; AQUARIUS OWNER, LLC; LVLP HOLDINGS, LLC; MITCHELL HOLDINGS, LLC; LIEBERMAN HOLDINGS, LLC; 305 LAS VEGAS, LLC; LIVE WORKS TIC SUCCESSOR, LLC; FC/LIVE WORK VEGAS, LLC, on

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

information and belief, and used multiple sophisticated counsel for purposes of secreting, hiding, and conveying away valuable assets that were available to satisfy creditors such as Plaintiffs as alleged more specifically hereinafter (hereinafter referred to as the "Asset Protection Scheme").

57.    That Plaintiffs do not at present know the true names and identities of those Entity Defendants, both corporate and individual, herein joined by fictitious names, but is informed and believes and therefore alleges that said Entity Defendants, are agents, employees, servants and representatives of the named Entity Defendants, or persons and entities acting in concert with the named Entity Defendants with respect to the premises herein plead, who are liable to the Plaintiffs by reason thereof, and the Plaintiffs pray leave to amend this Complaint to insert their true names and identities with appropriate allegations when the same becomes known.

58.    Upon information and belief, part of the Asset Protection Scheme contemplated that the majority of the purported equity interests in the asset protection entities referred to two paragraphs above be held in the name of LAS VEGAS LAND PARTNERS, LLC, or an associated entity, all of which were and are in reality controlled by DAVID J. MITCHELL and BARNET LIBERMAN.

59.    Upon information and belief, LAS VEGAS LAND PARTNERS, LLC received its equity interests in the asset protection entities gratuitously, or for wholly inadequate consideration.

60.    Upon information and belief, LAS VEGAS LAND PARTNERS, LLC is the nominal holders of the alleged interests, in the entity defendants, and takes its direction from DAVID J. MITCHELL and BARNET LIBERMAN, in managing and operation in the asset protection entities, which exist merely to help Entity Defendants, LAS VEGAS LAND PARTNERS, LLC, DAVID J. MITCHELL and BARNET LIBERMAN protect the assets of LAS VEGAS LAND PARTNERS, LLC from judgment creditors such as Plaintiffs.

61.    Plaintiff is informed and believes, that the Entity Defendants are the recipients of

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002  Fax: (702) 386-0135

1    fraudulent transfers of real property, monies, and other valuable assets as hereinafter

2    alleged.

3    62.    Nype obtained a judgment against LVLP on or about April 10, 2015, and initiated

4    post-judgment collection and discovery efforts during the Summer of 2015.

5    63.    The first post-judgment discovery documentation received by NYPE were various tax

6    returns and limited related information for LVLP, subsequently followed by various

7    bank statements and financial ledger documentation, which production occurred from

8    approximately late August, 2015 through and including November 2015.

9    64.    Most of the documentation so produced was already stale dated even when produced,

10    (for example, the bank statements only being current through early 2014, despite

11    producing documentation in late 2015.

12    65.    While the documentation produced in the latter half of 2015 disclosed some

13    suspicious circumstances and questionable transactions, it became clear that

14    substantial additional source documents would be required to flesh out and understand

15    precisely what had occurred.

16    66.    Based on a preliminary review of the newly disclosed bank statements and ledgers, it

17    was noted that there was a  comingling of funds related to various payments that

18    appear to be made on behalf of other entities.  Although not all of the canceled checks

19    were provided, the bank statements of Las Vegas Land Partners, LLC located at Bates

20    LVLP01-00001 to LVLP 08-00016 are indicative of usage by numerous related party

21    entities.  An example of the comingling can be found at LVLP 07-00047, more

22    specifically checks number 1287, 1288 and 1289 payable to the Clark County

23    Treasurer for parcels that do not appear to be recorded in the name of Las Vegas Land

24    Partners, LLC and LVLP07-00048 more specifically checks number 1292 and 1293

25    payable to Delaware Secretary of State to register other entities.

26    67.    Documents provided by Las Vegas Land Partners, LLC consisting of a simple check

27    register covering the period 1/13/11 to 4/27/15 also supports that conclusion with the

28    same date, payee and dollar amount information found on the checks.

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

68.    A review of the full tax returns of LVLP Holdings, LLC provided at Bates LVLP09-00001 to LVLP17-0064 Forms 1065 for calendar years 2005 to 2013 was first possible in the late fall of 2015 as well. The tax returns are indicative of a combination and consolidation of several related party Limited Liability Companies.

69.    The organizational documents located at Bates LVLP18-00001 to LVLP19-00202 indicate that Las Vegas Land Partners, LLC is the single equity member of Wink One, LLC and Livework Manager, LLC (who is the sole equity member of Livework, LLC).

70.    The members of Las Vegas Land Partners, LLC are Barnet Liberman and David Mitchell (Bates LVLP19-00033-35).

71.    There is no explanation for the usage of "LVLP Holdings, LLC" as the filing entity for the tax returns. There are numerous real estate parcels, equity interests and sources of income arising from the various consolidated entities listed on the tax returns of LVLP Holdings, LLC that are not traceable to the ledgers provided by Las Vegas Land Partners, LLC.

72.    Additionally there are numerous known sources of cash flow for example arising from Wink One, LLC related to the RTC Lease that are not traceable to the accounting records.

73.    During the Summer of 2016, NYPE again promulgated detailed specific written discovery requests to LVLP, which requests were partially complied with in the form of additional tax returns and ledger documentation, but mostly objected to.

74.    NYPE found it necessary to file a Motion to Compel discovery, and an Order resulting from many months of contested discovery disputes was finally entered by the Court on or about February 2, 2017.

75.    A substantial volume of additional documentation was ultimately produced, after repeated efforts by NYPE, which disclosed additional improprieties, misconduct, and transactions by LVLP and its principals designed to effectively render LVLP insolvent

. . .

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

and unable to respond in damages, which transactions will be discussed, in part, hereinafter.

76.   To date, however, the Order Compelling Discovery of February 2, 2017 has only been partially complied with and there remain substantial deficiencies and blocks of documentation that could and should have been produced, but was not. NYPE intends to seek the missing documentation and discovery information  required to fully flesh out NYPE's allegations and complaint through supplemental discovery proceedings in the original case, as well as through discovery activity in this newer case.

77.   Even the documents produced from January through March, 2017, are inherently contradictory and <u>do not</u> match the data reported on the tax returns.

78.   As one key example, however, of the importance of having accurate and complete source records, attached hereto as Exhibit "1" and by this reference incorporated herein is a certification by LVLP's New Jersey CPA <u>for the first time</u> disclosing that various affiliated and associated entities are disregarded for tax and accounting purposes, and are all reported through LVLP Holdings, LLC's  business tax return.

79.   The partial and incomplete documentation produced in both the fall of 2015, and 2017, does show extensive co-mingling, a failure to keep separate and adequate accounting records for various affiliates and associated companies, a decided lack of concrete detail, and an absolute failure to account for and explain various cash flow entries.

80.   Gain the incomplete documentation produced to date, Plaintiff is unable to determine where LVLP's cash flow is coming from, or where the resulting cash flow is being applied.

81.   On information and belief, the documentation available shows that LVLP, its affiliates and associated entities are shifting money between one entity and the other to pay bills and cover expenses as needed, and not in any coherent or recurring logical form.

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

82.  The data that has been provided does not match LVLP tax returns, for example failing to disclose substantial income.

83.  Part of the data provided appears to account for, in part, the financial transactions and relationship between LVLP and its joint venture partner (the entity which Nype procured to provide financing for LVLP's projects), Forest City Enterprises.

84.  The data available to date appears to show that arrangements were made with Forest City to utilize LVLP's share of revenue and cash flow to reduce debt and build equity, resulting in an absence of actual cash receipt by LVLP.

85.  Despite what those records are showing, however, the tax returns are wholly silent and fail to disclose the accrual of any imputed income or equity with respect to the Forest City Joint Ventures, despite the fact that the joint venture documents suggest that LVLP's share of revenue is being used to pay down debt and build equity, which would legally result in the accrual of taxable income which the law requires to be accurately reported    .

86.  Indeed, until the preliminary information was received in the Fall of 2015 as supplemented by the early 2017 production, LVLP, based on the tax returns and documentation it had previously supplied, continued to operate, appeared to have assets, appeared to be paying taxes as accrued, and continued to vigorously defend itself.

87.  One particular item first disclosed in the late Winter of 2017 is a statement by the acknowledged accountant for LVLP that numerous of the other defendant entities herein are "disregarded for tax purposes", meaning, on information and belief, that their revenue and expenses, as well as income and liabilities, while being nominally contained in a separate legal entity, are a practical matter, and as recognized by Federal Taxing Authorities, one and the same as LVLP.

88.  Additional discovery information fleshed out in 2016 and early 2017 includes the fact that LVLP is at the present time effectively insolvent, despite showing millions of

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

dollars of networth on its tax returns, and has been forced to pay its attorneys in both the prior litigation and the present litigation through personal checks and credit cards of Mitchell and/or Liberman, or through affiliate entities.

89.    Much of the newly received financial data also discloses that corporate filing fees for numerous of the defendants herein had been paid, *ad hoc,* from LVLP bank accounts, interchangeably, despite said entities nominally maintaining or claiming separate legal status.

90.    Plaintiffs RUSSELL L. NYPE and the REVENUE PLUS, LLC (hereinafter collectively referred to as "Nype") were Defendants in a case originally initiated by current Defendants, LAS VEGAS LAND PARTNERS, LLC, LIVE WORK, LLC and ZOE PROPERTIES, LLC in the Eighth Judicial District Court in Clark County, Nevada under Case No. A551073, which case commenced on or about November 2, 2007 (hereinafter the "First Case").

91.    Nype counterclaimed in that case with regard to his prior business dealings with LAS VEGAS LAND PARTNERS, LLC, its associate entities, and its principals, BARNET LIBERMAN (hereinafter "Liberman") and DAVID J. MITCHELL (hereinafter "Mitchell"), seeking compensation which he had been promised and which he had earned during the course of the parties ongoing business dealings regarding the development of numerous Las Vegas real estate holdings.

92.    On information and belief, during the pendency of those proceedings, and after defaulting on their obligations to Nype, Liberman and Mitchell undertook the process of creating various affiliated and associate entities, including but not limited to several of the asset protection entities alleged hereinabove, utilizing sophisticated corporate and asset protection counsel.

93.    After years of protracted litigation, Nype ultimately obtained a judgment against LAS VEGAS LAND PARTNERS, LLC on or about April 10, 2015 in the principal amount of $2,608,797.50.

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE.#106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

94.    As alleged hereinabove, upon information and belief, pursuant to the Asset Protection Scheme, on various dates spanning 2007 through the present, Defendant LAS VEGAS LAND PARTNERS, LLC commenced multiple real property and equity ownership transfers to convey its valuable property interests, to one or more the asset protection entities which asset protection entities continue to hold the subject property or which have subsequently transferred such to additional entities in which Liberman, Mitchell, and or LVLP hold substantial beneficial interests.

95.    In addition to the numerous real property conveyances alleged hereinabove, and totally unbeknownst to Nype at the time LAS VEGAS LAND PARTNERS, LLC transferred literally millions of dollars in monies and liquidated funds to its principals, LIBERMAN and MITCHELL, during a time that LAS VEGAS LAND PARTNERS, LLC, knew or reasonably should have known of Nype's substantial monetary claims against it.

96.    The real estate and monetary transfers alleged hereinabove effectively rendered LAS VEGAS LAND PARTNERS insolvent, and unable to pay its debts on a regular basis as they matured, including but not limited to the monies that the Eighth Judicial District Court has determined are owed to Nype.

97.    Upon information and belief, the aforesaid actions of all Defendants were undertaken consciously, knowingly, willfully, and specifically in an effort to defeat and avoid Plaintiff's rights which were being pursued in the First Case.

98.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, **LIBERMAN AND MITCHELL** were and are the alter ego of LAS VEGAS LAND PARTNERS, LLC, that said Defendant did and still does dominate, influence and control of LAS VEGAS LAND PARTNERS, LLC, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework

LAW OFFICES

JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

which LAS VEGAS LAND PARTNERS, LLC used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of LAS VEGAS LAND PARTNERS, LLC entity is not disregarded and the said Defendant held liable for all relief being caught herein.

99.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, **MEYER PROPERTY, LLC** was and is the alter ego of MEYER PROPERTY, LLC, that said Defendants did and still do dominate, influence and control of MEYER PROPERTY, LLC, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which LAS VEGAS LAND PARTNERS, LLC, MITCHELL and LIBERMAN used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of MEYER PROPERTY, LLC entity is not disregarded and the said Defendant held liable for all relief being caught herein.

100.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, **LAS VEGAS LAND PARTNERS, LLC, LIBERMAN and MITCHELL** were and are the alter ego of ZOE PROPERTY, LLC, that said Defendants did and still do dominate, influence and control of **ZOE PROPERTY, LLC,** that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which LAS VEGAS LAND PARTNERS, LLC, MITCHELL and LIBERMAN used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff

will result if the theoretical separateness of **ZOE PROPERTY, LLC** entity is not disregarded and the said Defendant held liable for all relief being caught herein.

101.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, **LAS VEGAS LAND PARTNERS, LLC, LIBERMAN and MITCHELL** were and are the alter ego of **LEAH PROPERTY, LLC,** that said Defendants did and still do dominate, influence and control of LEAH PROPERTY, LLC, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which LAS VEGAS LAND PARTNERS, LLC, MITCHELL and LIBERMAN use and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of **LEAH PROPERTY, LLC,** if entity is not disregarded and the said Defendant held liable for all relief being caught herein.

