Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

*Electronically Filed On: April 17, 2020*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

LAS VEGAS LAND PARTNERS, LLC,

Debtor.

Case No.  BK-S-19-15333-MKN
Chapter 7

**APPLICATION TO EMPLOY COLLIERS INTERNATIONAL TO SELL CERTAIN REAL PROPERTY AND TO PAY COMMISSION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**

Date of Hearing:    May 28, 2020
Time of Hearing:   11:00 a.m.
Place: Courtroom No. 2, Third Floor
         Foley Federal Building
         300 Las Vegas Blvd., S.
         Las Vegas, NV 89101

Judge:  Honorable Mike K. Nakagawa[1]

Shelley D. Krohn (the "Trustee"), the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case, by and through her counsel, Jacob L. Houmand, Esq. and Bradley G. Sims, Esq. of the Houmand Law Firm, Ltd., hereby submits this *Application to Employ Colliers International to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§*

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

*327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Application").

This Application is filed pursuant to 11 U.S.C. §§ 327 and 328 and Federal Rule of Bankruptcy Procedure 2014. The Application is based on the following Memorandum of Points and Authorities, the *Declaration of Shelley D. Krohn In Support of Application to Employ Colliers International to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Trustee Declaration"), and the *Declaration of Grant Traub, SIOR In Support of Application to Employ Colliers International to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Traub Declaration"), both of which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2). The Application is also based on the pleadings and papers on file herein, and any argument that may be entertained at the hearing on the Application.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

1. On August 19, 2019, Las Vegas Land Partners, LLC (the "Debtor") filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1].[3] *See* Trustee Declaration.

2. On August 19, 2019, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 2]. *See* Trustee Declaration.

3. On October 3, 2019, the Debtor filed its bankruptcy schedules [ECF No. 20]. *See* Trustee Declaration.

4. The Debtor's Schedule A/B did not identify any real or personal property. *See* Schedule A/B [ECF No. 20], pp. 3-5.

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-captioned bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by FRBP 9017.

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

-2-

5.  The Debtor is the sole member of Wink One, LLC ("Wink One") that, in turn, owns a forty percent (40%) ownership interest in the real property described as: the city block bounded by Casino Center, Bonneville, South 1st and Garces Streets, Las Vegas, Nevada [APN 139-34-301-008] (the "Property").[4]  *See* Trustee Declaration.

6.  The Property is currently leased to the Regional Transportation Commission of Southern Nevada.  *See* Trustee Declaration.

7.  The Trustee now seeks to employ Colliers International ("Colliers") as realtor to market and sell the Property for the benefit of the Debtor's creditors.  *See* Trustee Declaration.

## II.  JURISDICTION AND VENUE

8.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A).  The statutory basis for the relief sought is Section 327 and FRBP 2014.  Venue of Debtor's Chapter 7 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.  COLLIERS

9.  Colliers is well suited for the type of representation required by the Trustee.  Colliers specializes in the marketing and sale of commercial real property throughout the United States.  Accordingly, the Trustee has determined that Colliers has the resources and experience necessary to effectively market and sell the Property in a manner that will derive the greatest benefit for the Debtors' bankruptcy estate and its creditors.

---

[4] *See B&M Land and Livestock, LLC*, 498 B.R. 262 (Bankr. D. Nev. 2013) (holding a Chapter 7 Trustee appointed in a case where a debtor has a membership interest in a single-member limited liability company automatically has the right to manage that company without the need to take further actions to comply with state law); *see also In re Cleveland*, 519 B.R. 304, 306 (D. Nev. 2014 ("Numerous bankruptcy courts have held, and the Court agrees, that where a debtor has a membership interest in a single-member LLC and files a petition for bankruptcy under Chapter 7, the Chapter 7 trustee succeeds to all of the debtor's rights, including the right to control that entity, and a trustee need not take any further action to comply with state law before exercising such control."); *In re Albright*, 291 B.R. 538 (Bankr. D. Colo 2003) (holding that a debtor's bankruptcy filing, where the debtor was the only member of a limited liability company, effectively assigned her entire membership interest in the limited liability company to the bankruptcy estate, and the Chapter 7 Trustee obtained all of the rights to control management of the limited liability company).

-3-

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

10. Following the Trustee's request that Colliers market and sell the Property, Colliers conducted a search of its client list.

11. Based upon this review of its client list, Colliers determined that it is a "disinterested person" as defined by 11 U.S.C. § 101 and does not hold or represent any interest adverse to the bankruptcy estate.

12. The conclusion that Colliers is a "disinterested" person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a) is based upon the fact neither Colliers nor any of its associates:

(a) Are or were a creditor, equity security holder, or insider of the Debtors except as set forth herein;

(b) Are or were, within two (2) years before the date of the filing the bankruptcy petition, a director, officer or employee of Debtors as specified in subparagraph (c) of Section 101(14) except as set forth herein;

(c) Hold, or have ever held, an interest materially adverse to the interest of the estate or of any class of creditors, equity holders, or parties in interest, by reason of any direct or indirect relationship to, or interest in, the Debtors or for any other reason except as stated herein;

(d) Represent, or have ever represented, the Debtors, insiders of the Debtors, creditors of the Debtors, any other party in interest, or their respective attorneys and accountants except as set forth herein; and

(3) Is a relative or employee of the U.S. Trustee or a Bankruptcy Judge except as stated herein.

13. Except as set forth herein, Colliers has no connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee and that Colliers and each of its employees are all disinterested persons pursuant to 11 U.S.C. § 101(14).

14. Colliers previously represented the Debtor as a listing agent concerning the Property.

. . .

-4-

15. Colliers represents no interest that is adverse to the Trustee, to the Debtors' estate, any creditor, any party in interest, the U.S. Trustee, or any attorney or accountant employed by the foregoing, in matters upon which it will be engaged as a realtor.

16. The Trustee submits that Colliers is a disinterested person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a), as it pertains to representing the Trustee in marketing and sell the Property.

17. Subject to Court approval, the Trustee seeks to pay Colliers pursuant to the following commission structure: (a) 5% of $10 million and below; (b) 4% of $10 million to $25 million; (c) 3% of $25 million to $50 million; and (d) 2% of any amount in excess of $50 million.

18. The Application requests that the employment of Colliers be approved as of the filing of this Application.

19. No promises have been received by Colliers or any of its associates, as to payment or compensation in connection with the above-referenced bankruptcy case in accordance with the provisions of the Bankruptcy Code, the FRBP, the Local Rules, and orders of the Court.

20. This Application will be submitted to the United States Trustee upon the filing of the same.

### IV.   CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order: (a) authorizing the Trustee to employ Colliers to market and sell the Property based upon the terms set forth in this Application with the ultimate sale of the Property subject to notice and hearing and approval of this Court; and (b) for such other and further relief as is just and proper.

Dated this 17th day of April, 2020.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:     702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

-5-