Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:	702/720-3370
Facsimile:	702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

*Electronically Filed On: August 7, 2020*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>LAS VEGAS LAND PARTNERS, LLC,<br><br>Debtor. | Case No. BK-S-19-15333-MKN<br>Chapter 7<br><br>**FIRST INTERIM APPLICATION OF JOHN W. MUIJE & ASSOCIATES, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS SPECIAL LITIGATION COUNSEL DURING THE PERIOD FROM NOVEMBER 1, 2019 THROUGH APRIL 30, 2020 AND FOR REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016**<br><br>Date of Hearing:   September 9, 2020<br>Time of Hearing:   2:30 P.M.<br>Place: Courtroom No. 2, Third Floor<br>             Foley Federal Building<br>             300 Las Vegas Blvd., S.<br>             Las Vegas, NV 89101<br><br>Judge: Honorable Mike K. Nakagawa |

Shelley D. Krohn, Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), hereby submits this *First Interim Application of John W. Muije & Associates, for Allowance of Compensation for Services Rendered as Special Litigation Counsel During the Period From November 1, 2019 Through April 30, 2020 and for Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 And 331 and Federal Rule Of Bankruptcy Procedure 2016* (the

-1-

"Fee Application").[1]

The Fee Application is filed pursuant to Sections 330 and 331, FRBP 2016, the Guidelines for Compensation and Reimbursement of Professionals in Region 17 as promulgated by the Offices of the United States Trustee (the "Region 17 Guidelines"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement on Expenses Filed Under 11 U.S.C. § 330 effective January 30, 1996 (the "U.S. Trustee Guidelines").  The Application is also based on the following Memorandum of Points and Authorities, the *Declaration of Shelley D. Krohn In Support of First Interim Application of John W. Muije & Associates, for Allowance of Compensation for Services Rendered as Special Litigation Counsel During the Period From November 1, 2019 Through April 30, 2020 and for Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 And 331 and Federal Rule Of Bankruptcy Procedure 2016* (the "Trustee Declaration") and the *Declaration of John W. Muije, Esq. In Support of First Interim Application of John W. Muije & Associates, for Allowance of Compensation for Services Rendered as Special Litigation Counsel During the Period From November 1, 2019 Through April 30, 2020 and for Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 And 331 and Federal Rule Of Bankruptcy Procedure 2016* (the "Muije Declaration"), both of which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2).[2]

. . .

. . .

. . .

. . .

. . .

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP."  The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

[2] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

The Fee Application is also based on the pleadings and papers on file herein and any argument that may be entertained at the hearing on the Fee Application.[3]

Dated this 7th day of August, 2020.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

---

[3] The Firm also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by FRBP 9017.

-3-

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

| | |
|---|---|
| Name of Applicant: | John W. Muije & Associates |
| Authorized to Provide Professional Services to: | Shelley D. Krohn, Trustee |
| Date of Retention: | October 31, 2019 |
| Period for which Compensation and Reimbursement is sought: | November 1, 2019-April 30, 2020 |
| Amount of Compensation requested: | $ 73,714.00 |
| Amount of Expense Reimbursement requested: | $ 29,730.23 |
| Total Amount requested: | $ 103,444,23 |

This is a(n): ☒ interim ☐ final application.

-4-

**BILLING SUMMARY**

**Prior Applications:  None**

**Fees**
| | |
|---|---:|
| Fees Previously Requested | 0.00 |
| Fees Previously Awarded | 0.00 |

**Expenses**
| | |
|---|---:|
| Expenses Previously Requested | 0.00 |
| Expenses Previously Awarded | 0.00 |
| | |
| Retainer Paid: | 0.00 |
| Drawn on Retainer: | 0.00 |
| Remaining Retainer: | 0.00 |
| | |
| Current Application Fees from November 1, 2019, through April 30, 2020, Requested: | $73,714.00 |
| Current Application Expenses November 1, 2019, through April 30, 2020, Requested: | $29,730.23 |

**FIRST INTERIM FEE APPLICATION OF
JOHN W. MUIJE & ASSOCIATES.
SUMMARY OF PROFESSIONALS
NOVEMBER 1, 2019 THROUGH APRIL 1, 2020**

| NAME | GRADUATION FROM LAW SCHOOL | TITLE | HOURLY RATE | HOURS | TOTAL FEE |
|---|---|---|---|---|---|
| John W. Muije | 1980 | Partner | N/A | | $73,714.00 |
| **TOTAL** | | | | | **$73,714.00** |

