1

**COHEN JOHNSON LLC**
H. STAN JOHNSON, ESQ.
Nevada Bar No. 00265
sjohnson@cohenjohnson.com
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Debtor*
*And Party in Interest*

2

3

4

5

6

7

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

8

9

| In re:                           | Case No.:  19-15333-MKN |
|                                  | Chapter 7               |
| LAS VEGAS LAND PARTNERS, LLC,    |                         |
|                                  | Hearing Date:  April 13, 2022 |
|     Debtor.                      | Hearing Time: 2:30 p.m. |

10

11

12

13

## OPPOSITION TO MOTION TO ANNUL STAY TO VALIDATE
## STATE COURT JUDGMENT

14

15    Las Vegas Land Partners, LLC ("LVLP" or "Debtor") and David Mitchell, party in

16    interest, ("Mitchell") by and through their counsel H. Stan Johnson, Esq., of the law firm of

17    Cohen Johnson, LLC, hereby files this Opposition to RUSSEL NYPE and REVENUE PLUS,

18    LLC (together referred to hereinafter as "Nype")'s Motion to Annul Stay to Validate State Court

19    Judgment ("Opposition").

20

## **INTRODUCTION**

21

22    It is black letter law that actions taken in violation of the stay imposed by Section 362 of

23    the Bankruptcy Code are void, not merely voidable.  The automatic stay imposed when a debtor

24    files for bankruptcy protection has been recognized as one of the most critical aspects of a

25    bankruptcy proceeding.  Because the automatic stay is so central to the bankruptcy process,

26    bankruptcy courts throughout the country have routinely declared actions taken in violation of

27

28

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

such a stay to be void.

Critical to this motion, the United States Bankruptcy Appellate Panel for the Ninth Circuit has recently held that a creditor's continuation of a state court fraudulent conveyance action against non-debtor entities is **_a violation of the automatic stay_**, even if debtor was separated out from the action.  *Koeberer v. California Bank of Commerce et al. (In re Koeberer)*, BAP No. NC-21-1078-FBS, Bk. No. 20-110514, 2021 WL 5371142 at *5-6 (B.A.P. 9th Cir. Nov. 18, 2021) (citing *FDIC v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125 (2d Cir. 1992)).  The Ninth Circuit's decision in *Koeberer* is dispositive.

The facts underlying this motion are not in dispute:

- In April 2015, Nype was awarded a judgment against the debtor in this bankruptcy case, Las Vegas Land Partners, LLC ("LVLP" or the "Debtor").

- Claiming an inability to enforce that judgment, in 2017, Nype sued LVLP, as well as its two principals, Mitchell and Barnet Liberman ("Liberman"), and several related entities, asserting claims for constructive trust, fraudulent conveyance, civil conspiracy, declaratory relief, and alter ego.

- With Nype's collection action pending, LVLP filed a Chapter 7 bankruptcy petition in August 2019, thereby triggering the automatic stay pursuant to Section 362 of the Bankruptcy Code.

- There was no order issued in the LVLP bankruptcy case granting relief from the stay.

- Nonetheless, despite the imposition of the automatic stay, the state court in Nype's collection action proceeded to trial on fraudulent transfer and alter ego claims **_admittedly belonging to the LVLP bankruptcy estate_** as against all defendants

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

2

other than LVLP, which resulted in a judgment in the amount of nearly $25 million.

It was improper, and a violation of the automatic stay, for the state court to permit Nype to proceed with respect to the fraudulent transfer and alter ego claims, which he admits belong to LVLP's bankruptcy estate.

Following the Nevada state court's judgment in Nype's collection proceeding, Liberman filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York. In that proceeding, in denying Nype's motion for summary judgment to have his Nevada judgment recognized, the Eastern District of New York held: "In light of [the lack of an order granting relief from the stay in the LVLP bankruptcy], and in light of *In re Koeberer*, ***this Court cannot find, based on the current record, that the Nevada Judgment is a valid and enforceable judgment*** entitled to collateral estoppel effect." Nype Mot. Ex. E at p.6 (emphasis added).

