Lenard E. Schwartzer, NV Bar No. 0399
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
Counsel for Russell Nype and Revenue Plus, LLC

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>LAS VEGAS LAND PARTNERS, LLC,<br><br>Debtor. | Case No. BK-S-19-15333-MKN<br><br>Chapter 7<br><br>**REPLY BRIEF RE MOTION TO ANNUL STAY TO VALIDATE STATE COURT JUDGMENT**<br><br>Hearing Date:  April 13, 2022<br>Hearing Time:  2:30 p.m. |

RUSSELL NYPE and REVENUE PLUS, LLC (collectively, "Nype""), by and through their counsel, Lenard E. Schwartzer, (Nype is sometimes referred to as "Movant") file this Reply Brief in support of their Motion to Annul Stay to Validate State Court Judgment [ECF 94] (the "Motion"). The Reply Brief responds to the arguments made in Opposition to Motion to Annul Stay to Validate State Court Judgment [ECF 99] filed on behalf of David Mitchell ("Mitchell") and the Debtor[1] (the "Opposition"). The Trustee has joined in the Motion. [ECF 100].

The facts are not in dispute. The characterization of those facts is disputed. For example: the Opposition refers to "Nype's collection action" which was tried by the State Court. In fact, as shown in the record of the State Court, it was the Trustee's action on fraudulent transfer and alter ego claims which was tried by the State Court along with

---

[1] It is disputed that counsel for Mitchell has authority to file the Opposition on behalf of the Debtor because (a) the Trustee in this this case has control of the management of the debtor, and (b) the co-owner of the Debtor is now Marc Pergament, the Chapter 7 Trustee appointed in the Liberman bankruptcy case.

Nype's claim against Mitchell and Liberman for civil conspiracy. This is shown by the Trustee's Motion to Intervene attached to the Motion as Exhibit "A", the State Court's Order Granting Trustee's Motion to Intervene attached to the Motion as Exhibit "B", and the Trustee's Complaint in Intervention attached to the Motion as Exhibit "C". Pursuant to the employment of Special Counsel by the trustee, 50% of any funds collected are to be delivered to the Trustee. See APPLICATION TO EMPLOY JOHN W. MUIJE & ASSOCIATES AS SPECIAL COUNSEL ON A CONTINGENT FEE BASIS UNDER 11 U.S.C. § 327(a) [ECF 28].[2]

The record also shows that this bankruptcy case was filed by David Mitchell while the State Court judge was considering sanctions against Mitchell.[3] When the case was filed, David Mitchell swore that the Debtor had no assets even though the Debtor owned subsidiaries which held assets. See Amended Petition and Schedules. [ECF 37] and Amended Schedules [ECF 43]. These facts are indicative of a bad faith filing.

There was no violation of the automatic stay. As stated in footnote 2 in the Motion, **the automatic stay does not enjoin prosecution of litigation on behalf of the debtor's bankruptcy estate by the Trustee**. It is recognized that the automatic stay does not prevent prosecution of litigation by a debtor or a trustee. "The trustee or debtor in possession is not prevented by the automatic stay from prosecuting or appearing in an action which the debtor has initiated and that is pending at the time of the bankruptcy." *In re White*, 186 B.R., 700, 704 (BAP 9th Cir. 1995); See, *In re Merrick*, 175 B.R. 333 (9th Cir. BAP 1994); *In re Mitchell*, 206 B.R. 204, 212 (Bankr. C.D. Cal. 1997) ("Section 362 stay does not apply where, as here, the debtor is the plaintiff in a

---

[2] Paragraph 13 states:
    13.   The Muije Firm agrees to turn over to the Trustee fifty percent (50%) of all funds and assets collected or recovered from the defendants attributable on any claims litigated in the State Court litigation and fifty percent (50%) to Nype…..

[3] Ultimately, the State Court entered an Order re: Discovery Sanctions on September 20, 2019, ordered Mitchell to pay sanctions in the amount of $160,086.46, as well as complying with previous discovery orders.

2
Reply Brief re Motion to Annul Stay - Final.doc

lawsuit."). The policy behind the automatic stay under Code § 362 is to protect the estate from being depleted by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal and distribute assets. *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n.,* 892 F.2d 575, 577 (7th Cir. 1989). Thus, the purpose of Code § 362 is not applicable to actions initiated by the Trustee. Once the Trustee employed Special Counsel and intervened in the State Court litigation, the Debtor was no longer a defendant in the State Court litigation. The Debtor's estate was a co-plaintiff. For these reasons, the automatic stay did not enjoin the Trustee's action to recover for fraudulent conveyances and alter ego.