102.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, LAS VEGAS LAND PARTNERS, LLC were and are the alter ego of **WINK ONE, LLC,** that said Defendant did and still does dominate, influence and control of LAS VEGAS LAND PARTNERS, LLC, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which **WINK ONE, LLC** used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of **WINK ONE, LLC** if entity is not disregarded and the said Defendant held liable for all relief being caught herein

103.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, LAS VEGAS LAND PARTNERS,

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

LLC were and are the alter ego of **LIVE WORK, LLC**, that said Defendant did and still does dominate, influence and control of **LAS VEGAS LAND PARTNERS, LLC**, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which **LIVE WORK, LLC** used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon

104.    Plaintiff will result if the theoretical separateness of **LIVE WORK, LLC** if entity is not disregarded and the said Defendant held liable for all relief being caught herein.

105.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, **LAS VEGAS LAND PARTNERS, LLC** were and are the alter ego of **LIVE WORK MANAGER, LLC**, that said Defendant did and still does dominate, influence and control of **LAS VEGAS LAND PARTNERS, LLC**, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which **LIVE WORK MANAGER, LLC** used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of **LIVE WORK MANAGER, LLC** entity is not disregarded and the said Defendant held liable for all relief being caught herein.

106.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, **LAS VEGAS LAND PARTNERS, LLC**, was and are the alter ego of **AQUARIUS OWNER, LLC**, that said Defendant did and still does dominate, influence and control of **LAS VEGAS LAND PARTNERS, LLC**, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-

existent; that each such entity was and remains a mere shell and naked framework which **AQUARIUS OWNER, LLC** used and still use to conduct their business affairs; that each such entity remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of **AQUARIUS OWNER, LLC** entity is not disregarded and the said Defendant held liable for all relief being caught herein.

107.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, LAS VEGAS LAND PARTNERS, LLC were and are the alter ego of **LVLP HOLDINGS, LLC,** that said Defendant did and still does dominate, influence and control of LAS VEGAS LAND PARTNERS, LLC, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which **LVLP HOLDINGS, LLC** used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of LVLP HOLDINGS, LLC entity is not disregarded and the said Defendant held liable for all relief being caught herein.

108.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, LAS VEGAS LAND PARTNERS, LLC, were and are the alter ego of **MITCHELL HOLDINGS, LLC**, that said Defendant did and still does dominate, influence and control of LAS VEGAS LAND PARTNERS, LLC, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which **MITCHELL HOLDINGS, LLC** used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

**MITCHELL HOLDINGS, LLC** entity is not disregarded and the said Defendant held liable for all relief being caught herein.

109.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, LAS VEGAS LAND PARTNERS, LLC were and are the alter ego of **LIEBERMAN HOLDINGS, LLC**, that said Defendant did and still does dominate, influence and control of LAS VEGAS LAND PARTNERS, LLC, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which **MITCHELL HOLDINGS, LLC**, used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of **MITCHELL HOLDINGS, LLC** entity is not disregarded and the said Defendant held liable for all relief being caught herein.

110.    Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, LAS VEGAS LAND PARTNERS, LLC, were and are the alter ego of **305 LAS VEGAS, LLC**, that said Defendant did and still does dominate, influence and control of LAS VEGAS LAND PARTNERS, LLC, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which **305 LAS VEGAS, LLC**, used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of LAS VEGAS LAND PARTNERS, LLC entity is not disregarded and the said Defendant held liable for all relief being caught herein.

111.    Upon information and belief, Plaintiff is informed and believes and thereon alleges

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002  Fax: (702) 386-0135

that at all times herein mentioned Defendants, LAS VEGAS LAND PARTNERS, LLC, was and are the alter ego of **LIVE WORKS TIC SUCCESSOR, LLC,** that said Defendant did and still does dominate, influence and control of LAS VEGAS LAND PARTNERS, LLC, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which **LIVE WORKS TIC SUCCESSOR, LLC** used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of LAS VEGAS LAND PARTNERS, LLC entity is not disregarded and the said Defendant held liable for all relief being caught herein.

112. Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, LAS VEGAS LAND PARTNERS, LLC, were and are the alter ego of **FC/LIVE WORK VEGAS, LLC,** that said Defendant did and still does dominate, influence and control of LAS VEGAS LAND PARTNERS, LLC, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which **FC/LIVE WORK VEGAS, LLC** used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of LAS VEGAS LAND PARTNERS, LLC entity is not disregarded and the said Defendant held liable for all relief being caught herein.

113. Upon information and belief, Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants, LAS VEGAS LAND PARTNERS, LLC, were and are the alter ego of **CASINO COOLIDGE, LLC,** that said Defendant did and still does dominate, influence and control of LAS VEGAS LAND

Page  –24–

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

PARTNERS, LLC, that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which **CASINO COOLIDGE, LLC** used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of LAS VEGAS LAND PARTNERS, LLC entity is not disregarded and the said Defendant held liable for all relief being caught herein.

114.    This New Case is effectively an extension and development of the first litigation, and is an effort by Plaintiffs to avoid the wrongful misconduct of Defendants and each of them, in attempting to avoid NYPE's creditor rights and protect the assets of LAS VEGAS LAND PARTNERS, LLC, which were, are, and should be available to satisfy Plaintiff's claims.

## FIRST CLAIM FOR RELIEF

### (Constructive Trust)

115.    Plaintiff incorporates by reference paragraphs 1 through 114 as though fully set forth.

116.    Pursuant to the pending litigation in the First Case, it was understood that options or equity in various Real Estate parcels owned by LAS VEGAS LAND PARTNERS, LLC in or about 2006, as well as "Choses In Action" such as equity ownership in various affiliated entities, would be available to satisfy Plaintiff's judgment.

117.    Defendants knew or reasonably should have known, that the subject property interests were valuable, and that the legitimate equity in the subject real property or beneficial ownership of the affiliate entities and limited liability ownership interest would be sufficient to satisfy Nype's claim, but for the fraudulent conveyances alleged herein.

118.    Defendants transferred, hypothecated and encumbered the various property for improper purposes and inadequate consideration.

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

119.  All of the foregoing facts make it just and equitable that this court impose and declare a constructive trust upon the subject property interests, and any proceeds therefrom, in favor of Plaintiffs.

120.  The court can and should declare a lien against the subject properties, order the sale thereof, and/or order the payment of all rents or monies received from the subject property to Plaintiffs herein.

121.  It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is therefore entitled to an award of reasonable attorneys' fees

### SECOND CLAIM FOR RELIEF

#### (Fraudulent Conveyance)

122.  Plaintiff incorporates by reference paragraphs 1 through 121 as though fully set forth.

123.  Plaintiff is informed and believes, and on that basis alleges that Defendants have taken numerous actions to avoid satisfying Plaintiff's claims against LAS VEGAS LAND PARTNERS, LLC.

124.  Plaintiff alleges on information and belief that in order to avoid potential execution against real estate interests, *inter alia*, Defendants, LAS VEGAS LAND PARTNERS, LLC took steps to hypothecate and transfer said property interests and cash to the other Defendants herein.

125.  Plaintiff is informed and believes, and on that basis alleges that such transfers by Defendants were undertaken in an effort to avoid the adverse financial consequences of Plaintiff's pending claims, as well as those of other creditors.

126.  Plaintiff is informed and believes, and on that basis alleges that the aforementioned transfers were gratuitous, or for inadequate or disguised consideration, made without obligation, and made with an intent to deprive Plaintiff of its ability to recover such funds directly from LAS VEGAS LAND PARTNERS, LLC in connection with the monies owed to Plaintiff.

127.  As a result of the aforementioned acts of Defendants, Plaintiff is entitled to a

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

Judgment against them, jointly and severally, in an amount in excess of $10,000.00.

128. On or about August 14, 2015, during the course of proceedings initiated to enforce and collect upon the judgment in the First Case, Defendant LAS VEGAS LAND PARTNERS, LLC first provided tax returns and detail financial information which revealed to Nype, for the first time, that it had transferred its beneficial interest in numerous real estate parcels, and in the equity of its affiliates, as well as many millions of dollars, to the entity defendants and/or Liberman and Mitchell, during the ongoing pendency of the first case. In making such transfers, Defendants LAS VEGAS LAND PARTNERS, LLC, MITCHELL and LIBERMAN have acted with the actual intent to hinder delay and to defraud their creditors, including Nype, but fraudulently transferring assets to insiders and the entity defendants.

129. Nype lacks an adequate remedy at law because, unless the relief sought in this complaint is granted, LAS VEGAS LAND PARTNERS, LLC with the aid of the other Defendants will have succeeded in fraudulently transferring its assets to insiders and/or related entities, depriving Nype of the opportunity to collect upon the judgment, and we see what is due and owing from LAS VEGAS LAND PARTNERS, LLC.

130. Nype has an high probability of success on the merits in this action.

131. The aforesaid transfer of assets to insiders and/or the entity defendants was made with actual intent to hinder, delay or defraud creditors, most significantly Nype, and these transfers therefore constitute fraudulent transfers in violation of NRS 112.180.

132. LAS VEGAS LAND PARTNERS, LLC did not receive reasonably equivalent value for the transfers herein alleged.

133. Defendant, LAS VEGAS LAND PARTNERS, LLC intended to incur or reasonably should have believed they would incur debts beyond its ability to pay the same as they become due, and thus the transfers at issue are far from transfers in violation of Nevada law.

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

134.    Because of the special circumstances of this case, in which LAS VEGAS LAND PARTNERS, LLC is liable for a judgment it has consistently ignored and avoided, having committed fraud to avoid the judgment and their debts to Nype, and the hiding assets and also constituting a risk of further affirmative frustration of valid efforts by Nype to collect upon his judgment, Nype is entitled to:

(1)    The appointment of receiver to take possession of the assets of LVLP, LLC;

(2)    An injunction against further dissipation, disposition, or assignment of any and all assets and property owned by LAS VEGAS LAND PARTNERS, LLC:

(3)    Any other relief that the circumstances may require, including a declaration that the transfers in question are void, and that the assets in question are subject to execution by Nype.

135.    It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Plaintiff is, therefore, entitled to reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF

### (Civil Conspiracy)

136.    Plaintiff incorporates by reference paragraphs 1 through 135 as though fully set forth.

137.    As alleged hereinabove, and upon information and belief, the transfer of the subject real estate and equity ownership interests and substantial monetary amounts were undertaken by Defendants with full knowledge as to the relevant circumstances and in an effort to participate in transactions in derogation of the rights of Plaintiff.

138.    The knowing and willful conduct of the entity Defendants in agreeing to receive the subject real property and act as a nominee for said LAS VEGAS LAND PARTNERS. LLC, LIBERMAN and MITCHELL constitute acts of civil conspiracy.

139.    The Defendants, and each of them worked together in concerted actions with the intent to accomplish an unlawful purpose, vis a vis Plaintiff.

140. The purpose of the unlawful, concerted actions of Defendants was intended to, or would likely result in direct harm to Plaintiff.

141. As a direct and proximate result of the aforesaid civil conspiracy, undertaken between the Defendants, Plaintiff has been damaged in an amount in excess of $10,000.00.

142. As alleged hereinabove, upon information and belief, Defendants' conduct was willful, knowing, intentional, and malicious, as a matter of law, entitling Plaintiff to recover exemplary damages in an amount in excess of $10,000.00.

143. That it has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Plaintiff is therefore entitled to reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

144. Plaintiff incorporates by references Paragraphs 1 through 143 as though fully set forth herein.

145. A true and ripe controversy exists as to the dispute, and declaratory relief pursuant to NRS 30.040 is necessary to declare the respective rights, responsibilities, and obligations between the parties as a consequence of Plaintiff's judgment against LAS VEGAS LAND PARTNERS, LLC, and as relates to the various transactions undertaken by Defendants, including but not limited to transactions involving various parcels of valuable Las Vegas Real Estate and the transfer of valuable equity ownership interests as regards LVLP's affiliated entities.

146. For all of the reasons set forth hereinabove, Defendants have acted wrongfully and in violation of Plaintiffs rights as a Creditor, and a direct declaration as to the invalidity of Defendants' transfers, and the viability of Plaintiff's Judgment Lien against real estate as a priority lien (subject only to legitimate preexisting senior encumbrance), and as a valid perfected security interest as regards valuable personal property interests is appropriate, and should be determined and declared by the court.

LAW OFFICES

JOHN W. MUIJE & ASSOCIATES

1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

147. That it has been necessary for the Plaintiff to retain the services of an attorney to prosecute this action and plaintiff is therefore entitled to reasonable attorneys fees.

### FIFTH CLAIM FOR RELIEF

#### (Alter Ego)

148. Plaintiff incorporates by references Paragraphs 1 through 147 As though fully set forth herein.

149. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, DAVID J. MITCHELL; BARNET LIBERMAN; LAS VEGAS LAND PARTNERS, LLC; MEYER PROPERTY, LTD.; ZOE PROPERTY, LLC; LEAH PROPERTY, LLC; WINK ONE, LLC; LIVE WORK, LLC; LIVE WORK MANAGER, LLC; AQUARIAS OWNER, LLC; LVLP HOLDINGS, LLC; MITCHELL HOLDINGS, LLC; LIEBERMAN HOLDINGS, LLC; 305 LAS VEGAS LLC; LIVE WORKS TIC SUCCESSOR, LLC; FC/LIVE WORK VEGAS, LLC, CASINO COOLIDGE, LLC, and each of them, were and remain the alter-egos of each other; that said Defendants did and still do dominate, influence and control each other; that there existed and still exists a unity of ownership between them; that the individuality and separateness of each entity was and remains non-existent; that each such entity was and remains a mere shell and naked framework which the other Defendants used and still use to conduct their business affairs; that each such entity is and remains inadequately capitalized; and that an injustice and fraud upon Plaintiff will result if the theoretical separateness of the Defendant entities is not disregarded and each such Defendant held liable for all relief being sought herein.