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

John W. Muije & Associates (the "Firm" or the "Applicant"), Special State Court Litigation counsel, makes application to this Court for compensation pursuant to Sections 328, 330, and 331, FRBP 2002 and 2016, and the Guidelines of the United States Department of Justice, Office of the United States Trustee (the "Guidelines"). The terms of the Firm's employment provided that it would be entitled to compensation on a contingency fee basis equal to thirty-three and one third percent (33 1/3%) of the gross property and proceeds recovered from the defendants in the litigation captioned *Nype and Revenue Plus v. Mitchell, Liberman, et al.* (Case No. A-16-740689-B) (the "State Court Litigation") pending in District Court, Clark County. A judgment was entered against the defendants in the State Court Litigation and in favor of the Trustee in the approximate amount of $24 million. Thus far, the Trustee has currently collected $221,142.31 and the Firm seeks interim compensation pursuant to its contingency fee agreement based on the amounts collected by the Trustee.

This Application seeks an order: (i) approving and allowing on an interim basis compensation in the amount of $73,714.00 spanning the period of November 1, 2019 through April 30, 2020 (the "Fee Application Period"); (ii) approving and allowing on an interim basis reimbursement of expenses in the amount of $29,730.23 (50% of accrued and expended costs) that were incurred during the Fee Application Period; and (iii) authorizing the Trustee to pay such amounts to the Firm. The Firm believes that the services it rendered to the Trustee during the Fee Application Period benefited the Debtor's estate and that, therefore, the attorneys' fees and costs requested in this Fee Application should be approved under Section 330(a).

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief sought are Sections 330, FRBP 2016, and Local Rule 2016. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

. . .

2. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Application consistent with Article III of the United States Constitution, the Firm consents to entry of final orders and judgment by this Court.

### III.     EMPLOYMENT TERMS

3. The following summary is intended only to highlight the services rendered by the Firm, and it is not meant to be a detailed description of all of the work performed.

4. On August 19, 2020, Las Vegas Land Partners, LLC (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code.

5. On August 19, 2019, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 2] and has been acting in that capacity since her appointment.

6. On October 24, 2019, the Trustee filed an *Application to Employ John W. Muije & Associates As Special Counsel On A Contingent Fee Basis Under 11 U.S.C. § 327(a)* [ECF No. 28] (the "Special Counsel Employment Application").

7. The Special Counsel Employment Application sought to employ the Firm as special litigation counsel for the Trustee pursuant to Sections 327(a) and (c) and 328(a).

8. The Special Counsel Employment Application provided that the Firm would be employed pursuant to the following terms:

   a. The Firm would be entitled to compensation on a contingency fee basis equal to thirty-three and one third percent (33 1/3%) of the gross property and proceeds recovered from the defendants in the State Court Litigation.

   b. The Trustee would reimburse the Firm for fifty (50%) of any actual and reasonable costs incurred in the State Court Litigation.

   c. The Firm would turnover to the Trustee fifty percent (50%) of all funds and assets collected or recovered from the defendants in the State Court Litigation.

   d. The Firm's representation of the Trustee would be limited to litigation of the claims alleged in the State Court Litigation. The Firm would not act as general bankruptcy counsel for the Trustee.

9. On October 31, 2019, the Court entered an *Order Granting Application to Employ John W. Muije & Associates As Special Counsel On A Contingent Fee Basis Under 11 U.S.C. § 327(a)* [ECF No. 35].

### IV. NARRATIVE STATEMENT OF SERVICES PERFORMED

10. The Firm has provided services in the matters as described below.

11. During the Fee Period Period, the Firm diligently worked with the Trustee to understand the scope and value of the State Court Litigation, prepare the case for trial, and commence enforcement of the $24 million Judgment obtained in State Court on June 16, 2020, as regards the same.

12. Applicant worked to determine assets of the bankruptcy estate, advise and represent the Trustee concerning the rights and remedies of the estate in regard to the assets of the Debtor's estate, and advised and represented the Trustee in connection with litigation matters vs. the debtors principals and former affiliates, among other things.