Nype, recognizing that his prosecution of the collection action against all defendants other than LVLP violated the automatic stay under dispositive Ninth Circuit law, now seeks to rectify his mistake ***retroactively*** by asking this Court to "annul" the automatic stay so as to "validate" the improper judgment issued by the Nevada State Court in the Collection Litigation.

As set forth below, the motion to annul the automatic stay should be denied. It is black letter law that annulment of the automatic stay is an ***extraordinary*** measure that is ***the exception*** rather than the rule and is granted only in "***extreme*** circumstances" not present here. Annulling the automatic stay is only appropriate in the rarest of circumstances because it is inconsistent with the purpose of the stay to give all debtors who seek the protection of bankruptcy in good faith –

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

and their creditors – a "breathing spell" to allow equality of distribution to similarly situated creditors.

While Nype contends that he is merely seeking to enforce a state court judgment against certain non-debtors (including Mitchell), by his own admission, he obtained that judgment on claims that **belong to the LVLP bankruptcy estate**.  Indeed, Nype's state court judgment is against the transferees of alleged fraudulent transfers **from LVLP**, who were also found liable as **the alter egos of LVLP**.  The fact that these claims – by Nype's own admission – belong to the LVLP bankruptcy estate is critical because any recovery from that judgment should be put into the estate to be systematically and **equitably** distributed to similarly situated creditors of LVLP in this bankruptcy case.

While Nype disingenuously contends that the LVLP bankruptcy estate would purportedly "benefit" from the state court judgment, as Nype himself admits, he has an agreement with the Trustee pursuant to which Nype would take a whopping **fifty percent (50%)** of any recovery from the judgment **for himself**, while the LVLP bankruptcy estate would be left with the remaining half for distribution to LVLP's creditors, **including Nype**.  As such, under this agreement, Nype stands to recover half of the judgment recovery for himself, **plus** any additional recovery as a creditor in this bankruptcy case (including his *pro rata* portion of the estate's other half of the judgment recovery).  It would be gravely inequitable – and contrary to the purpose of the automatic stay and the Bankruptcy Code generally – to allow Nype to receive such a disproportionate share of the judgment recovery and unfairly put himself in a substantially better position than other, similarly situated creditors.  Accordingly, the motion to annul the automatic stay to allow enforcement of the Nype's state court judgment should be denied.

**COHEN JOHNSON LLC**
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**FACTUAL BACKGROUND**

**I.**     **The First Litigation Between Nype and LVLP**

Since the mid-1980's, Mitchell has been a real estate developer, primarily involved in real estate projects in New York, Florida and New Jersey.  In 2004, Mitchell and his business partner, Barnet Liberman, embarked upon an ambitious plan to undertake a significant real estate development in downtown Las Vegas.  To that end, on August 17, 2004, Mitchell and Liberman created LVLP for the purpose of acquiring individual parcels of land in downtown Las Vegas, which Mitchell and Liberman hoped to combine into a large-scale real estate development.

In 2005, in connection with its development, LVLP (through Liberman and Mitchell) met Nype.  At the time, Nype was employed by or associated with a company known as First Wall Street Capital International ("First Wall Street").  Thereafter, LVLP entered into a contract with First Wall Street (the "FWS Agreement") to serve as an advisor on the Project. Nype was not a party to the FWS Agreement.  Pursuant to the FWS Agreement, First Wall Street was to be paid a specified commission based upon securing equity capital and debt capital for LVLP's intended development.  Nype was subsequently terminated by First Wall Street.  Further, the business relationship between First Wall Street and LVLP never progressed.

After his termination by First Wall Street, while Nype continued to attempt to secure funding and debt capital for LVLP's development, LVLP and Nype never entered into any contract specifying Nype's potential compensation in the event that Nype was successful in securing funding.   Ultimately, LVLP entered into a purchase agreement with Forest City Enterprises ("Forest City").  First Wall Street was uninvolved in this agreement, yet claimed an entitlement to compensation for services rendered during the time of Nype's employment.  LVLP paid First Wall Street $375,000 to resolve its claimed entitlement to compensation.