**The automatic stay does not enjoin litigation by creditors of a debtor against third parties for civil conspiracy because the automatic stay does not protect co-tortfeasors**. While the scope of § 362(a) is broad, its "clear language . . . stays actions only against a debtor…. As a consequence, '[i]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor.'" *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509-10 (3d Cir. 1997) (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991) (citing *Lynch v. Johns-Manville Sales Corp*., 710 F.2d 1194, 1196-97 (6th Cir. 1983); *Teachers Ins. & Annuity Ass'n. v. Butler,* 803 F.2d 61, 65, (2d Cir.1986) ("stays pursuant to [Section] 362(a) are limited to debtors and do not encompass nonbankrupt co-defendants."); *In re Related Asbestos Cases,* 23 B.R. 523, 528-29 (N.D.Cal. 1982) (stay did not extend to joint tortfeasors); *Ingersoll-Rand Financial Corp. v. Miller Min. Co.,* 817 F.2d 1424, 1427 (9th Cir. 1987) (holding that while debtor's appeal was stayed, nondebtor guarantor's appeal was not). For that reason, Nype's prosecution of his civil conspiracy claim against Mitchell and Liberman did not violate the automatic stay in this case.[4]

---

[4] This litigation also benefited the bankruptcy estate because 50% of whatever is collected – on any of the claims – is turned over to the Trustee.

3

Reply Brief re Motion to Annul Stay - Final.doc

The Opposition argues that the financing arrangement approved by this Court (Nype financing the litigation against Mitchell and Liberman on condition that he receive 50% of the funds recovered) somehow changes the fact that the Trustee was the plaintiff as shown by the Complaint in Intervention. In fact, to this day, the bankruptcy estate's only funds come from the recovery derived from this litigation. Nype cannot receive a disproportionate share of the recovery because Nype is the only creditor in this case.[5]

It is and always has been the position of Nype and the Trustee that the prosecution of the State Court litigation by Nype and the Trustee, as plaintiffs, against non-debtors did not violate the automatic stay. Nype, and now the Trustee, seek an order annulling the automatic stay in this bankruptcy case in order to eliminate any question that the Judgment is valid and that the Judgment is entitled to be given collateral estoppel effect in other courts.

This Motion does not seek any relief with regard to the litigation against Liberman which was pending in the NY Bankruptcy Court.[6]

## MEMORANDUM OF LAW

### A. RULES FOR ANNULLING THE AUTOMATIC STAY

11 U.S.C. §362(d) is a statute that specifically authorizes **annulling** the automatic stay for "cause". The statute doesn't define "cause".

The Bankruptcy Appellate Panel for the Ninth Circuit stated:

> The Ninth Circuit first set forth the established standard that scope of relief from the automatic stay for "cause" includes annulment of such stay, and that the bankruptcy court has "wide latitude" in crafting such relief. It also, however, cited *Shamblin,* stating that retroactive relief

---

[5] The one other credit which filed a Proof of Claim withdrew its claim. See NOTICE OF WITHDRAWAL OF CLAIM 1-1 FILED BY THE LAW OFFICE OF HAYES & WELSH [ECF 87].

[6] As previously mentioned, Nype has voluntarily dismissed the dischargeability action against Liberman because it was not cost effective to retry the entire case against Liberman and because Liberman has no non-exempt assets and is unlikely to have a material amount of non-exempt assets in the future. However, the same issue may be raised with regard to the Proof of Claim filed by Nype in the Liberman case and (2) by David Mitchell with regard to the judgment issued by the State Court which is still the subject of a pending appeal.

4

Reply Brief re Motion to Annul Stay - Final.doc

should be "`applied only in extreme circumstances.'" *Id.* at 109 (quoting *Shamblin,* 890 F.2d at 126.)

It then ruled that the following circumstances justified retroactive annulment of the automatic stay:

> The [bankruptcy] court first found that there would have been cause to lift the stay prospectively at the time of the Chapter 11 filing because: the state court claim was sufficiently large such that it would have to be resolved before Kissinger could complete a reorganization; Kissinger was able to defend himself in the state court action; and Kissinger's decision to file a Chapter 11 petition just before the state court action was to go to the jury appeared to be in bad faith. Additionally, the bankruptcy court found that there was additional cause to annul the stay retroactively to the time of the filing because: the failure to obey the stay was caused by the state court judge, not the creditor; and not annulling the stay would either lead to nonsensical results, by submitting the same case to the same jury that had just rendered a decision, or impose an unwarranted hardship on the creditors, since retrial would be costly.

[*Montaya v. Kissinger (In re Kissinger)*], 72 F.3d 107, 109 (9th Cir. 1995).

*In re Fjeldsted*, 293 B.R. 12, 15 (B.A.P. 9th Cir. 2003).