150. Upon information and belief, to the extent that one or more of the Defendant entities is nominally owned or operated by or through LAS VEGAS LAND PARTNERS, LIBERMAN or MITCHELL with respect to one or more of the Defendant entities, which entities as a practical matter exist with functional unity of ownership in said Defendants, LAS VEGAS LAND PARTNERS, LIBERMAN or

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

MITCHELL, the true and factual individuality and separateness of each such entity was and remains non-existent; each such entity was and remains a mere shell and naked framework, which Defendants LAS VEGAS LAND PARTNERS, LIBERMAN or MITCHELL utilize, through the offices of said Defendants LAS VEGAS LAND PARTNERS, LIBERMAN or MITCHELL and/or through nominees and others to conduct their business affairs.  Each such entity is, upon information and belief, merely another nominal manifestation of the business and financial affairs of Defendants LAS VEGAS LAND PARTNERS, LIBERMAN or MITCHELL, and to recognize any such separate entity would work as separate and distinct from Defendants LAS VEGAS LAND PARTNERS, LIBERMAN or MITCHELL, an injustice and fraud upon Plaintiff, to the extent the theoretical or putative separateness of such entity is not disregarded and said nominal Defendants held liable for all the relief being sought herein.

151. As a matter of both statutory common law, and prior declarations of the Eighth Judicial District Court, it is appropriate that the Court further determine and declare that all of the aforesaid entities be held to be the Alter Egos of Defendants LAS VEGAS LAND PARTNERS, LIBERMAN or MITCHELL, and that therefore the various Defendants named herein can and should be jointly and severely liable to the Plaintiff with regard to all claims asserted.

152. That it has been necessary for the Plaintiff to retain the services of an attorney to prosecute this action and plaintiff is therefore entitled to reasonable attorneys fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and each of them as follows:

1. For a sum in excess of $10,000.00;

2. For exemplary damages in an amount in excess of $10,000.00;

3. For the imposition of a constructive trust upon the various parcels of real property and valuable equity ownership interests formerly owned by LAS VEGAS LAND

LAW OFFICES
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002    Fax: (702) 386-9135

PARTNERS, LLC for the benefit of Plaintiff;

4.    For an order requiring the sale of the parcels of real estate and valuable ownership interest and an order directing the payment of all rents with regard to the subject real property be made to the order of Plaintiff herein;

5.    For the Appointment of a Receiver;

6.    For interest upon all damages which Plaintiff recovers at the Nevada Statutory rate.

7.    For a declaration as to the invalidity of Defendants' transactions as regards to the various valuable real estate interests and equity ownership interests formerly owned by LAS VEGAS LAND PARTNERS, LLC, and a further declaration that Plaintiff's Judgment Lien is valid and stands as a priority lien, subject only to legitimate senior encumbrances.

7.    For a determination that the Defendants are the alter egos of each other , and should all be held liable to Plaintiff, jointly and severally, for the damages sought herein.

8.    The actions by Defendant, LAS VEGAS LAND PARTNERS, LLC, in conjunction with the other Defendants, to convey valuable property and monies to other Defendants with the intent to deprive Plaintiff of its ability to recover funds was undertaking in a knowing, willful, intentional, and malicious manner, which under Nevada law constitute malice and is sufficient grounds to invoke the availability of exemplary damages against Defendants, and each of them.

9.    As a consequence of the willful malicious and intentional misconduct of the Defendants and each of them, Nype is entitled to recover exemplary damages from each Defendant in accordance with Nevada Law, in an amount in excess of $10,000.00, the precise amount to be proven at time of trial;

. . . .

. . . .

. . . .

. . . .

10.    For reasonable attorneys' fees for the prosecution of this suit; and

11.    For such other and further relief as the Court may deem just and proper.

DATED this 21 day of August, 2017.

JOHN W. MUIJE & ASSOCIATES

By: _____

JOHN W. MUIJE, ESQ.
Nevada Bar No. 2419
1840 E. Sahara Ave #106
Las Vegas, Nevada 89104
Telephone: (702) 386-7002
Fax No:    (702) 386-9135
Email: jmuije@muijelawoffice.com
*Attorneys for Plaintiffs*

1

2

## CERTIFICATE OF SERVICE

3

4          I hereby certify that I am an employee of JOHN W. MUIJE & ASSOCIATES, and that

5   on the _31st_ day of August, 2017, I caused to be served a true and correct copy of the foregoing **FIRST**

6   **AMENDED COMPLAINT FOR: (1) CONSTRUCTIVE TRUST; (2) FRAUDULENT**

7   **CONVEYANCE; (3) CONSPIRACY TO DEFRAUD; (4) DECLARATORY RELIEF; AND**

8   **(5) ALTER EGO,** in the following manner:

9          ☐      by placing a copy of the same for mailing in the United States mail, with first class

10                 postage prepaid addressed as follows; and/or

11          ☒      by electronically filing with the Clerk of the Court via the Odyssey E-File and Serve

12                 System;

13          ☐      by placing a copy of the same for mailing in the United States mail, with first class

14                 postage prepaid marked certified return receipt requested addressed as follows:

15                 via facsimile at the facsimile number listed below; and/or

16          ☐      pursuant to EDCR 7.26, by causing a copy to be sent via facsimile at the

17                 number(s) listed below; and/or

18          ☐      by hand-delivering a copy to the party or parties as listed below:

19   Garry L. Hayes, Esq.                    Micah S. Echols, Esq.
     **HAYES & WELSH**                       **MARQUIS AURBACH COFFING**
20   199 Arroyo Grande, #200                 10001 Park Run Drive
     Henderson, Nevada 89074                 Las Vegas, Nevada 89134
21   Telephone: (702) 434-3444               Telephone: (702) 382-0711
     Facsimile: (702) 434-3739               Facsimile:  (702) 382-5816
22   E-Mail: ghayes@lvlaw.com                E-Mail: mechols@maclaw.com
     *Attorneys for Defendants*              *Attorneys for Plaintiffs/Counter-*
23                                           *Defendant*

24                                    _Fern M. Vitman_

25                                    An employee of JOHN W. MUIJE & ASSOCIATES

26

27   R:\J Files\Nype vs Las Vegas Land Parnters,J3792H\2016---05 - Alter Ego SUIT\Pleadings\8.21.17  First Amended Complaint.wpd

28

LAW OFFICES
**JOHN W. MUIJE & ASSOCIATES**
1840 E. SAHARA AVE. #106
LAS VEGAS, NEVADA 89104
Phone: (702) 386-7002   Fax: (702) 386-9135

**EXHIBIT 4**

# REGISTER OF ACTIONS
## CASE NO. A-16-740689-B

| | | |
|---|---|---|
| Russell Nype, Plaintiff(s) vs. David Mitchell, Defendant(s) | § <br> § <br> § <br> § <br> § <br> § <br> § | Case Type: **NRS Chapters 78-89** <br> Date Filed: **07/26/2016** <br> Location: **Department 11** <br> Case Number History: **A-16-740689-C** <br> Cross-Reference Case Number: **A740689** |

| PARTY INFORMATION | | |
|---|---|---|
| | | **Lead Attorneys** |
| Defendant | **305 Las Vegas LLC** | Brian W. Boschee <br> *Retained* <br> 702-791-0308(W) |
| Defendant | **Aquarius Owner LLC** | Garry L. Hayes <br> *Retained* <br> 702-832-5592(W) |
| Defendant | **Casino Coolidge LLC** | Elliot S. Blut <br> *Retained* <br> 702-384-1050(W) |
| Defendant | **FC/Live Work Vegas LLC** | James L Edwards, ESQ <br> *Retained* <br> 702-384-8000(W) |
| Defendant | **Las Vegas Land Partners LLC** | Garry L. Hayes <br> *Retained* <br> 702-832-5592(W) |
| Defendant | **Leah Property LLC** | Garry L. Hayes <br> *Retained* <br> 702-832-5592(W) |
| Defendant | **Liberman, Barnet** | Elliot S. Blut <br> *Retained* <br> 702-384-1050(W) |
| Defendant | **Live Work LLC** | Garry L. Hayes <br> *Retained* <br> 702-832-5592(W) |
| Defendant | **Live Work Manager LLC** | Garry L. Hayes <br> *Retained* <br> 702-832-5592(W) |
| Defendant | **Live Works TIC Successor LLC** | Garry L. Hayes <br> *Retained* <br> 702-832-5592(W) |
| Defendant | **LVLP Holdings LLC** | Garry L. Hayes <br> *Retained* <br> 702-832-5592(W) |
| Defendant | **Meyer Property Ltd** | Garry L. Hayes <br> *Retained* <br> 702-832-5592(W) |
| Defendant | **Mitchell Holdings LLC** | Garry L. Hayes <br> *Retained* |

|  |  |  | 702-832-5592(W) |
|---|---|---|---|
| Defendant | Mitchell, David J |  | Harold Stanley Johnson<br>*Retained*<br>702-823-3500(W) |
| Defendant | Wink One LLC |  | Garry L. Hayes<br>*Retained*<br>702-832-5592(W) |
| Defendant | Zoe Property LLC |  | Garry L. Hayes<br>*Retained*<br>702-832-5592(W) |
| Plaintiff | Nype, Russell L |  | John W. Muije<br>*Retained*<br>7023867002(W) |
| Plaintiff | Revenue Plus LLC |  | John W. Muije<br>*Retained*<br>7023867002(W) |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

| | |
|---|---|
| 11/29/2018 | **Order of Dismissal Without Prejudice** (Judicial Officer: Gonzalez, Elizabeth)<br>Debtors: Liberman Holdings LLC (Defendant)<br>Creditors: Russell L Nype (Plaintiff), Revenue Plus LLC (Plaintiff)<br>Judgment: 11/29/2018, Docketed: 11/29/2018 |
| 09/20/2019 | **Sanctions** (Judicial Officer: Gonzalez, Elizabeth)<br>Debtors: David J Mitchell (Defendant), Meyer Property Ltd (Defendant), Zoe Property LLC (Defendant), Leah Property LLC (Defendant), Wink One LLC (Defendant), Live Work LLC (Defendant), Live Work Manager LLC (Defendant), Aquarius Owner LLC (Defendant), LVLP Holdings LLC (Defendant), Mitchell Holdings LLC (Defendant), Live Works TIC Successor LLC (Defendant)<br>Creditors: Russell L Nype (Plaintiff), Revenue Plus LLC (Plaintiff)<br>Judgment: 09/20/2019, Docketed: 09/23/2019<br>Total Judgment: 160,086.46 |
| 09/24/2019 | **Judgment Plus Legal Interest** (Judicial Officer: Gonzalez, Elizabeth)<br>Debtors: David J Mitchell (Defendant), Meyer Property Ltd (Defendant), Zoe Property LLC (Defendant), Leah Property LLC (Defendant), Wink One LLC (Defendant), Live Work LLC (Defendant), Live Work Manager LLC (Defendant), Aquarius Owner LLC (Defendant), LVLP Holdings LLC (Defendant), Mitchell Holdings LLC (Defendant), Live Works TIC Successor LLC (Defendant)<br>Creditors: Russell L Nype (Plaintiff), Revenue Plus LLC (Plaintiff)<br>Judgment: 09/24/2019, Docketed: 09/24/2019<br>Total Judgment: 160,086.46 |