13. In connection with such representation of the Trustee, the Firm completed final pre-trial discovery, including procuring over 1.3 million pages of documents pursuant to a court order compelling discovery, prepared for trial, and conducted a two-week trial of the case. Judgment was rendered in the underlying State Court action on behalf of the Trustee, Creditor Russell Nype, and his affiliated corporation, Revenue Plus, LLC, on or about January 16, 2020, which with interest, costs and court ordered attorneys fee now totals approximately $24 million.

14. During the two and a half months of post-judgment activity, encompassed in the Application, the Firm was forced to deal with at least half a dozen complex motions challenging aspects of the judgment, and dealing with fee, costs and interest issues. It should be noted that Defendants have appealed the judgment, and Nevada Supreme Court Mandatory Settlement processes are in progress.

15. While litigating the merits of the underlying trial, as well as fighting various post-trial motions, counsel commenced collection activity, including perfection of a judgment lien and issuance of numerous writs of garnishment. The garnishments proved largely unavailing and yielded only approximately $2,300 in total garnishment recoveries, 50% of which have been

turned over to the Trustee in accordance with the Court approved contingent fee Agreement (See Exhibit "1").

16. The timely recording of the judgment lien, which led to another motion challenging such recording, and as to which the Trustee prevailed, yielded a gross recovery of $440,000.00, when property owned by Casino Coolidge, LLC, was sold to an independent third party in late March, 2020. In accordance with the Court approved contingent fee arrangement, more than $220,000.00 was transferred to the bankruptcy estate.

17. Various Debtor exams were commissioned and scheduled, only to be halted in their tracks by the COVID-19 crisis. Both post-judgment discovery as recommended by counsel, as well as the Mandatory Supreme Court settlement process, have been significantly slowed and delayed by the COVID-19 pandemic. Nevertheless, those remain in its progress. It is hoped that both avenues will yield substantial results in the intermediate term. (E.G. 3-6 months).

## V. STATEMENT REGARDING NOTICE

18. Pursuant to FRBP 2002(a)(6) and 2002(c)(2), notice of hearing on the Fee Application, identifying the Firm and amounts requested, has been served on all identified creditors and parties in interest not less than 28 days prior to the date set for hearing on this Fee Application.

## VI. STATEMENT OF STATUTORY AUTHORITY FOR RELIEF SOUGHT

19. 11 U.S.C. §330(a) states:

> (a)(1)  After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328 and 329 the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103.
>
> (A) Reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) Reimbursement for actual, necessary expenses.

. . .

. . .

-10-

20. 11 U.S.C. §503 states, in relevant part:

(a) An entity may timely file a request for payment of an administrative expense, . . .

(b) After notice and a hearing, there shall be allowed administrative expenses, . . . including –
(2) compensation and reimbursement awarded under Section 330(a) of this title.

21. 11 U.S.C. § 331 authorizes the application for and payment of compensation or reimbursement as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse such compensation or reimbursement.

22. This Fee Application is brought pursuant to 11 U.S.C. §§ 330(a), 331 and 503(b) and Region 17 Guidelines Subsection (b).

## VII. AMOUNT OF COMPENSATION SOUGHT TO BE ALLOWED AND APPROVED

23. This Fee Application seeks interim allowance and payment of compensation in fabor of the Firm for services rendered as counsel for the Chapter 7 Trustee.

24. For the Fee Application Period, the Firm seeks fees in the amount of $73,714.00 and reimbursement for costs expended in the amount of $29,730.23. The total amount that the Firm seeks to have the Court allow and seeks to be paid by the Trustee is $103,444.23.

## VIII. SUMMARY OF SERVICES RENDERED, HOURLY RATES AND EXPENSES INCURRED

25. The Firm was retained as Special State Court counsel for Trustee by an Order of this Court entered on October 31, 2020 [ECF 35].

26. The scope of the Firm's employment in this bankruptcy case was as follows: The Trustee and counsel entered into a custom fee arrangement which was strictly contingency based. The arrangement contemplated that the estate's largest creditor (approximately 98% of all filed

-11-

claims) would continue to fund the litigation, and that counsel would work on a contingency basis and be authorized to reimburse said creditor from monies recovered.

27. The contingency fee disclosed to and approved by the court was 33 1/3% of the amounts recovered for and on behalf of the Estate. *See* Paragraph 6 of Lawyer Client Contingency Fee Agreement attached to the Muije Declaration as **Exhibit "1"**.