In connection with its agreement with Forest City, despite having no obligation to do so, LVLP set aside an escrow of $430,068 as a commission to be paid to Nype for his having introduced LVLP to Forest City. While admitting that he never entered into any agreement with LVLP, Nype insisted that he was entitled to significantly more commission.

In late 2006 or early 2007, a dispute arose between LVLP and Nype over whether Nype was entitled to a fee for making this introduction and, if so, in what amount. Ultimately, in late 2007, LVLP sued Nype seeking a declaratory judgment that it owed Nype no fee, and Nype counterclaimed seeking compensation for services rendered.

On April 10, 2015, the Nevada Court entered a judgment against LVLP in favor of Nype in the amount of $2,608,797 plus interest and costs (the "LVLP Judgment").

## II.    The Collection Litigation

In 2017, Nype sued Mitchell, Liberman, LVLP and several related entities alleging that the defendants in that action engaged in an "Asset Protection Scheme" for the purpose of frustrating Nype's enforcement of the LVLP Judgment (the "Collection Litigation"). In the Collection Litigation, Nype asserted claims for constructive trust, fraudulent conveyance, civil conspiracy, declaratory relief, and alter ego.

In August 2019, while the Collection Litigation was pending, LVLP filed a petition (the "Petition") under chapter 7 of the Bankruptcy Code (the "LVLP Bankruptcy"). As a result of the LVLP Bankruptcy, an automatic stay was entered relating to all claims asserted against LVLP.

After the LVLP Bankruptcy was filed, over the objection of the other defendants, the Nevada Court nonetheless continued the Collection Litigation as to Mitchell, Liberman and the various other defendants, with the exception of LVLP. The LVLP trustee intervened as a plaintiff in the Collection Litigation and filed a "complaint in intervention" on November 18, 2019.

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

On January 17, 2020, after a trial on the merits in the Collection Litigation, the Nevada state court entered Amended Findings of Fact and Conclusions of Law which included a judgment against Mitchell, Liberman and the other defendants, other than LVLP, in the total amount of $19,641,515.90 (the "Nevada Judgment"). Critically, there was no order granting relief from the LVLP Bankruptcy stay, so as to allow the Collection Litigation to proceed.

The Bankruptcy Appellate Panel for the Ninth Circuit recently held that a creditor's continuation of a state court fraudulent conveyance action against non-debtor entities was a violation of the automatic stay, even though the debtor was separated out from the action. *Koeberer v. California Bank of Commerce et al. (In re Koeberer)*, BAP No. NC-21-1078-FBS, Bk. No. 20-110514, 2021 WL 5371142 at *5-6 (B.A.P. 9th Cir. Nov. 18, 2021) (citing *FDIC v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125 (2d Cir. 1992)).

On April 1, 2021, Liberman filed a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Liberman Bankruptcy"). The Liberman Bankruptcy was converted to chapter 7 proceeding on June 28, 2021. On August 24, 2021, Nype filed a proof of claim in the Liberman Bankruptcy in the amount of $19,664,231.90, based on the Nevada Judgment. Nype subsequently filed a complaint seeking non-dischargeability of the $19,641,515.90 claim under §§ 523(a)(2)(A) and 523(a)(6) of the Bankruptcy Code, and on September 23, 2021, Nype filed a motion for partial summary judgment on the § 523(a)(2)(A) claim with regard only to the $4,835,111.37 portion of the Nevada Judgment resulting from Nype's claim for fraudulent conveyance.

On December 3, 2021, the United States Bankruptcy Court for the Eastern District of New York issued a Memorandum Decision and Order denying Nype's motion for partial summary judgment. Relying on the Ninth Circuit Court of Appeals' recent decision in *Koeberer*, the

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

7

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

Eastern District specifically held that: "This Court takes judicial notice of the docket in the LVLP Bankruptcy and notes that there is no order granting relief from stay to allow the Collection Litigation to proceed. In light of this fact, and in light of *In re Koeberer*, this Court cannot find, based on the current record, that the Nevada Judgment is a valid and enforceable judgment entitled to collateral estoppel effect."