More recently, in *Merriman v. Fattorini (In re Merriman),* 616 B.R. 381 (B.A.P. 9th Cir. 2020), it was stated:

> In assessing whether relief from stay should be granted to allow state court proceedings to continue in that forum, the bankruptcy court should consider judicial economy, the expertise of the state court, prejudice to the parties, and whether exclusively bankruptcy issues are involved. (citing *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer),* 405 B.R. 915, 921 (9th Cir. BAP 2009)).

**B.    EFFECT OF ANNULLING THE AUTOMATIC STAY**

This authority includes annulment providing retroactive relief, which, if granted, moots any issue as to whether the violating sale was void because, then, there would have been no actionable stay violation.

*In re Fjeldsted*, 293 B.R. 12, 15 (B.A.P. 9th Cir. 2003).

**C.    RULES FOR LIFTING STAY FOR PENDING LITIGATION**

Courts in the Ninth Circuit have granted relief from stay under § 362(d0(1) when necessary to permit pending litigation to be concluded in another forum if the nonbankruptcy suit involves multiples parties or is ready for trial.  *See In re John Smith (In re Smith)*, 389 B.R. 902, 917-18 (D.Nev. 2008) (citing *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990)).

5

Reply Brief re Motion to Annul Stay - Final.doc

\*\*\*

> Especially when litigation in a nonbankruptcy court is ready for trial or has already been tried and is ready for judgment, it is not uncommon for bankruptcy courts to find cause to lift the automatic stay, at least to permit entry of judgment to liquidate the amount of a claim asserted against a debtor.

*In re Patel*, 291 B.R. 169, 172 (Bankr. D. Ariz. 2003). *See In re Plumberex Specialty Products, Inc.,* 311 B.R. 551, 556–57 (Bankr.C.D.Cal.2004) ("Courts in the Ninth Circuit have granted relief from the stay under § 362(d)(1) when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial.") (citations omitted); *In re Am. Spectrum Realty, Inc.*, 540 B.R. 730 (Bankr. C.D. Cal. 2015) ("cause" existed to lift automatic stay to allow state court litigation that had been pending against Chapter 11 debtor for more than two years to proceed before court that was very familiar with issues and parties).

## ARGUMENT

**A.    STAY SHOULD BE ANNULLED TO VALIDATE THE STATE COURT JUDGMENT AFTER TRIAL ON THE MERITS**

The following factors support annulling the stay:

1. Judicial economy - avoiding a need for a retrial of a multiday trial;
2. Expertise of the State Court - the State Court had been dealing with the parties and issues in the case for 3 years;
3. Prejudice to the parties - no prejudice other than the parties had to go to trial;
4. Lack of bankruptcy issues - there were none in the State Court litigation; and
5. Benefit to the estate - getting a judgment against the parties that fraudulently removed assets from the Debtor.

**B    EFFECT OF ANNULLING THE AUTOMATIC STAY**

There appears to be no dispute that the annulling of the stay eliminates any argument that the Judgment is not valid.

**C.    RULES FOR LIFTING STAY FOR PENDING LITIGATION**

In addition to the factors stated in section A above, the following factors support

6

Reply Brief re Motion to Annul Stay - Final.doc

annulling the stay just as they would have if the Court had considered the issue in 2019:

1. pending litigation – the State Court litigation had been pending since 2016;

2. nonbankruptcy suit – none of the issues concerned bankruptcy law;

3. multiples parties – besides Mitchell and Liberman, their 13 non-debtor alter ego entities were defendants;

4. ready for trial – the matter was ready for trial upon Mitchell's compliance with the Order re Discovery Sanctions; and

5. bigger recovery for bankruptcy estate - Intervention in the pending suit allows the Trustee to recover fraudulently conveyed assets which were conveyed 4 years prior to the filing of the State Court litigation (back to 2012) rather than 4 years prior to the filing of the bankruptcy case (only back to 2015).

**WHEREFORE**, the Russell Nype, Revenue Plus, LLC and the Trustee request that this Court enter an order:

1. Annulling the automatic stay in this case with regard to the State Court Litigation to eliminate any question concerning the validity of the Judgment entered in the State Court Litigation (a) to be used in the Liberman Bankruptcy Case and (b) to be used to collect awarded damages and property from Mitchell and the Co-Defendants; and (c) to allow the pending appeal to the Nevada Supreme Court from the Judgment; and

2. For such further relief as this Court deems just and proper.

Dated this April 6, 2022

/s/ Lenard E. Schwartzer_____
Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV  89146
*Counsel for Russell Nype and Revenue Plus, LLC*

7

Reply Brief re Motion to Annul Stay - Final.doc