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 07/26/2016 | **Complaint**<br>*Complaint* |
| 07/27/2016 | **Notice of Intent to Take Default**<br>*Notice of Intent to Take Default* |
| 07/27/2016 | **Initial Appearance Fee Disclosure**<br>*Initial Appearance Fee Disclosure* |
| 07/27/2016 | **Disclosure Statement**<br>*N.R.C.P. Rule 7.1 Disclosure Statement* |
| 11/17/2016 | **Ex Parte Motion for Enlargement of Time**<br>*Ex Parte Motion to Extend Time for Service of Process* |
| 11/23/2016 | **Order**<br>*Order Extending Time for Service of Process* |
| 02/23/2017 | **Ex Parte Motion for Enlargement of Time**<br>*Ex Parte Motion to Extend Time for Service of Process (Second Request)* |
| 02/24/2017 | **Proof of Service**<br>*Proof of Service of Casino Coolidge, LLC* |
| 02/27/2017 | **Affidavit of Service**<br>*Affidavit of Service of Live Works TIC Successor, LLC* |
| 02/27/2017 | **Affidavit of Service**<br>*Affidavit of Service of Liberman Holdings, LLC* |
| 02/27/2017 | **Affidavit of Service**<br>*Affidavit of Service of Barnet Liberman* |
| 02/27/2017 | **Affidavit of Service**<br>*Affidavit of Service of Zoe Property, LL* |
| 02/27/2017 | **Affidavit of Service**<br>*Affidavit of Service of Live Work, LLC* |
| 02/27/2017 | **Affidavit of Service**<br>*Affidavit of Service of Aquarius Owner, LLC* |
| 02/27/2017 | **Affidavit of Service**<br>*Affidavit of Service of LVLP Holdings, LLC* |

| | |
|---|---|
| 02/27/2017 | **Affidavit of Service** |
| | *Affidavit of Service of Mitchell Holdings, LLC* |
| 02/27/2017 | **Affidavit of Service** |
| | *Affidavit of Service of Wink One, LLC* |
| 02/27/2017 | **Affidavit of Service** |
| | *Affidavit of Service of Leah Property, LLC* |
| 02/27/2017 | **Affidavit of Service** |
| | *Affidavit of Service of David Mitchell* |
| 02/27/2017 | **Affidavit of Service** |
| | *Affidavit of Service of Live Work Manager, LLC* |
| 02/27/2017 | **Affidavit of Service** |
| | *Affidavit of Service of Meyer Property, Ltd* |
| 02/28/2017 | **Proof of Service** |
| | *Proof of Service of Leah Property, LLC* |
| 02/28/2017 | **Proof of Service** |
| | *Proof of Service* |
| 02/28/2017 | **Proof of Service** |
| | *Proof of Service* |
| 02/28/2017 | **Proof of Service** |
| | *Proof of Service of Las Vegas Land Partners, LLC* |
| 03/02/2017 | **Peremptory Challenge** |
| | *Peremptory Challenge of Judge* |
| 03/02/2017 | **Initial Appearance Fee Disclosure** |
| | *Initial Appearance Fee Disclosure* |
| 03/02/2017 | **Notice of Department Reassignment** |
| | *Notice of Department Reassignment* |
| 03/03/2017 | **Intentional Misconduct Case** |
| 03/03/2017 | **Initial Appearance Fee Disclosure** |
| | *Initial Appearance Fee Disclosure* |
| 03/03/2017 | **Notice of Department Reassignment** |
| | *Notice of Department Reassignment* |
| 03/06/2017 | **Order Extending Time to Serve** |
| | *Order Extending Time for Service of Process (Second Request)* |
| 03/06/2017 | **Notice of Entry of Order** |
| | *Notice of Entry of Order Extending Time for Service of Process (Second Request)* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
| | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |

|            |                                                                                                                                                                                       |
|------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
|            | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
|            | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
|            | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
|            | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
|            | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
|            | *Demand for Security of Costs* |
| 03/14/2017 | **Demand** |
|            | *Demand for Security of Costs* |
| 03/21/2017 | **Notice of Intent to Take Default** |
|            | *Ten-Day Notice of Intent to Take Default* |
| 03/21/2017 | **Notice of Posting Bond** |
|            | *Notice of Posting Cost Bonds* |
| 03/23/2017 | **Motion to Strike** |
|            | *Defendants' Motion to Strike Plaintiffs' Jury Demand* |
| 03/24/2017 | **Arbitration File** |
|            | *Arbitration File* |
| 04/06/2017 | **Motion to Dismiss** |
|            | *Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to NRS 86.548(2), NRCP 12(b)(2) and 12(b)(5)* |
| 04/13/2017 | **Stipulation and Order** |
|            | *Stipulation and Order to Continue Hearing On Defendant's Motion to Strike Plaintiff's Jury Demand* |
| 04/14/2017 | **Notice of Entry of Stipulation and Order** |
|            | *Notice of Entry of Stipulation and Order to Continue Hearing on Defendant's Motion to Strike Plaintiff's Jury Demand* |
| 04/17/2017 | **Opposition and Countermotion** |
|            | *Opposition to Defendant's Motion to Strike Plaintiffs' Jury Demand and Countermotion for Advisory Jury as to Equitable Issues* |
| 04/25/2017 | **Reply to Opposition** |
|            | *Defendants' Reply to Opposition to Defendants' Motion to Strike Plaintiffs' Jury Demand, and Opposition to Plaintiffs' Countermotion for Advisory Jury as to Equitable Issues* |
| 04/28/2017 | **Stipulation and Order** |
|            | *Stipulation and Order to Continue Hearing on Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to NRS 86.548(2), NRCP 12(b)(2) and 12(b)(5)* |
| 05/01/2017 | **Notice of Entry of Stipulation and Order** |
|            | *Notice of Entry of Stipulation and Order to Continue Hearing on Defedants' Motion to Dismiss Plaintiffs' Complaint Pursuant to NRS 86.548(2), NRCP 12(b)(2) and 12(b)(5)* |
| 05/02/2017 | **Motion to Strike** (9:00 AM) (Judicial Officer Hardy, Joe) |
|            | *Defendants' Motion to Strike Plaintiffs' Jury Demand* |
|            | 04/24/2017    *Continued to 05/02/2017 - Stipulation and Order - 305 Las Vegas LLC; Aquarius Owner LLC; Casino Coolidge LLC; Las Vegas Land Partners LLC; Leah Property LLC; Liberman Holdings LLC; Liberman, Barnet; Live Work LLC; Live Work Manager LLC; Live Works TIC Successor LLC; LVLP Holdings LLC; Meyer Property Ltd; Mitchell Holdings LLC; Mitchell, David J; Nype, Russell L; Revenue Plus LLC; Wink One LLC; Zoe Property LLC* |
|            | Result: Motion Granted |
| 05/02/2017 | **Opposition and Countermotion** (9:00 AM) (Judicial Officer Hardy, Joe) |
|            | *Plaintiffs' Opposition to Defendant's Motion to Strike Plaintiffs' Jury Demand and Countermotion for Advisory Jury as to Equitable Issues* |
|            | Result: Motion Denied |
| 05/02/2017 | **All Pending Motions** (9:00 AM) (Judicial Officer Hardy, Joe) |
|            | Parties Present |
|            | Minutes |
|            | Result: Matter Heard |
| 05/02/2017 | **Substitution of Attorney** |
|            | *Substitution of Attorney* |
| 05/02/2017 | **Substitution of Attorney** |
|            | *Substitution of Attorney* |
| 05/23/2017 | **Stipulation and Order** |
|            | *Stipulation and Order to Continue Hearing on Defendant's Motion to Dismiss Plaintiff's Complaint* |
| 05/23/2017 | **Order Granting Motion** |
|            | *Order Granting Defendants' Motion to Strike Plaintiffs' Jury Demand, and Denying Plaintiffs' Countermotion for Advisory Jury as to Equitable Issues* |
| 05/24/2017 | **Notice of Entry of Order** |
|            | *Notice of Entry of Order* |
| 05/24/2017 | **Notice of Entry of Stipulation and Order** |
|            | *Notice of Entry of Stipulation and Order to Continue Hearing on Defendants' Motion to Dismiss Plaintiffs' Complaint* |
| 05/30/2017 | **Stipulation and Order** |
|            | *Stipulation and Order to Continue Briefing Deadlines Re Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to NRS 86.548(2), NRCP 12(b)(2) and 12(b)(5)* |
| 05/31/2017 | **Notice of Entry of Stipulation and Order** |
|            | *Notice of Entry of Stipulation and Order to Continue Briefing Deadlines Re: Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to NRS 86.548(2), NRCP 12(b)(2) and 12(b)(5)* |
| 06/06/2017 | **Stipulation and Order** |
|            | *Stipulation and Order to Continue Hearing On Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to NRS 86.548(2), NRCP 12(b)(2) and 12(b)(5) And Other Briefing Deadlines* |
| 06/07/2017 | **Notice of Entry of Stipulation and Order** |
|            | *Notice of Entry of Stipulation & Order to Continue Hearing on Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to NRS 86.548(2), NRCP 12(b)(2) and 12(b)(5) And Other Briefing Deadlines* |
| 06/14/2017 | **Opposition to Motion** |
|            | *Opposition to Defendants' Motion to Dismiss* |
| 06/15/2017 | **Errata** |

|  |  |
|---|---|
| | *Errata to Opposition to Defendants' Motion to Dismiss* |
| 07/06/2017 | **Reply to Opposition** |
| | *Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss Plaintiffs' Complaint Pursuant to NRS 86.548(2), NRCP 12(b)(2) and 12(b)(5)* |
| 07/07/2017 | **Joinder** |
| | *Joinder and Reply of 305 Las Vegas, LLC and Barnet Liberman in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to NRS 86.548(2), NRCP 12(b)(2) and 12(b)(5)* |
| 07/13/2017 | **Motion to Dismiss  (9:00 AM) (Judicial Officer Hardy, Joe)** |
| | *Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to NRS 86.548(2), NRCP 12(b)(2) and 12(b)(5)* |
| | Parties Present |
| | Minutes |
| | 05/09/2017 Continued to 06/01/2017 - Stipulation and Order - 305 Las Vegas LLC; Aquarius Owner LLC; Casino Coolidge LLC; Las Vegas Land Partners LLC; Leah Property LLC; Liberman Holdings LLC; Liberman, Barnet; Live Work LLC; Live Work Manager LLC; Live Works TIC Successor LLC; LVLP Holdings LLC; Meyer Property Ltd; Mitchell Holdings LLC; Mitchell, David J; Nype, Russell L; Revenue Plus LLC; Wink One LLC; Zoe Property LLC |
| | 06/01/2017 Continued to 06/22/2017 - Stipulation and Order - 305 Las Vegas LLC; Aquarius Owner LLC; Casino Coolidge LLC; Las Vegas Land Partners LLC; Leah Property LLC; Liberman Holdings LLC; Liberman, Barnet; Live Work LLC; Live Work Manager LLC; Live Works TIC Successor LLC; LVLP Holdings LLC; Meyer Property Ltd; Mitchell Holdings LLC; Mitchell, David J; Nype, Russell L; Revenue Plus LLC; Wink One LLC; Zoe Property LLC |
| | 06/22/2017 Continued to 07/13/2017 - Stipulation and Order - Mitchell, David J; Nype, Russell L |
| | Result: Denied Without Prejudice |
| 07/18/2017 | **Business Court Order** |
| | *Business Court Order* |
| 08/07/2017 | **Order Denying Motion** |
| | *Order Denying Defendants' Motion to Dismiss Plaintiffs' Complaint* |
| 08/09/2017 | **Notice of Entry of Order** |
| | *Notice of Entry of Order Denying Defendants' Motion to Dismiss Plaintiffs' Complaint* |
| 08/21/2017 | **Amended Complaint** |
| | *Amended Complaint* |
| 08/22/2017 | **Notice of Compliance** |
| | *Notice of Compliance* |
| 08/22/2017 | **Notice of Compliance** |
| | *Notice of Compliance* |
| 08/22/2017 | **Notice of Compliance** |
| | *Notice of compliance* |
| 08/28/2017 | **Mandatory Rule 16 Conference  (10:30 AM) (Judicial Officer Hardy, Joe)** |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 09/01/2017 | **Business Court Order** |
| | *Business Court Scheduling Order rand Order Setting Civil Bench Trial and Calendar Call* |
| 09/05/2017 | **Answer to Amended Complaint** |
| | *Answer to Amended Complaint* |
| 09/08/2017 | **Answer to Amended Complaint** |
| | *Answer to Plaintiff's Amended Complaint* |
| 09/14/2017 | **Disclosure Statement** |
| | *NRCP Rule 7.1 Disclosure Statement* |
| 10/24/2017 | **Joint Case Conference Report** |
| | *Joint Case Conference Report* |
| 01/19/2018 | **Disclosure of Documents and Witnesses Pursuant to NRCP 16.1** |
| | *Plaintiff's First Supplemental Disclosures Pursuant to NRCP 16.1* |
| 02/05/2018 | **Supplemental** |
| | *Supplemental Verification to Plaintiff Revenue Plus, LLC's Responses to Defendants' First Set of Interrogatories* |
| 02/05/2018 | **Supplemental** |
| | *Supplemental Verification to Plaintiff Russell L. Nype's Responses to Defendants' First Set of Interrogatories* |
| 02/15/2018 | **Notice of Deposition** |
| | *Notice of Deposition of Kenneth S. Eisenberg, CPA, As The Custodian of Records At Kenneth S. Eisenberg, CPA* |
| 02/15/2018 | **Stipulation and Order to Extend Discovery Deadlines** |
| | *Stipulation and Order for Extension of Time to Complete Discovery (First Request)* |
| 02/15/2018 | **Notice of Entry of Stipulation and Order** |
| | *Notice of Entry of Stipulation and Order* |
| 02/20/2018 | **Business Court Order** |
| | *Amended Business Court Scheduling Order and Order Setting Civil Bench Trial and Calendar Call* |
| 02/21/2018 | **Stipulated Protective Order** |
| | *Stipulated Protective Order* |
| 02/21/2018 | **Notice of Entry of Stipulation and Order** |
| | *Notice of Entry of Stipulated Protective Order* |
| 03/06/2018 | **Amended Notice of Taking Deposition** |
| | *Amended Notice to Take Deposition of the Custodian of Records of Kenneth S. Eisenberg, CPA* |
| 03/07/2018 | **Amended Notice** |
| | *Second Amended Noticer to Take Deposition of the Custodian of Records of Kenneth S. Eisenberg, CPA* |
| 03/28/2018 | **Notice of Deposition** |
| | *Notice to Take Deposition of the PMK of Forest City Properties, LLC Pursuant to Subpoena Duces Tecum* |
| 03/28/2018 | **Notice of Deposition** |
| | *Notice to Take Deposition of the PMK of FC/LW Vegas, LLC Pursuant to Subpoena Duces Tecu* |
| 03/28/2018 | **Notice of Deposition** |
| | *Notice to Take Deposition of the PMK of PQ Ground Lesse, LLC Pursuant to Subpoena Duces Tecum* |
| 03/28/2018 | **Notice of Deposition** |
| | *Notice to Take Deposition of the PMK of PQ Las Vegas, LLC Pursuant to Subpoena Duces Tecum* |
| 03/28/2018 | **Notice of Deposition** |
| | *Notice to Take Deposition of the PMK of Forest City Commercial Management, LLC Pursuant to Subpoena Duces Tecum* |
| 03/28/2018 | **Notice of Deposition** |