28. The agreement also provided that the Trustee will pay 50% of all costs and expenses in connection with the State Court litigation. *Id.* at Paragraph 5.

29. The results achieved during the Fee Application Period encompassed by this Fee Application relate to the scope of employment set forth in this Fee Application.

30. The actual expenses incurred by the Firm during the Fee Application Period are set forth in more specific detail in the billing entries attached as **Exhibit "3"** to the Muije Declaration. The expenses are ones customarily charged to the Firm's non-bankruptcy clients.

### IX.     STATEMENT REGARDING THE EXPENSES INCURRED BY THE FIRM

31. The expenses incurred by Applicant are set forth in **Exhibit "3"** attached to the Muije Declaration.

32. No unusual or extraordinary expenses have been incurred. The expenses are ones customarily charged to Applicant's non-bankruptcy clients:

> "Expenses which are compensable are those fronted by the attorney or law firm on behalf of a particular client. These expenses can only be charged to the bankruptcy estate at the cost to the attorney or law firm…Examples of such expenses are: computer research, long-distance calls, fax machine charges, postage, federal express, photocopying charges, secretarial overtime."

*In re Ginji Corp.*, 117 B.R. 983, 995 (Bankr. D.Nev. 1990).

33. The reason the costs are so great as explained above, is the volume and documentation necessary to present this case at trial.

34. <u>Filing Fees, Garnishment Fees and Constable Expenses.</u> These charges are the actual and necessary expenses incurred by Applicant for filing fees. Applicant bills these charges directly to its clients with no additional mark-up.

. . .

35. <u>Photocopies</u>: For copies, Applicant charges thirty-five cents per page for in-house copies, and for copies of pleadings received via the Court's Electronic Case Filing system ("<u>Photocopy ECF</u>"). Applicant has estimated that the rates it charges for copies are comparable to or less than those charged by other firms in bankruptcy cases.

36. <u>Service of Process – Courier charges</u>: These charges are the actual and necessary expenses incurred by Applicant for service of process. Applicant bills these charges directly to its clients with no additional mark-up.

37. <u>Court Reporters and Transcripts</u>: These charges are the actual and necessary expenses incurred by Applicant for transcripts. Applicant bills these charges directly to its clients with no additional mark-up.

38. <u>Electronic Organization, Indexing duplicating Exhibits and Trial Presentation</u>. Given the very large volume of documents, totaling multiple Hundred exhibits, the State Court directed electronic organization, indexing and preparation of the same for Trial. Attached as **Exhibit "4"** to the Muije Declaration are copies of the Invoices regarding the same. Applicant billed these charges directly to the clients with no additional mark-up.

39. <u>Miscellaneous Litigation and Collection Expenses</u>. This category includes mileage, parking, facsimile, Federal Express, and other modest incidental expenses related to proper preparation, work up, presentation of trial, and handling post-judgment motion work and collection activity.

### X. STATEMENT REGARDING EXPERTISE REQUIRED

40. The Firm is skilled in collection law and post-judgment remedies and has special knowledge which enables Applicant to perform services of benefit to the bankruptcy estate.

41. Applicant currently has one attorney who work primarily in the areas of litigation, collection law and judgment enforcement, who has 40 years of experience.

42. The Applicant has represented numerous creditors in such matters for almost 4 decades.

43. Applicant is therefore particularly skilled, knowledgeable, and experienced in the representation of parties collection law and judgment enforcement and with the issues that may

arise and are to be considered.

## XI. STATEMENT REGARDING PAYMENTS MADE OR PROMISED AND AGREEMENTS TO SHARE COMPENSATION

44. No payments have been made or promised to the Firm for services rendered or to be rendered in connection with this case, other than those payments described in this Fee Application.

45. No agreement or understanding exists between the Firm and any other entity for the sharing of compensation received or to be received for services rendered in connection with this case, except as permitted under Section 504(b)(1). *See* Muije Declaration.

## XII. CONCLUSION

WHEREFORE, the Firm respectfully requests that this Court enter an Order: (a) granting this Fee Application; (b) approving and allowing compensation in the amount of $73,714.00 and reimbursement of expenses in the amount of $29,730.23 for the Fee Application Period consistent with the terms of this Fee Application; (c) authorizing the Trustee to pay the Firm the amounts set forth in the Fee Application; and (d) for such other relief as is such and proper.

Dated this 7th day of August, 2020.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:   702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*