## ARGUMENT

## I.      THE NEVADA JUDGMENT VIOLATES THE AUTOMATIC STAY

It is black letter law that the "automatic stay plays a ***vital and fundamental role*** in bankruptcy." *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993) (emphasis added). The automatic stay "is designed to effect an immediate freeze of the status quo by ***precluding and nullifying post-petition actions***, judicial or nonjudicial, in nonbankruptcy fora against the debtor or ***affecting the property of the estate***." *Id.* (emphasis added). The automatic stay also "ensures that all claims against the debtor will be brought in a single forum, ***the bankruptcy court***." *Id.* (emphasis added). Not only does the automatic stay protect the debtor, it also "protects creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others." *Id.* (emphasis added). Given the sanctity of the automatic stay, "actions taken in violation of the automatic stay are ***void*** rather than voidable." *Id.* at 586 (emphasis added).

Section 362(a) of the Bankruptcy Code describes the types of actions that are subject to the automatic stay. Subsection (a)(1) provides that the automatic stay applies to, among other things, the "***continuation*** . . . of a judicial, administrative, or other action or proceeding ***against the debtor*** that was or could have been commenced before the commencement of the case under this title, or ***to recover a claim against the debtor*** that arose before the commencement of the case

8

under this title[.]" 11 U.S.C. § 362(a)(1) (emphasis added).  The latter category – judicial proceedings "to recover a claim against the debtor" – "must encompass cases in *which the debtor is not a defendant*; it would otherwise be totally duplicative of the former category and pure surplusage."  *In re Koeberer*, 632 B.R. 680, 688 (9th Cir. B.A.P. 2021) (quoting *In re Colonial Realty Co.*, 980 F.2d 125, 131-32 (2d Cir. 1992)) (emphasis added).

In the Collection Litigation, Nype asserted fraudulent transfer claims against, *inter alia*, the Debtor (as transferor) and Mitchell and Liberman (as transferees). Nype also sought to pierce the Debtor's corporate veil by alleging that the Debtor was merely the alter ego of Mitchell and Liberman.  Thereafter, the Debtor filed the Petition on August 19, 2019.  As Nype himself admits, "the filing of LVLP's petition automatically stayed the [Collection] Litigation *against LVLP*." Nype Mot. ¶ 6 (emphasis added).   Nype further admits that the LVLP bankruptcy petition automatically stayed "the *fraudulent transfer* action and *alter ego* claim" in the Collection Litigation because those claims are "property of the LVLP bankruptcy estate."  *Id.* (emphasis added).

Nype, however, contends that it was proper for him to nevertheless continue the Collection Action against Mitchell, Liberman and other non-debtor parties because the automatic stay purportedly only applied to claims *against the Debtor*, and did not otherwise stay the fraudulent transfer and alter ego claims against the non-debtors.  To the contrary, it is well settled that fraudulent transfer claims *against the non-debtor transferee* (such as Mitchell) are still *property of the estate* because the debtor "still ha[s] an interest in the transferred property that could be reached by his creditors" and "when such a debtor is forced into bankruptcy, it makes the most sense to consider the debtor as continuing to have a 'legal or equitable interest[ ]' in the property fraudulently transferred within the meaning of section 541(a)(1) of the Bankruptcy

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**COHEN JOHNSON LLC**
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

Code." *Colonial Realty*, 980 F.2d at 131 (quoting *MortgageAmerica Corp. (American Nat'l Bank v. MortgageAmerica Corp.)*, 714 F.2d 1266, 1275 (5th Cir. 1983)).  As such, even though a fraudulent conveyance claim may be brought against the transferee, "it is also an action 'to recover a claim *against the debtor*'" and therefore barred by the automatic stay.  *Id.* at 132 (quoting *In re Saunders*, 101 B.R. 303, 305-06 (Bankr. N.D. Fla. 1989)) (emphasis added).  "Absent a claim against the debtor, there is *no independent basis for the action against the transferee*." *Id.* (emphasis added).