| | |
|---|---|
| | *Notice to Take Deposition of the PMK of Forest City Commercial Management, Inc. Pursuant to Subpoena Duces Tecum* |
| 03/28/2018 | **Notice of Deposition** |
| | *Notice to Take Deposition of the PMK of Forest City TRS, LLC Pursuant to Subpoena Duces Tecum* |
| 03/28/2018 | **Notice of Deposition** |
| | *Notice to Take Deposition of the PMK of FC Vegas 20, LLC Pursuant to Subpoena Duces Tecum* |
| 03/28/2018 | **Notice of Deposition** |
| | *Notice to Take Deposition of the PMK of Forest City Real Estate Services, LLC Pursuant to Subpoena Duces Tecum* |
| 03/28/2018 | **Notice of Deposition** |
| | *Notice to Take Deposition of the PMK of QH Las Vegas, LLC Pursuant to Subpoena Duces Tecum* |
| 03/30/2018 | **Affidavit of Service** |
| | *Affidavit of Service of PQ Las Vegas, LLC* |
| 03/30/2018 | **Affidavit of Service** |
| | *Affidavit of Service of FC Las Vegas 20, LLC* |
| 03/30/2018 | **Affidavit of Service** |
| | *Affidavit of Service of PQ Ground Lesse, LLC* |
| 03/30/2018 | **Affidavit of Service** |
| | *Affidavit of Service of QH Las Vegas, LLC* |
| 03/30/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Commercial Management, Inc.* |
| 03/30/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Foret City Commercial Management, LLC* |
| 03/30/2018 | **Affidavit of Service** |
| | *Affidavit of Service of FC/LW Vegas, LLC* |
| 03/30/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City TRS, LLC* |
| 03/30/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Real Estate Service, LLC* |
| 03/30/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Properties, LLC* |
| 04/19/2018 | **Motion to Compel** |
| | *Motion to Compel Complete Responses to Interrogatories and Requests for Production of Documents* |
| 04/26/2018 | **Joinder** |
| | *Joinder of Barnet Liberman and 305 Las Vegas in the Mitchell Defendant's Motion to Compel Complete Responses to Interrogatories and Requests for Production of Documents* |
| 05/08/2018 | **Ex Parte Application** |
| | *Ex Parte Applicatoin for an Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt and For Order Compelling Said Entities to Produce Docments Requested Responsive to Subpoena and For An Award of Attorneys' Fees and costs* |
| 05/09/2018 | **Stipulation and Order** |
| | *Stipulation and Order to Continue Hearing Re Motion to Compel Complete Responses to Interrogatories and Requests for Production of Documents* |
| 05/09/2018 | **Notice of Entry of Stipulation and Order** |
| | *Notice of Entry of Stipulation and Order to Continue Hearing Re Motion to Compel Complete Responses to Interrogatories and Requests for Production of Documents* |
| 05/11/2018 | **Opposition to Motion to Compel** |
| | *Opposition to Motion to Compel and Counter-Motion Requiring Disclosure of Undredacted Emails Between Defendants and Their Accountant* |
| 05/14/2018 | **Order to Show Cause** |
| | *Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/16/2018 | **Notice of Entry of Order** |
| | *Notice of Entry of Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/25/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Real Estate Services, LLC Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/25/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Commercial Management, LLC Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/25/2018 | **Affidavit of Service** |
| | *Affidavit of Service of FC Las Vegas 20, LLC Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/25/2018 | **Affidavit of Service** |
| | *Affidavit of Service of FC/LW Vegas, LLC Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/25/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Commercial Management, Inc. Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/25/2018 | **Affidavit of Service** |
| | *Affidavit of Service of QH Las Vegas, LLC Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/25/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Properties, LLC Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/25/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City TRS, LLC Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/25/2018 | **Affidavit of Service** |
| | *Affidavit of Service of PQ Las Vegas, LLC Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/25/2018 | **Affidavit of Service** |
| | *Affidavit of Service of PQ Ground Lessee, LLC Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/30/2018 | **Reply to Opposition** |
| | *Mitchell Defendants' Reply to Opposition to Motion to Compel Complete Responses to Interrogatories and Requests for Production of Documents* |
| 05/30/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Commercial Management, LLC Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt* |
| 05/30/2018 | **Joinder** |
| | *Joinder of Barnet Liberman and 305 Las Vegas, LLC in the Mitchell Defendants' Reply to Opposition to Motion to Compel Complete Responses to Interrogatories and Requests for Production of Documents* |
| 06/04/2018 | **Affidavit of Service** |
| | *Affidavit of Service of PQ Las Vegas, LLC Re Ex Parte Application for An Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt and for Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena And For An Award of Attorneys' Fees and Costs* |

| | |
|---|---|
| 06/04/2018 | **Affidavit of Service** |
| | *Affidavit of Service of QH Las Vegas, LLC Re Ex Parte Application for An Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt and for Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena And For An Award of Attorneys' Fees and Costs* |
| 06/04/2018 | **Affidavit of Service** |
| | *Affidavit of Service of City TRS, LLC Re Ex Parte Application for An Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt And for Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena and for An Award of Attorneys' Fees and Costs* |
| 06/04/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Properties, LLC Re Ex Parte Application for An Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt And for Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena and for An Award of Attorneys' Fees and Costs* |
| 06/04/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Commercial Management, LLC Re Ex Parte Application for An Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt And for Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena and for An Award of Attorneys' Fees and Costs* |
| 06/04/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Real Estate Services, LLC Re Ex Parte Application for An Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt And for Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena and for An Award of Attorneys' Fees and Costs* |
| 06/04/2018 | **Affidavit of Service** |
| | *Affidavit of Service of FC Las Vegas 20, LLC Re Ex Parte Application for An Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt and for Order Compelling Said Entities to Produce Documents Responsive to Subpoena and For An Award of Attorneys' Fees and Costs* |
| 06/04/2018 | **Affidavit of Service** |
| | *Affidavit of Service of PQ Ground Lessee, LLC Re Ex Parte Application for An Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt and For Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena and For An Award of Attorneys' Fees and Costs* |
| 06/04/2018 | **Affidavit of Service** |
| | *Affidavit of Service of Forest City Commercial Management, Inc. Re Ex Parte Application for An Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt and For Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena and For An Award of Attorneys' Fees and Costs* |
| 06/04/2018 | **Affidavit of Service** |
| | *Affidavit of Service of FC/LW Vegas 20, LLC Re Ex Parte Application for An Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt and For Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena and For An Award of Attorneys' Fees and Costs* |
| 06/05/2018 | **Stipulation and Order** |
| | *Stipulation and Order to Continue Hearing Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt and/or Sanctioned* |
| 06/05/2018 | **Notice of Entry of Stipulation and Order** |
| | *Notice of Entry of Stipulation and Order to Continue Hearing Re Order to Show Cause Why Multiple Related Entities Should Not Be Held In Contempt and/or Sanctioned* |
| 06/05/2018 | **Supplement** |
| | *Supplement to Plaintiffs' Opposition to Motion to Compel and Counter-Motion Requiring Disclosure of Unredacted Emails* |
| 06/06/2018 | **Motion to Compel**  (9:00 AM) (Judicial Officer Hardy, Joe) |
| | *Defendants' Motion to Compel Complete Responses to Interrogatories and Requests for Production of Documents* |
| | *05/21/2018 Reset by Court to 06/06/2018* |
| | Result: Motion Granted |
| 06/06/2018 | **Joinder**  (9:00 AM) (Judicial Officer Hardy, Joe) |
| | *Joinder of Barnet Liberman and 305 Las Vegas, LLC in the Mitchell Defendants' Motion to Compel Complete Responses to Interrogatories and Request for Production of Documents* |
| | *05/21/2018 Reset by Court to 06/06/2018* |
| | Result: Granted |
| 06/06/2018 | **Opposition and Countermotion**  (9:00 AM) (Judicial Officer Hardy, Joe) |
| | *Plaintiffs' Opposition to Motion to Compel and Counter-Motion Requiring Disclosure of Undredacted Emails Between Defendants and Their Accountant* |
| | Result: Denied Without Prejudice |
| 06/06/2018 | **All Pending Motions**  (9:00 AM) (Judicial Officer Hardy, Joe) |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 06/12/2018 | **Objection** |
| | *Objection to Ex Parte Application for an Order to Show Cause Why Multiple Related Entities Should Not be Held in Contempt; Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena; and an Award of Attorneys' Fees and Costs* |
| 06/14/2018 | **Show Cause Hearing**  (9:00 AM) (Judicial Officer Hardy, Joe) |
| | *Show Cause Hearing: Why Multiple Related Entities Should Not be Held in Contempt* |
| | Parties Present |
| | Minutes |
| | *06/06/2018 Reset by Court to 06/14/2018* |
| | Result: Matter Heard |
| 06/18/2018 | **Order Granting Motion** |
| | *Order Granting Defendants' Motion to Compel and Denying Plaintiffs' Countermotion Requiring Disclosure of Unredacted Emails Between Defendants and their Accountant* |
| 06/19/2018 | **Notice of Entry** |
| | *NOTICE OF ENTRY OF ORDER* |
| 07/02/2018 | **Case Reassigned to Department 11** |
| | *Reassigned From Judge Hardy - Dept 15* |
| 07/03/2018 | **Order** |
| | *Order Denying Ex Parte Application for an Order to Show Cause why Multiple Related Entities Should Not be Held in Contempt; Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena; and an Award of Attorneys' Fees and Costs Without Prejudice and* |

|            |   |
|------------|---|
|            | *Discharging Order to Show Cause* |
| 07/03/2018 | **Notice of Entry of Order** |
|            | *Notice of Entry of Order Denying Ex Parte Application for an Order to Show Cause Why Multiple Related Entities Should Not Be Held in Contempt; Order Compelling Said Entities to Produce Documents Requested Responsive to Subpoena; and an Award of Attorneys' Fees and Costs Without Prejudice and Discharging Order to Show Cause* |
| 07/16/2018 | *CANCELED*  **Status Check**  (9:30 AM) (Judicial Officer Hardy, Joe) |
|            | *Vacated - per Stipulation and Order* |
| 07/17/2018 | **Business Court Order** |
|            | *Amended Business Court Order* |
| 07/23/2018 | **Mandatory Rule 16 Conference**  (9:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
|            | Parties Present |
|            | Minutes |
|            | *07/16/2018 Reset by Court to 07/16/2018* |
|            | *07/16/2018 Reset by Court to 07/20/2018* |
|            | *07/20/2018 Reset by Court to 07/23/2018* |
|            | Result: Trial Date Set |
| 07/23/2018 | *CANCELED*  **Mandatory Rule 16 Conference**  (9:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
|            | *Vacated - Duplicate Entry* |
|            | *07/23/2018 Reset by Court to 07/23/2018* |
| 07/30/2018 | **Business Court Order** |
|            | *2nd Amended Business Court Scheduling Order and Order Setting Civil Bench Trial and Calendar Call* |
| 08/13/2018 | *CANCELED*  **Pre Trial Conference**  (8:30 AM) (Judicial Officer Hardy, Joe) |
|            | *Vacated - per Stipulation and Order* |
| 08/16/2018 | **Disclosure of Documents and Witnesses Pursuant to NRCP 16.1** |
|            | *Supplemental Document Disclosures Regarding Plaintiffs' Initial 16.1 Disclosure and Production* |
| 08/28/2018 | **Notice of Deposition** |
|            | *Notice to Take Deposition of Barnet Liberman* |
| 08/28/2018 | **Notice of Deposition** |
|            | *Notice to Take Deposition of David Mitchell* |
| 08/29/2018 | *CANCELED*  **Calendar Call**  (8:30 AM) (Judicial Officer Hardy, Joe) |
|            | *Vacated - per Stipulation and Order* |
| 09/04/2018 | *CANCELED*  **Bench Trial**  (10:30 AM) (Judicial Officer Hardy, Joe) |
|            | *Vacated - per Stipulation and Order* |
| 09/05/2018 | **Amended Notice of Taking Deposition** |
|            | *Amended Notice to Take Deposition of David Mitchell* |
| 09/05/2018 | **Amended Notice of Taking Deposition** |
|            | *Amended Notice to Take Deposition of Barnet Liberman* |
| 09/19/2018 | **Notice of Taking Deposition** |
|            | *Notice of Taking Deposition of the Person Most Knowledgeable of PQ Las Vegas, LLC Pursuant to Subpoena Duces Tecum* |
| 09/19/2018 | **Notice of Taking Deposition** |
|            | *Notice of Taking Deposition of the Person Most Knowledgeable of FC Vegas 20, LLC Pursuant to Subpoena Duces Tecum* |
| 09/19/2018 | **Notice of Taking Deposition** |
|            | *Notice of Taking Deposition of the Person Most Knowledgeable of PQ Ground Lessee, LLC Pursuant to Subpoena Duces Tecum* |
| 09/19/2018 | **Notice of Taking Deposition** |
|            | *Notice to Take Deposition of the Person Most knowlegeable of Forest City Commercial Management Pursuant to Subpoena Duces Tecum* |
| 09/19/2018 | **Notice of Taking Deposition** |
|            | *Notice of Taking Deposition of the Person Most Knowledgeable of FC/LW Vegas, LLC Pursuant to Subpoena Decues Tecum* |
| 09/19/2018 | **Notice of Taking Deposition** |
|            | *Notice to Take Deposition of the Person Most Knowledgeable of QH Las Vegas, LLC Pursuant to Subpoena Duces Tecum* |
| 09/20/2018 | **Affidavit of Service** |
|            | *Affidavit of Service - FC/LW Vegas, LLC* |
| 09/20/2018 | **Affidavit of Service** |
|            | *Affidavit of Service - PQ Las Vegas* |
| 09/20/2018 | **Affidavit of Service** |
|            | *Affidavit of Service - PQ Ground Lessee* |
| 09/20/2018 | **Affidavit of Service** |
|            | *Affidavit of Service -Forest City Comm* |
| 09/20/2018 | **Affidavit of Service** |
|            | *Affidavit of Service - QH Las Vegas* |
| 09/20/2018 | **Affidavit of Service** |
|            | *Affidavit of Service - FC Vegas 20* |
| 09/21/2018 | **Supplement** |
|            | *Supplemental Verification to Plaintiff Russell I. Nype's Supplemental Responses to Defendants' First Set of Interrogatories and to Request for Production of Docouments No. 44* |
| 09/21/2018 | **Supplement** |
|            | *Supplemental Verification to Plaintiff Revunue Plus, LLC's Supplemental Responses to Defendants' First Set of Interrogatories and to Request for Production of Documents No. 44* |
| 11/07/2018 | **Telephonic Conference**  (10:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
|            | *Telephonic Conference re: Stipulated Protective Order Re: Subpoenaed "Forest City Entities"* |
|            | Parties Present |
|            | Minutes |
|            | Result: Matter Heard |
| 11/07/2018 | **Substitution of Attorney** |
|            | *Substitution of Attorney* |
| 11/15/2018 | **Stipulation to Extend Discovery** |
|            | *Stipulation and Order for Extension of Discovery and to Continue Trial (Second Request)* |
| 11/20/2018 | **Stipulated Protective Order** |
|            | *Stipulated Protective Order Regarding Subpoenaed Forest City Entities* |
| 11/20/2018 | **Notice of Entry of Order** |
|            | *Notice of Entry of Stipulated Protective Order Regarding Subpoenaed "Forest City Entities"* |