As justification for his improper prosecution of "the fraudulent transfer and alter ego claims *belonging to the LVLP Bankruptcy Estate*," Nype makes much of the fact that his counsel, the Muije Firm, agreed to "turn over to the trustee fifty percent (50%) of all funds and assets collected or recovered from the defendants attributable to any claims litigated in the [Collection] Litigation." Nype Mot. ¶¶ 8, 14 (emphasis added).  It is undisputed, however, that Nype prosecuted these "claims belonging to the LVLP Bankruptcy Estate" even though, in this bankruptcy case, "there is *no order granting relief from stay to allow the Collection Litigation to proceed*."  Nype Mot. Ex. E (ECF No. 94) (Mem. Decision & Order at p. 6, *Nype v. Liberman*, Adv. Proc. No. 21-8123-reg (Bankr. E.D.N.Y. Dec. 3, 2021) (emphasis added).

As Nype himself concedes (as he must), in a recent decision, the Bankruptcy Appellate Panel for the Ninth Circuit "held that a creditor's continuation of a state court fraudulent conveyance action *against non-debtor entities* was a violation of the automatic stay, even though *the debtor was separated out from the action*." Nype Mot. at p. 7 (citing *Koerberer v. Cal. Bank of Comm. (In re Koerberer)*, 632 B.R. 680 (9th Cir. B.A.P. 2021)) (emphasis added).  *Koerberer* is dispositive and compels the conclusion that the Nevada Judgment violated the automatic stay.

Here, like *Koerberer*, a creditor (Nype) – without obtaining relief from the automatic stay

– nevertheless continued a state court fraudulent conveyance action (the Collection Litigation) "*against non-debtor entities*" (including Mitchell, Liberman, and others) "even though *the debtor [LVLP] was separated out from the action*."  As such, as Nype again admits (as he must), the United States Bankruptcy Court for the Eastern District of New York found that "in light of *In re Koeberer*," the Nevada Judgment is *not* a "valid and enforceable judgment" because Nype's "continuation of a state court fraudulent conveyance action against non-debtor entities was *a violation of the automatic stay*."  Nype Mot. Ex. E at p.6 (emphasis added).

Instead of appealing that decision in the Eastern District of New York, Nype and the Trustee instead come to this Court – contending that they "disagree" with the Eastern District of New York (without bothering to provide any rationale for their "disagreement") – and asking that this Court effectively overrule that well-reasoned decision of a sister court by *retroactively annulling* the automatic stay.  For the following reasons, Nype's motion for such extraordinary and extreme relief should be denied.

## II.    THE AUTOMATIC STAY SHOULD NOT BE ANNULLED

Under Section 362(d) of the Bankruptcy Code, the Court may "annul" the automatic stay "for cause."  11 U.S.C. § 362(d)(1).  Such annulment "is retroactive relief, allowing the Court to validate actions taken in violation of the stay that would otherwise be void."  *In re Franco*, 574 B.R. 730, 738 (Bankr. D.N.M. 2017).  "Because *the stay operates as a fundamental protection for all parties affected by the filing of a petition in bankruptcy*, retroactive relief is an *extraordinary* measure and the circumstances that justify it are likely to be far and few between."  *In re Bright*, 338 B.R. 530, 535 (1st Cir. B.A.P. 2006) (citing *In re Soares*, 107 F.3d 969 (1st Cir. 1997)) (emphasis added).  "Annulling the stay is thus inconsistent with the notion that all debtors who seek the protection of bankruptcy in good faith are entitled to the 'breathing spell' created by

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

the automatic stay. Such extraordinary relief should therefore not be commonly available.  If it were otherwise, the careful balance of benefits and burdens built into the Bankruptcy Code by Congress would be thrown off kilter." *In re Siciliano*, 167 B.R. 999, 1007 (E.D. Penn. 1994).  As such, "[c]ourts are in agreement that allowing retroactive relief from the stay is ***the exception*** rather than the rule." *In re Magallanez*, 403 B.R. 558, 562 (Bank. N.D. Ill. 2009) (quoting *Will v. Ford Motor Credit Co. (In re Will)*, 303 B.R. 357, 368 (Bankr. N.D. Ill .2003); *In re Scott*, 260 B.R. 375, 381 (Bankr. D.S.C. 2001)) (emphasis added); *Siciliano*, 167 B.R. at 1007 ("[A]nnulling the stay is only appropriate in the rarest of circumstances.").