| | |
|---|---|
| 11/20/2018 | **Notice of Entry of Stipulation and Order** |
| | *Notice of Entry of Stipulation and Order for Extension of Discovery and to Continue Trial (Second Request)* |
| 11/27/2018 | **Order Setting Civil Bench Trial** |
| | *3rd Amended Business Court Scheduling Order and Order Setting Civil Bench Trial and Calendar Call* |
| 11/29/2018 | **Stipulation and Order for Dismissal Without Prejudice** |
| | *Stipulation and Order for Partial Dismissal Without Prejudice Against Liberman Holdings, LLC ONLY* |
| 11/29/2018 | **Notice of Entry of Stipulation and Order** |
| | *Notice of Entry of Stipulation and Order for Partial Dismissal Without Prejudice Against Liberman Holdings, LLc* |
| 11/30/2018 | **Notice of Entry of Stipulation and Order** |
| | *Notice of Entry of Stipulation and Order for Partial Dismissal Without Prejudice Against Liberman Holdings, ONLY* |
| 12/17/2018 | *CANCELED*  **Status Check**  (9:30 AM) (Judicial Officer Hardy, Joe) |
| | *Vacated* |
| 01/04/2019 | **Supplemental Disclosures** |
| | *Plaintiff's Third Supplemental NRCP 16.1 Disclosures* |
| 01/22/2019 | *CANCELED*  **Pre Trial Conference**  (8:30 AM) (Judicial Officer Hardy, Joe) |
| | *Vacated* |
| 01/31/2019 | **Certificate of Mailing** |
| | *Certificate of Mailing* |
| 01/31/2019 | **Supplemental Disclosures** |
| | *Plaintiff's Fourth Supplemental NRCP 16.1 Disclosures* |
| 02/06/2019 | *CANCELED*  **Calendar Call**  (8:30 AM) (Judicial Officer Hardy, Joe) |
| | *Vacated* |
| 02/11/2019 | *CANCELED*  **Bench Trial**  (10:30 AM) (Judicial Officer Hardy, Joe) |
| | *Vacated* |
| 03/04/2019 | *CANCELED*  **Status Check: Trial Readiness**  (9:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | *Vacated - Superseding Order* |
| 03/11/2019 | **Motion to Withdraw As Counsel** |
| | *Motion to Withdraw as Counsel* |
| 03/12/2019 | **Clerk's Notice of Hearing** |
| | *Notice of Hearing* |
| 03/13/2019 | **Motion to Withdraw As Counsel** |
| | *Motion to Withdraw as Counsel of Record for Defendants* |
| 03/14/2019 | **Clerk's Notice of Hearing** |
| | *Notice of Hearing* |
| 03/18/2019 | **Certificate of Service** |
| | *Certificate of Service* |
| 03/19/2019 | **Order** |
| 03/25/2019 | **Opposition to Motion** |
| | *Plaintiffs' Opposition to Defendants' Barnet Liberman, 305 Las Vegas, LLC and Casino Coolidge, LLC's Motion to Withdraw As Counsel of Record* |
| 03/27/2019 | **Opposition to Motion** |
| | *Plaintiffs' Limited Opposition to the Mitchell Defendants' Motion to Withdraw As Counsel of Record* |
| 03/28/2019 | **Reply to Opposition** |
| | *Reply to Plaintiffs Limited Opposition to the Mitchell Defendants Motion to Withdraw as Counsel of Record* |
| 04/03/2019 | **Notice to Take Deposition** |
| | *Notice to Take Deposition of David Mitchell* |
| 04/03/2019 | **Notice to Take Deposition** |
| | *Notice to Take Deposition of Barnet Liberman* |
| 04/03/2019 | **Notice to Take Deposition** |
| | *Notice to Take Deposition of David Mitchell* |
| 04/04/2019 | **Affidavit of Service** |
| | *Affidavit/Declaration of Service (Mark D. Rich, CPA)* |
| 04/05/2019 | **Motion to Extend Discovery** |
| | *Plaintiffs' Motion to Enlarge Time to Complete Discovery on Order Shortening Time* |
| 04/08/2019 | **Receipt of Copy** |
| | *Receipt of Copy of Plaintiffs' Motion to Enlarge Time to Complete Discovery on OST (Garry Hayes)* |
| 04/08/2019 | **Receipt of Copy** |
| | *Receipt of Copy of Plaintiffs' Motion to Enlarge Time to Complete Discovery on OST (Harry Marquis)* |
| 04/08/2019 | **Substitution of Attorney** |
| | *Substitution of Counsel* |
| 04/08/2019 | **Substitution of Attorney** |
| | *Substitution of Counsel* |
| 04/09/2019 | **Notice** |
| | *Notice of Intent to Serve Subpoena* |
| 04/09/2019 | **Notice of Deposition** |
| | *Notice of Depositio of The COR of The Bank of New York and/or The Bank of New YOrk Mellon Corporation dba BNY Mellon* |
| 04/09/2019 | **Notice of Deposition** |
| | *Notice of Deposition of the Custodian of Records of Greystar RS SW, LLC* |
| 04/09/2019 | **Notice of Deposition** |
| | *Notice of Deposition of the Custodian of Records of U.S. Bank National Association* |
| 04/10/2019 | **Notice of Deposition** |
| | *Notice to Take Deposition of Michael L. Rosten, CPA/CFF, CFE, MAFF, CVA* |
| 04/10/2019 | **Notice of Deposition** |
| | *Notice to Take Deposition of Scott W. Taylor, CPA* |
| 04/11/2019 | **Amended Notice of Taking Deposition** |
| | *Amended Notice to Take Deposition of Michael L. Rosten, CPA.Cff, CRE, MAFF, CVA* |
| 04/11/2019 | **Amended Notice of Taking Deposition** |
| | *Amended Notice to Take Deposition of Michael L. Rosten, CPA.CFF,CFE, MAFF, CVA* |
| 04/11/2019 | **Notice of Intent** |
| | *Notice of Intent to Serve Subpoena* |
| 04/11/2019 | **Notice of Deposition** |
| | *Notice of Deposition of the Custodian of Records of First American Title Company* |
| 04/11/2019 | **Notice of Deposition** |
| | *Notice of Deposition of the Custodian of Records of Chicago Title of Nevada, Inc* |
| 04/11/2019 | **Notice of Deposition** |

| | |
|---|---|
| | *Notice of Deposition of the Custodian of Records of Nationalo Title Co.* |
| 04/11/2019 | **Notice of Deposition** |
| | *Notice of Deposition of the Custodian of Records of Greenberg Traurig, LLP* |
| 04/11/2019 | **Opposition to Motion** |
| | *LIITED OPPOSITION TO PLAINTIFFS MOTION TO ENLARGE TIME TO COMPLETE DISCOVERY (3rd Request) ON ORDER SHORTENING TIME* |
| 04/12/2019 | **Motion to Withdraw as Counsel  (3:00 AM) (Judicial Officer Gonzalez, Elizabeth)** |
| | *Motion to Withdraw as Counsel of Record for Defendants* |
| | <u>Minutes</u> |
| | Result: Granted |
| 04/12/2019 | **Substitution of Attorney** |
| | *Substitution of Attorney* |
| 04/12/2019 | **Notice of Deposition** |
| | *Notice of Taking the NRCP 30(b)(6) Deposition of Wink One, LLC* |
| 04/15/2019 | **Motion  (9:00 AM) (Judicial Officer Gonzalez, Elizabeth)** |
| | *Plaintiffs' Motion to Enlarge Time to Complete Discovery (3rd Request) on Order Shortening Time* |
| | <u>Parties Present</u> |
| | <u>Minutes</u> |
| | Result: Granted |
| 04/16/2019 | **Affidavit of Service** |
| | *Affidavit of Service of Scott W. Taylor, CPa* |
| 04/16/2019 | **Affidavit of Service** |
| | *Affidavit of Service of Michael L. Rosten, CPA/CFF, CFE, MAFF, CVA* |
| 04/18/2019 | **Order Granting Motion** |
| | *Order Granting Plaintiffs' Motion to Enlarge Time to Complete Discovery (Third Request)* |
| 04/18/2019 | **Notice of Entry of Order** |
| | *Notice of Entry of Order Granting Plaintiffs' Motion to Enlarge Time to Complete Discovery (Third Request)* |
| 04/19/2019 | **Affidavit of Service** |
| | *Affidavit of Service of Greystar RS SW, LLC* |
| 04/19/2019 | **Amended Notice of Taking Deposition** |
| | *Amended Notice to Take Depositoin of David Mitchell* |
| 04/19/2019 | **Affidavit of Service** |
| | *Affidavit of Service of The Bank of New York* |
| 04/19/2019 | **Affidavit of Service** |
| | *Affidavit of Service of National Title Co* |
| 04/19/2019 | **Affidavit of Service** |
| | *Affidavit of Service of First American Title Company* |
| 04/19/2019 | **Affidavit of Service** |
| | *Affidavit of Service of U,S, Bank National Association* |
| 04/22/2019 | **Affidavit of Service** |
| | *Affidavit of Service* |
| 04/22/2019 | **Affidavit of Service** |
| | *Affidavit of Service* |
| 04/22/2019 | **Motion** |
| | *Plaintiffs' Motion to Compel Defendants' Production of Documents on Order Shortening Time* |
| 04/22/2019 | **Order Granting** |
| | *Order Granting Motion to Withdraw as Counsel of Record for Defendants* |
| 04/23/2019 | **Notice of Entry of Order** |
| | *Notice of Entry of Order Granting Motion to Withdraw as Counsel of Record for Defendants* |
| 04/23/2019 | **Appendix** |
| | *Appendix Vol. I to Plaintiffs' Motion to Compel Defendants' Production of Documents on Order Shortening Time* |
| 04/23/2019 | **Appendix** |
| | *Appendix Vol. II to Plaintiffs' Motion to Compel Defendants' Production of Documents On Order Shortening Time* |
| 04/29/2019 | **Amended Notice of Taking Deposition** |
| | *Second Amended Notice to Take Deposition of Michael L. Rosten, CPA/CFF, CFE, MAFF, CVA* |
| 04/29/2019 | **Amended Notice of Taking Deposition** |
| | *Second Amended Notice to Take Deposition of Scott W. Taylor, CPA* |
| 05/01/2019 | **Stipulation and Order** |
| | *Stipulation and Order to Continue the Deposition of Barnet Liberman* |
| 05/02/2019 | **Notice of Entry of Order** |
| | *Notice of Entry of Order to Continue the Deposition of Barnet Liberman* |
| 05/02/2019 | **Amended Notice of Taking Deposition** |
| | *Amended Notice to Take Deposition of Barnet Liberman* |
| 05/06/2019 | *CANCELED*  **Pre Trial Conference  (8:30 AM) (Judicial Officer Gonzalez, Elizabeth)** |
| | *Vacated - per Judge* |
| | *05/06/2019 Reset by Court to 05/06/2019* |
| 05/06/2019 | **Status Check  (9:00 AM) (Judicial Officer Gonzalez, Elizabeth)** |
| | **05/06/2019, 05/15/2019** |
| | *05/06/2019 Reset by Court to 05/06/2019* |
| | Result: Matter Continued |
| 05/06/2019 | **Motion to Compel  (9:00 AM) (Judicial Officer Gonzalez, Elizabeth)** |
| | **05/06/2019, 05/15/2019** |
| | *Plaintiffs' Motion to Compel Defendants' Production of Documents on Order Shortening Time* |
| | Result: Matter Continued |
| 05/06/2019 | **All Pending Motions  (9:00 AM) (Judicial Officer Gonzalez, Elizabeth)** |
| | <u>Parties Present</u> |
| | <u>Minutes</u> |
| | Result: Matter Heard |
| 05/09/2019 | **Notice of Appearance** |
| | *Notice of Appearance* |