In determining whether to retroactively annul the automatic stay, the "court must be also especially hesitant to validate acts committed during the pendency of the stay and, when determining whether to do so, must be mindful of the purpose of the automatic stay." *In Matter of Allied Holdings, Inc.*, 355 B.R. 372, 377 (Bankr. N.D. Ga. 2006).  "Specifically, the court should be cognizant of the fact that the automatic stay is not only intended to protect the debtor from collection actions and to afford the debtor a 'breathing spell' in which it can reorganize, but is also ***intended to protect the interests of the debtor's other creditors***." *Id.* (emphasis added).  "In this regard, the automatic stay is instrumental in achieving one of the primary goals of the Bankruptcy Code – ***equality of distribution to similarly situated creditors***." *Id.* (emphasis added).

In a motion for annulment of the automatic stay, "it is the offending creditor's burden to demonstrate that its void actions should be validated after the fact.  This best harmonizes with the nature of the automatic stay and the important purposes that it serves." *Id.*  As such, where, as here, "a creditor seeks post facto annulment of the stay, it must show ***extreme circumstances***, with facts both unusual and unusually compelling." *Id.* (emphasis added).  Generally, "annulment

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

to validate an action in violation of the automatic stay should be limited to instances where the movant was ***honestly ignorant of the stay***." *Franco*, 574 B.R. at 738 (emphasis added).

Here, there is no dispute that Nype had actual notice of LVLP's bankruptcy petition and the imposition of the automatic stay, yet ***never sought relief from the stay*** before proceeding with the Collection Litigation. *See In re Veltmann*, No. 11-07-11370 MR, 2008 WL 5157892, at *2 (Bankr. D.N.M. June 7, 2008) ("A notice of the Veltmanns' bankruptcy was filed in the District Court Action, but Hagan ***did not request relief from the automatic stay*** from this Court before the District Court entered its judgment.  And when the District Court entered its judgment in the face of the automatic stay, Hagan ***still did not seek to remedy the situation*** . . . .") (emphasis added).

Indeed, Nype concedes that, given LVLP's bankruptcy petition, he knew that the automatic stay barred his prosecution of claims against LVLP.  Accordingly, Nype cannot – and does not – claim to have been "honestly ignorant of the stay."  Nype nevertheless proceeded with his fraudulent transfer and alter ego claims in the Collection Litigation, which ***he admits belong to the LVLP bankruptcy estate***, without bothering to seek relief from the stay.  Additionally, after obtaining the Nevada Judgment, Nype still did not bother to seek relief from the automatic stay until the Eastern District of New York shot down his effort to enforce the invalid and unenforceable Nevada Judgment.

Nype's justification for flouting the automatic stay is that, in prosecuting the fraudulent transfer and alter ego claims that admittedly ***belong to the LVLP bankruptcy estate***, he was merely seeking to collect against ***the transferees*** of the alleged fraudulent transfers, rather than from LVLP itself.  Nype's rationale, however, has been expressly rejected as a basis to annul the automatic stay.  *See In re Walker*, 91 B.R. 968, 972 (Bankr. D. Utah 1988) ("The rationale that the [creditors] provide [for annulment of the stay] is that they did not attempt to collect directly

from [the debtor], but instead were attempting to collect from the recovery fund in good faith. . . . ***The court cannot find that these factors are sufficiently critical to justify annulling the stay and validating the judgment***. The [creditors] had ***actual knowledge of the stay*** and the judgment upon which they seek to collect was ***declared void***.") (emphasis added).