| | |
|---|---|
| 05/09/2019 | **Amended Notice** |
| | *Amended Notice to Take Deposition of Michael L. Rosten, CPA/CFF, CFE, MAFF, CVA* |
| 05/09/2019 | **Amended Notice** |
| | *Third Amended Notice to Take Deposition of Scott W. Taylor, CPA* |
| 05/14/2019 | **Motion to Extend Discovery** |
| | *MOTION TO EXTEND DISCOVERY AND CONTINUE TRIAL (Fourth Request)* |
| 05/15/2019 | **All Pending Motions** (10:30 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 05/15/2019 | **Motion to Extend Discovery** (10:30 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | *Defendants Motion to Extend Discovery and Continue Trial (Fourth Request)* |
| | 06/17/2019 Reset by Court to 05/15/2019 |
| | Result: Granted |
| 05/15/2019 | **Clerk's Notice of Hearing** |
| | *Notice of Hearing* |
| 05/20/2019 | **Order Setting Civil Bench Trial** |
| | *4th Amended Business Court Scheduling Order and Order Setting Civil Bench Trial and Calendar Call* |
| 05/21/2019 | *CANCELED* **Calendar Call** (9:30 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | *Vacated - Superseding Order* |
| | 05/22/2019 Reset by Court to 05/21/2019 |
| | 05/22/2019 Reset by Court to 05/22/2019 |
| 05/23/2019 | **Transcript of Proceedings** |
| | *Transcript of Proceedings: Hearing on All Pending Motions* |
| 05/28/2019 | *CANCELED* **Bench Trial** (1:30 PM) (Judicial Officer Gonzalez, Elizabeth) |
| | *Vacated - Superseding Order* |
| | 05/28/2019 Reset by Court to 05/28/2019 |
| | 05/28/2019 Reset by Court to 05/28/2019 |
| 05/30/2019 | **Order** |
| | *Order Compelling Discovery, Awarding Sanctions, and Briefly Extending Discovery for Limited Purposes and Continuing the Trial Date* |
| 05/30/2019 | **Notice of Entry of Order** |
| | *Notice of Entry of Order Compelling Discovery, Awarding Sanctions, and Briefly Extending Discovery For Limited Purposes and Continuing the Trial Date* |
| 06/14/2019 | **Motion for Sanctions** |
| | *Plaintiffs' Motion for Sanctions Pursuant to NRCP 37(b) and Motion to Extend Time for Plaintiffs' Deadline For Supplemental Expert Report on OST* |
| 06/24/2019 | **Motion for Sanctions** (9:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | 06/24/2019, 06/27/2019, 07/09/2019, 09/03/2019 |
| | *Plaintiffs' Motion for Sanctions Pursuant to NRCP 37(b) and Motion to Extend Time for Plaintiffs' Deadline for Supplemental Expert Report on Order Shortening Time* |
| | Parties Present |
| | Minutes |
| | Result: Hearing Set |
| 06/25/2019 | **Transcript of Proceedings** |
| | *RECORDER S TRANSCRIPT OF HEARING: PLAINTIFFS MOTION FOR SANCTIONS PURSUANT TO NRCP 37(b) AND MOTION TO EXTEND TIME FOR PLAINTIFFS DEADLINE FOR SUPPLEMENTAL EXPERT REPORT ON ORDER SHORTENING TIME June 24, 2019* |
| 06/27/2019 | **Evidentiary Hearing** (9:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | 06/27/2019, 07/09/2019, 09/03/2019 |
| | Result: Matter Continued |
| 06/27/2019 | **Declaration** |
| | *Declaration of David J. Mitchell in Opposition to Motion to Compel and Sanctions* |
| 06/27/2019 | **All Pending Motions** (9:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 07/02/2019 | **Supplement** |
| | *Supplement In Support of Monetary Sanctions and Request for Incremental Sanctions* |
| 07/08/2019 | **Status Check: Trial Readiness** (9:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 07/08/2019 | **Receipt of Copy** |
| | *Receipt of Copy of Def's Second Supp Resp to P's 1st set of RFP* |
| 07/09/2019 | **All Pending Motions** (9:30 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 07/09/2019 | **Telephonic Conference** (1:30 PM) (Judicial Officer Gonzalez, Elizabeth) |
| | Parties Present |
| | Minutes |
| | Result: Matter Heard |
| 07/30/2019 | *CANCELED* **Calendar Call** (9:30 AM) (Judicial Officer Gonzalez, Elizabeth) |
| | *Vacated - per Judge* |
| 08/05/2019 | *CANCELED* **Bench Trial** (1:30 PM) (Judicial Officer Gonzalez, Elizabeth) |
| | *Vacated - per Judge* |
| 08/19/2019 | **Transcript of Proceedings** |

|  | *Transcript of Proceedings: Evidentiary Hearing - Day 2 Tuesday, July 09, 2019* |
| 08/23/2019 | **Transcript of Proceedings** |
|  | *Transcript of Proceedings: Evidentiary Hearing - Day 1* |
| 08/23/2019 | **Motion for Summary Judgment** |
|  | *Defendant's Motion for Summary Judgment* |
| 08/24/2019 | **Clerk's Notice of Hearing** |
|  | *Notice of Hearing* |
| 08/28/2019 | **Notice of Bankruptcy** |
|  | *Notice of Bankruptcy Filing* |
| 08/30/2019 | **Brief** |
|  | *Trial Brief Regarding Evidentiary Hearing - Discovery Sanctions* |
| 09/02/2019 | **Declaration** |
|  | *Declaration of Ira Victor* |
| 09/03/2019 | **All Pending Motions**  (10:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
|  | Parties Present |
|  | Minutes |
|  | Result: Matter Heard |
| 09/10/2019 | **Accounting** |
|  | *Itemized Statement Accounting for Fees and Costs (8-22-2019 to 9-3-2019)* |
| 09/17/2019 | **Transcript of Proceedings** |
|  | *Transcript of Proceedings: Evidentiary Hearing - Day 3 9/3/19* |
| 09/20/2019 | **Order** |
|  | *Order RE: Discovery Sanctions* |
| 09/23/2019 | **Notice of Entry of Order** |
|  | *Notice of Entry of Order Re: Discovery Sanctions* |
| 09/24/2019 | **Stipulation and Order** |
|  | *Stipulation and Order to Continue the Hearing on Defendant 305 Las Vegas, LLC's Motion for Summary Judgment* |
| 09/24/2019 | **Notice of Entry of Stipulation and Order** |
|  | *Notice of Entry of Stipulation and Order to Continue the Hearing on Defendant 305 Las Vegas, LLC's Motion for Summary Judgment* |
| 09/24/2019 | **Judgment** |
|  | *Judgment* |
| 09/24/2019 | **Notice of Entry of Judgment** |
|  | *Notice of Entry of Judgment* |
| 10/07/2019 | **Motion to Seal/Redact Records** |
|  | *Motion to Maintain Redactions and Seal Certain Exhibits to Plaintiff's Opposition to Motion for Summary Judgment and Countermotion for Discovery Pursuant to NRCP 56(d)* |
| 10/07/2019 | **Receipt of Copy** |
|  | *Receipt of Copy of Defendant's 3rd Supp Responses to RFP of Documents* |
| 10/07/2019 | **Opposition to Motion For Summary Judgment** |
|  | *Plaintiffs' Opposition to Motion for Summary Judgment and CounterMotoin for Discovery Pursuant to NRCP 56(d)* |
| 10/07/2019 | **Appendix** |
|  | *Appendix to Plaintiffs' Opposition to Motion for Summary Judgment and Countermotion for Discovery Pursuant to NRCP 56(d)* |
| 10/07/2019 | **Appendix** |
|  | *Appendix to Plaintiffs' Opposition to Motion for Summary Judgment and Countermotion for Discovery Pursuant to NRCP 56(d)* |
| 10/07/2019 | **Clerk's Notice of Hearing** |
|  | *Notice of Hearing* |
| 10/07/2019 | **Statement** |
|  | *The Mitchell Defendants' Statement of Compliance and Motion for Additional Time for Further Production* |
| 10/08/2019 | **Calendar Call**  (9:30 AM) (Judicial Officer Gonzalez, Elizabeth) |
|  | Parties Present |
|  | Minutes |
|  | Result: Matter Heard |
| 10/08/2019 | **Filed Under Seal** |
|  | *Appendix to Plaintiff's Opposition to Motion for Summary Judgment and Countermotion for Discovery Pursuant to NRCP 56(d)* |
| 10/14/2019 | **Transcript of Proceedings** |
|  | *Transcript of Proceedings: Calendar Call* |
| 10/21/2019 | **Motion for Summary Judgment**  (9:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
|  | *Defendant's Motion for Summary Judgment* |
|  | *09/24/2019 Reset by Court to 10/21/2019* |
| 11/08/2019 | **Motion to Seal/Redact Records**  (3:00 AM) (Judicial Officer Gonzalez, Elizabeth) |
|  | *Plaintiff's Motion to Maintain Redactions and Seal Certain Exhibits to Plaintiff's Opposition to Motion for Summary Judgment and Countermotion for Discovery Pursuant to NRCP 56(d)* |
| 12/30/2019 | **Bench Trial**  (9:30 AM) (Judicial Officer Gonzalez, Elizabeth) |
|  | *10/14/2019 Reset by Court to 12/30/2019* |

---

### FINANCIAL INFORMATION

|  |  |  |  |  |
|---|---|---|---|---|
|  | **Defendant 305 Las Vegas LLC** |  |  |  |
|  | Total Financial Assessment |  |  | 230.00 |
|  | Total Payments and Credits |  |  | 230.00 |
|  | Balance Due as of 10/14/2019 |  |  | 0.00 |
| 03/02/2017 | Transaction Assessment |  |  | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20642-CCCLK | 305 Las Vegas LLC | (30.00) |
| 08/23/2019 | Transaction Assessment |  |  | 200.00 |
| 08/23/2019 | Efile Payment | Receipt # 2019-52077-CCCLK | 305 Las Vegas LLC | (200.00) |

| | | | | |
|---|---|---|---|---|
| | **Defendant Aquarius Owner LLC** | | | |
| | Total Financial Assessment | | | 30.00 |
| | Total Payments and Credits | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20838-CCCLK | Aquarius Owner LLC | (30.00) |
| | **Defendant Casino Coolidge LLC** | | | |
| | Total Financial Assessment | | | 30.00 |
| | Total Payments and Credits | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20644-CCCLK | Casino Coolidge LLC | (30.00) |
| | **Defendant Las Vegas Land Partners LLC** | | | |
| | Total Financial Assessment | | | 30.00 |
| | Total Payments and Credits | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20631-CCCLK | Las Vegas Land Partners LLC | (30.00) |
| | **Defendant Leah Property LLC** | | | |
| | Total Financial Assessment | | | 30.00 |
| | Total Payments and Credits | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20634-CCCLK | Leah Property LLC | (30.00) |
| | **Defendant Liberman Holdings LLC** | | | |
| | Total Financial Assessment | | | 30.00 |
| | Total Payments and Credits | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20841-CCCLK | Liberman Holdings LLC | (30.00) |
| | **Defendant Liberman, Barnet** | | | |
| | Total Financial Assessment | | | 30.00 |
| | Total Payments and Credits | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20630-CCCLK | Liberman, Barnet | (30.00) |
| | **Defendant Live Work LLC** | | | |
| | Total Financial Assessment | | | 30.00 |
| | Total Payments and Credits | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20636-CCCLK | Live Work LLC | (30.00) |
| | **Defendant Live Work Manager LLC** | | | |
| | Total Financial Assessment | | | 30.00 |
| | Total Payments and Credits | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20637-CCCLK | Live Work Manager LLC | (30.00) |
| | **Defendant Live Works TIC Successor LLC** | | | |
| | Total Financial Assessment | | | 30.00 |
| | Total Payments and Credits | | | 30.00 |