Moreover, annulling the automatic stay to allow Nype's enforcement of the Nevada Judgment – to the exclusion of LVLP's other creditors – would be inconsistent with the purpose of the stay, which is "intended to protect the interests of the debtor's other creditors" and achieve "equality of distribution to similarly situated creditors." *See Allied Holdings*, 355 B.R. at 377 (denying motion to annul automatic stay). "The automatic stay allows the debtor's assets and debts to be accounted for in ***one forum***, facilitating an organized, collective plan that considers the interests of ***all parties***." *Squire v. Stringer*, 820 F. App'x 429, 434 (6th Cir. 2020) (emphasis added). The automatic stay "helps creditors 'preserve what remains of the debtor's insolvent estate and provide ***a systematic equitable*** liquidation procedure." *Id.* (quoting *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 382-83 (6th Cir. 2001)) (emphasis added). "Allowing a creditor [like Nype] to circumvent the automatic stay based upon ***his own judgments*** would lead to the very '***chaotic and uncontrolled scramble for the debtor's assets***' the stay was designed to prevent." *Id.* (*quoting Holtkamp v. Littlefield*, 669 F.2d 505, 508 (7th Cir. 1982)) (emphasis added).

While Nype disingenuously contends that the LVLP bankruptcy estate would purportedly "benefit" from the Nevada Judgment, as Nype himself admits, under his agreement with the Trustee, Nype would take a whopping ***fifty percent (50%)*** of any recovery from the Nevada Judgment – to the exclusion of LVLP's other creditors. Moreover, while the other half of any recovery from the Nevada Judgment would be distributed *pro rata* to the LVLP creditors who

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

14

properly submitted claims in this bankruptcy case, those creditors **include Nype**. As such, Nype stands to recover his direct half of the Nevada Judgment, **plus** his pro rata share of the other half of the Nevada Judgment as a creditor in this bankruptcy case. It would be gravely inequitable – and contrary to the purpose of the automatic stay and the Bankruptcy Code generally – to allow Nype to receive such a disproportionate share of the Nevada Judgment to the exclusion of LVLP's similarly situated creditors. *See Allied Holdings*, 355 B.R. at 378 ("[N]o cause has been shown for permitting [the creditor] to proceed with his void judgment [in violation of the automatic stay] when doing so would put him in a better position than other, similarly situated creditors."). Moreover, even if this Court disallowed Nype's claim in this bankruptcy case, it would still be inequitable for Nype to receive a full half of the Nevada Judgment to the exclusion of LVLP's other creditors. Accordingly, the Court should deny the motion to annul the automatic stay to allow enforcement of the Nevada Judgment, which has already been declared to be invalid and unenforceable.

## CONCLUSION

 **WHEREFORE,** the Debtor and Mitchell respectfully request that this Court deny Nype's motion in all respects, and that this Court grant the Debtor and Mitchell such other and further relief as the court deems just and proper.

 Dated: March 30, 2022

      **COHEN JOHNSON LLC**

      By: /s/ H. Stan Johnson
        H. Stan Johnson, Esq.
        Nevada Bar No. 00265
        375 East Warm Springs Road, Suite 104
        Las Vegas, Nevada 89119
        *Attorneys for Debtor and*
        *Party In Interest*

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

15

COHEN JOHNSON LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

## CERTIFICATE OF SERVICE

I served the following documents:

1.      Opposition to Motion to Annul Stay to Validate State Court Judgment

I served the above-named documents by the following means to the persons listed below:

a.      ■ ECF System:

JACOB L. HOUMAND on behalf of Trustee SHELLEY D KROHN
jhoumand@houmandlaw.com, bsims@houmandlaw.com;
2082209420@filings.docketbird.com

SHELLEY D KROHN
shelley@trusteekrohn.com, NV27@ecfcbis.com; becca@trusteekrohn.com;
candace@trusteekrohn.com

JEANETTE E. MCPHERSON on behalf of Creditor REVENUE PLUS, LLC
bkfilings@s-mlaw.com

JEANETTE E. MCPHERSON on behalf of Creditor RUSSELL L. NYPE
bkfilings@s-mlaw.com

JOHN W MUIJE on behalf of Creditor RUSSELL L. NYPE
carrie@muijelawoffice.com

LENARD E. SCHWARTZER on behalf of Creditor REVENUE PLUS, LLC
bkfilings@s-mlaw.com

LENARD E. SCHWARTZER on behalf of Creditor RUSSELL L. NYPE
bkfilings@s-mlaw.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