| | | | | |
|---|---|---|---|--:|
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20643-CCCLK | Live Works TIC Successor LLC | (30.00) |
| | | | | |
| | **Defendant LVLP Holdings LLC** | | | |
| | **Total Financial Assessment** | | | 30.00 |
| | **Total Payments and Credits** | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20639-CCCLK | LVLP Holdings LLC | (30.00) |
| | | | | |
| | **Defendant Meyer Property Ltd** | | | |
| | **Total Financial Assessment** | | | 30.00 |
| | **Total Payments and Credits** | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20632-CCCLK | Meyer Property Ltd | (30.00) |
| | | | | |
| | **Defendant Mitchell Holdings LLC** | | | |
| | **Total Financial Assessment** | | | 30.00 |
| | **Total Payments and Credits** | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20640-CCCLK | Mitchell Holdings LLC | (30.00) |
| | | | | |
| | **Defendant Mitchell, David J** | | | |
| | **Total Financial Assessment** | | | 1,933.00 |
| | **Total Payments and Credits** | | | 1,933.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 450.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20628-CCCLK | Mitchell, David J | (450.00) |
| 03/02/2017 | Transaction Assessment | | | 223.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20629-CCCLK | Mitchell, David J | (223.00) |
| 03/03/2017 | Transaction Assessment | | | 1,260.00 |
| 03/03/2017 | Efile Payment | Receipt # 2017-20849-CCCLK | Mitchell, David J | (1,260.00) |
| | | | | |
| | **Defendant Wink One LLC** | | | |
| | **Total Financial Assessment** | | | 30.00 |
| | **Total Payments and Credits** | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20635-CCCLK | Wink One LLC | (30.00) |
| | | | | |
| | **Defendant Zoe Property LLC** | | | |
| | **Total Financial Assessment** | | | 30.00 |
| | **Total Payments and Credits** | | | 30.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 03/02/2017 | Transaction Assessment | | | 30.00 |
| 03/02/2017 | Efile Payment | Receipt # 2017-20633-CCCLK | Zoe Property LLC | (30.00) |
| | | | | |
| | **Plaintiff Nype, Russell L** | | | |
| | **Total Financial Assessment** | | | 288.00 |
| | **Total Payments and Credits** | | | 288.00 |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 07/27/2016 | Transaction Assessment | | | 270.00 |
| 07/27/2016 | Efile Payment | Receipt # 2016-71960-CCCLK | Nype, Russell L | (270.00) |
| 09/25/2019 | Transaction Assessment | | | 18.00 |
| 09/25/2019 | Payment (Window) | Receipt # 2019-58642-CCCLK | John J Muije & Associates | (18.00) |
| | | | | |
| | **Plaintiff Revenue Plus LLC** | | | |

| | | | | |
|---|---|---|---|---|
| | **Total Financial Assessment** | | | **30.00** |
| | **Total Payments and Credits** | | | **30.00** |
| | **Balance Due as of 10/14/2019** | | | **0.00** |
| 07/27/2016 | Transaction Assessment | | | 30.00 |
| 07/27/2016 | Efile Payment | Receipt # 2016-71961-CCCLK | Revenue Plus LLC | (30.00) |

**EXHIBIT 5**

# LAWYER-CLIENT CONTINGENT FEE AGREEMENT

**JOHN W. MUIJE & ASSOCIATES, a Nevada Professional Corporation** ("Lawyer"), will provide legal services to **SHELLEY D. KROHN, in her capacity as bankruptcy trustee of LAS VEGAS LAND PARTNERS, LLC, a debtor in Bankruptcy Case No, 19-15333-mkn** ("Client"), on the terms set forth below. This agreement is required to be in writing by Nevada Rules of Professional Conduct 1.5(c). This Agreement is subject to approval by the United States Bankruptcy Court for the District of Nevada in Case No. 19-15333-mkn (the "Bankruptcy Court")

**1. CONDITIONS.** This Agreement will not take effect and Lawyer will not have any obligation to provide legal services to Client until this Agreement is approved by the Bankruptcy Court.

**2. SCOPE OF SERVICES.** Under this Agreement, Client is hiring Lawyer to represent Client in the matter of Client's following claims against DAVID J. MITCHELL; BARNET LIBERMAN; LAS VEGAS LAND PARTNERS, LLC; MEYER PROPERTY, LTD.; ZOE PROPERTY, LLC; LEAH PROPERTY, LLC; WINK ONE, LLC; LIVE WORK, LLC; LIVE WORK MANAGER, LLC; AQUARIAS OWNER, LLC; LVLP HOLDINGS, LLC; MITCHELL HOLDINGS, LLC; LIEBERMAN HOLDINGS, LLC; 305 LAS VEGAS LLC; LIVE WORKS TIC SUCCESSOR, LLC; PC/LIVE WORK VEGAS, LLC; CASINO COLLIDGE, LLC (collectively, the "Defendants") in the Eighth Judicial District Court as Case No. A-16-740689-B (the "State Court Litigation").

Lawyer will represent Client until the amounts awarded in the State Court Litigation are collected including any appeal or in any proceedings designed to execute on the judgment in the State of Nevada without additional compensation.

**Lawyer will continue to represent Russell Nype and Revenue Plus, LLC (collectively, "Nype") as co-plaintiffs in the State Court Litigation.**

**3. CLIENT.** Lawyer is representing the Client only with regard to the State Court Litigation and not in any other matter.

**4. RESPONSIBILITIES OF THE PARTIES.** Lawyer will provide those legal services reasonably required to represent Client in prosecuting the State Court Litigation described in paragraph 2.  Client further agrees to cooperate fully with Lawyer in all matters related to the preparation and presentation of Client's claims. Client agrees to keep Lawyer informed of Client's representative, telephone number and email address.  Client agrees to cooperate with Lawyer to obtain approval of this Agreement and the payment of fees and costs under this Agreement.

**5. COSTS.** Lawyer will incur various costs and expenses in performing legal services in the State Court Litigation (including such costs and expenses incurred both before and after the employment of Lawyer by Client). **From the funds collected from the Defendants, Client agrees to pay for 50% of all costs and expenses in connection with the State Court Litigation.** Costs and expenses commonly include court fees, service of process charges, court and deposition reporters' fees, photocopying and reproduction costs, notary fees, messenger and other delivery fees, postage, deposition costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultant, expert witness, professional mediator, arbitrator and/or special master fees and other similar items. Costs and expenses will be charged at Lawyer's cost.

Lawyer will continue to advance costs in the State Court Litigation which shall be reimbursed from the amounts collected from the Defendants. Client will have no obligation to pay costs except from the funds collected from the Defendants.

Lawyer understands that payment of such costs and expenses may be subject to prior approval by the Bankruptcy Court. If requested by the Client, Lawyer will appear before the Bankruptcy Court.

**Client understands that RUSSELL NYPE and REVENUE PLUS, LLC have in the past and, in the future, may reimburse Lawyer for costs incurred in the State Court Litigation.**

**6. CONTINGENT LEGAL FEES.** Lawyer will only be compensated for legal services rendered with regard to the State Court Litigation if a recovery is obtained for Client. If no recovery is obtained, Client will be not be obligated to pay any fees or costs in the State Court Litigation.

**The fee to be paid will be a 33 1/3% of the "gross recovery" of the State Court Litigation by the Client. The fee will be calculated before the deduction of any costs and expenses.** Upon receipt of any recovery by Client, Lawyer will provide Client with a written statement stating the outcome of the matter and the method by which the amount of fees was calculated.

Lawyer understands that payment of its fees may be subject to prior approval by the Bankruptcy Court. If requested by the Client, Lawyer will appear before the Bankruptcy Court.

**Client is aware that RUSSELL NYPE and REVENUE PLUS, LLC has paid and, in the future, may pay Lawyer and other lawyers on an hourly fee basis for prosecuting the State Court Litigation. Upon receipt of the Contingent Legal Fee from the Client, Lawyer may reimburse RUSSELL NYPE and REVENUE PLUS, LLC for the hourly fees they have paid.**

**7. DISCHARGE AND WITHDRAWAL.** Client may discharge Lawyer at any time. Lawyer may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this agreement, refusal to cooperate or to follow Lawyer's advice on a material matter or any fact or circumstance that would render Lawyer's continuing representation unlawful or unethical. When Lawyer's services conclude, all unpaid charges will immediately become due and payable.

   If the Client discharges Lawyer before funds are collected on the State Court Litigation, Client will (a) reimburse costs and expenses paid by Lawyer and (b) Lawyer will be entitled to reasonable fees in the event funds are later collected on a judgment issued the State Court Litigation.

   Lawyer will maintain Client's file for 5 years after this matter is concluded. Client may request the file at any time during, upon conclusion of, or after conclusion of, this matter. Five (5) years after the conclusion of this matter, the file may be destroyed without further notice to Client.

**8. DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this Agreement and nothing in Lawyer's statements to Client will be construed as a promise or guarantee about the outcome of this matter. Lawyer makes no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Lawyer's comments about the outcome of this matter are expressions of opinion only. Client acknowledges that Lawyer has made no promise or guarantees about the outcome.

**9. NEGOTIABILITY OF FEES.** The rates set forth are not set by law, but were negotiable between a Lawyer and Client.

**10. APPROVAL NECESSARY FOR SETTLEMENT.** Lawyer will not make any settlement or compromise of any nature of any of Client's claims without Client's prior approval. Client has the absolute right to accept or reject any settlement. Client agrees to seriously consider any settlement offer Lawyer recommends before making a decision to accept or reject such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claims without prior notice to Lawyer.

**11. LIMITATION OF REPRESENTATION.** Lawyer represents Client only in the State Court Litigation described in paragraph 2 – Scope of Services. Lawyer's representation does not include independent or related matters that arise. Lawyer's representation does not include representation of the Client in the Bankruptcy Court.

   This agreement does not include defending Client against, or representing Client in any claims that may be asserted against Client such as a cross-claim or counter-claim in Client's case. This agreement does not apply to any other legal matters. If any such matters arise later, Lawyer and Client will either negotiate a separate Agreement if Client and Lawyer agree that Lawyer will perform such additional legal work or Client will engage separate counsel with respect to cross-claims or counter-claims or additional legal work.

Client may have other possible causes of action arising from the facts and circumstances giving rise to this representation. As Lawyer does not represent Client on these other possible claims, Client should seek independent representation if Client wishes to pursue a remedy. Delay or failure to do so may result in Client being barred by a statute of limitations from being able to recover under these other causes of action.

**12. CONCLUSION OF SERVICES.** After Lawyer's services conclude, upon request, Client's file will be delivered to Client.

**13. LIEN.** [omitted]

**14. RECEIPT OF PROCEEDS.** All proceeds of Client's case shall be deposited into Lawyer's trust account for disbursement in accordance an order of the Bankruptcy Court. No disbursement may be made until the settlement/or recovery check has cleared the bank.

**Subject to Bankruptcy Court approval, 50% of any funds collected from the Defendants as a result of the State Court Litigation will be the property of RUSSEL NYPE and REVENUE PLUS, LLC and 50% will be the Property of Client except that the previously existing award for discovery sanctions shall be the sole property of RUSSEL NYPE and REVENUE PLUS, LLC.**

**15. ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties with regard to the State Court Litigation. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties with regard to the State Court Litigation.

**16. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**17. MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

**18. ARBITRATION AND WAIVER OF JURY TRIAL.** TO THE EXTENT PERMITTED BY THE BANKRUPTCY COURT, ANY DISPUTE BETWEEN US SHALL BE SUBJECT TO BINDING ARBITRATION.

IF THE ENTIRE DISPUTE CAN AND WILL BE HEARD BY THE FEE DISPUTE COMMITTEE OF THE STATE BAR OF NEVADA, THEN THAT SHALL BE THE FORUM FOR ARBITRATION. IF THE ENTIRE DISPUTE CANNOT OR WILL NOT BE HEARD BY THE FEE DISPUTE COMMITTEE OF THE STATE BAR OF NEVADA, THEN THE ARBITRATION SHALL BE HELD IN CLARK COUNTY, NEVADA BEFORE A RETIRED DISTRICT COURT JUDGE OR OTHER MUTUALLY ACCEPTABLE ARBITRATOR. JUDGMENT ON THE ARBITRATOR'S AWARD SHALL BE FINAL AND BINDING AND MAY BE ENTERED IN ANY

COMPETENT COURT.   AS A PRACTICAL MATTER, BY AGREEING TO
ARBITRATE, ALL PARTIES ARE WAIVING JURY TRIAL.

       THIS AGREEMENT TO ARBITRATE ALL DISPUTES BETWEEN US
APPLIES EVEN IF SOME PERSON OR ENTITY CLAIMS THAT THIS AGREEMENT
IS VOID, VOIDABLE OR UNENFORCEABLE FOR ANY REASON.

**19. CONFLICT OF INTEREST.** It is understood by Client that the Lawyer is currently
counsel for RUSSEL NYPE and REVENUE PLUS, LLC with regard to their claims
against the Defendants. Lawyer will continue to represent RUSSEL NYPE and
REVENUE PLUS, LLC in the State Court Litigation. Client waives any conflict that
exists or arises due to Lawyer's past and future representation of RUSSEL NYPE and
REVENUE PLUS, LLC.

       Lawyer will not be representing Client in the bankruptcy case of LAS VEGAS
LAND PARTNERS, LLC.

       No part of the discovery sanctions previously awarded in the State Court
Litigation to RUSSEL NYPE and REVENUE PLUS, LLC against the Defendants shall
be paid to the Client.

**WE ARE NOT ADVISING YOU WITH RESPECT TO THIS AGREEMENT
BECAUSE WE WOULD HAVE A CONFLICT OF INTEREST IN DOING SO.  IF
YOU WISH LEGAL ADVICE REGARDING THIS AGREEMENT, YOU
SHOULD CONSULT COUNSEL OF YOUR CHOICE.**

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND
AGREE TO THEM, AS OF THE DATE LAWYER FIRST PROVIDED SERVICES.

DATED: _____, 2019

Client: **SHELLEY D. KROHN, in her capacity as bankruptcy trustee of LAS
VEGAS LAND PARTNERS, LLC, a debtor in Bankruptcy Case No, 19-15333-mkn**

Signature:_____
Print Name & Title: Shelley D. Krohn, Trustee

Lawyer: **JOHN W. MUIJE & ASSOCIATES**

Signature: _____

Print Name & Title: John W. Muije, President