MARK M. WEISENMILLER on behalf of Creditor THE LAW OFFICE OF HAYES &
WELSH
mweisenmiller@gtg.legal, bknotices@gtg.legal, courtsecf3@las13.com


b.      ■ United States Mail, on March 30, 2022, with postage fully prepaid to:

SEE ATTACHED MATRIX

c.      □ Personal Service

d.      ☐ Facsimile Transmission

e.      ☐ By messenger

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: March 30, 2022          /s/ Sarah Gondek_____
                               An employee of
                               COHEN JOHNSON LLC

**COHEN JOHNSON LLC**
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

Label Matrix for local noticing
0978-2
Case 19-15333-mkn
District of Nevada
Las Vegas
Wed Mar 30 16:14:52 PDT 2022

CBRE, INC.
1225 17TH STREET, STE. 3200
DENVER, CO 80202-5536

LAS VEGAS LAND PARTNERS, LLC
375 E WARM SPRINGS ROAD, SUITE 104
LAS VEGAS, NV 89119-4260

REVENUE PLUS, LLC
C/O JOHN W. MUIJE, ESQ.
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NV 89104-3742

THE LAW OFFICE OF HAYES & WELSH
C/O GARMAN TURNER GORDON LLP
7251 AMIGO ST, STE 210
LAS VEGAS, NV 89119-4302

United States Bankruptcy Court
300 Las Vegas Blvd., South
Las Vegas, NV 89101-5833

Clark County Assessor
500 South Grand Central Pkwy
2nd Floor
Las Vegas, NV 89155-4502

Clark County Treasurer
c/o Bankruptcy Clerk
500 S. Grand Central Pkwy
Box 551220
Las Vegas, NV 89155-1220

Dept. of Employment Train Rehabilitation
500 E. Third St.
Carson City, NV 89701-4772

Hayes & Welsh
199 N Arroyo Grande Blvd.
Henderson, NV 89074-1609

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Katsky Korins, LLP
605 Third Avenue
New York, NY 10158-0038

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
100 Cambridge Street, 7th Floor
Boston, MA 02114-2509

Nevada Department of Taxation
1550 College Parkway, Ste. 115
Carson City, NV 89706-7939

Piercy Bowler Taylor & Kern
6100 Elton Ave., Suite 1000
Las Vegas, NV 89107-0123

Revenue Plus, LLC
c/o Muije & Associates
1840 E. Sahara Ave. #106
Las Vegas, NV 89104-3742

Russell L. Nype
c/o Muije & Associates
1840 E. Sahara Ave. #106
Las Vegas, NV 89104-3742

SKE Group, LLP
16 Village Court
Hazlet, NJ 07730-1531

State of Nevada Dept. of Motor Vehicles
Attn: Legal Division
555 Wright Way
Carson City, NV 89711-0725

The Law Office of Hayes & Welsh
199 N Arroyo Grande Blvd
Henderson, NV 89074-1609

U.S. TRUSTEE - LV - 7
300 LAS VEGAS BOULEVARD, SO.
SUITE 4300
LAS VEGAS, NV 89101-5803

United States Trustee
300 Las Vegas Blvd. South #4300
Las Vegas, NV 89101-5803

Veritex
2250 S Rancho Dr #195
Las Vegas, NV 89102-4456

H STAN JOHNSON
COHEN JOHNSON, LLC
375 E. WARM SPRINGS RD, STE 104
LAS VEGAS, NV 89119-4260

JOHN W. MUIJE
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE #106
LAS VEGAS, NV 89104-3742

PAUL M. HEALEY
3263 E. WARM SPRINGS ROAD
LAS VEGAS, NV 89120-3157

RUSSELL L. NYPE
C/O JOHN W. MUIJE, ESQ.
JOHN W. MUIJE & ASSOCIATES
1840 E. SAHARA AVE. #106
LAS VEGAS, NV 89104-3742

SHELLEY D KROHN
PO Box 34690
LAS VEGAS, NV 89133-4690

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Internal Revenue Service              End of Label Matrix
Centralized Insolvency Operations     Mailable recipients    27
P.O. Box 21126                        Bypassed recipients     0
Philadelphia, PA 19114-0326           Total                  27