1  LENARD E. SCHWARTZER (NV Bar No. 0399)
   JASON A. IMES (NV Bar No. 7030)
2  Schwartzer & Imes Law Firm PC
   2850 South Jones Boulevard, Suite 1
3  Las Vegas, Nevada 89146-~~5308~~5640
   Telephone: (702) 228-7590
4  Facsimile:  (702) 892-0122
   ~~Email: efilings@sailawfirm.com~~
5  Email: efilings@sailawfirm.com
   *Counsel for Russell Nype*
6     *and Revenue Plus, LLC, Plan Proponents*

7              **UNITED STATES BANKRUPTCY COURT**

8                    **DISTRICT OF NEVADA**

9  
   | In re | Case No. BK-S-19-15333-MKN |
10 | | |
   | LAS VEGAS LAND PARTNERS, LLC, | Chapter 11 |
11 | | |
   | Debtor. | Hearing Date: September 28, 2022 |
12 | | Hearing Time: 2:30 p.m. |
13
        **[PROPOSED] AMENDED CREDITORS' DISCLOSURE STATEMENT**
14
                    **TABLE OF CONTENTS**
15
I.     INTRODUCTION..................................................................................1

       A.    Purpose of This Document.........................................................2

       B.    Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing..............3

       C.    Disclaimer............................................................................4

II.    BACKGROUND ..................................................................................4

       A.    Description and History of the Debtor's Business..............................4

       B.    Insiders of the Debtor..............................................................5

       C.    Property Value ......................................................................5

       D.    Management of the Debtor Before and During the Bankruptcy...........................6

       E.    Events Leading to Chapter 11 Filing ...........................................6

       F.    Significant Events During the Bankruptcy Case ....................................7

       G.    Projected Recovery of Avoidable Transfers.........................................~~8~~9

       H.    Claims Objections ..................................................................9

**SCHWARTZER & IMES LAW FIRM PC**
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

I.    Current and Historical Financial Conditions ........................................................9

III.    SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF

CLAIMS AND EQUITY INTERESTS...................................................................10

A.    What is the Purpose of the Plan of Reorganization?..............................10

B.    Unclassified Claims ...............................................................................10

C.    Means of Implementing the Plan ...................................................12~~12~~

D.    Risk Factors ...........................................................................................14

E.    Executory Contracts and Unexpired Leases ..........................................14

F.    Tax Consequences of Plan ......................................................................14

IV.    CONFIRMATION REQUIREMENTS AND PROCEDURES................................14

A.    Who May Vote or Object .......................................................................15

B.    Votes Necessary to Confirm the Plan ....................................................16

C.    Liquidation Analysis ..............................................................................17

D.    Feasibility ..............................................................................................18

V.    EFFECT OF CONFIRMATION OF PLAN ...........................................................19

A.    Discharge ................................................................................................19

B.    Modification of Plan ..............................................................................19

C.    Final Decree ...........................................................................................19

EXHIBITS .........................................................................................................................21

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Los Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   . . .

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# I.    INTRODUCTION

**LAS VEGAS LAND PARTNERS LLC** (the "Debtor" or "LVLP") is a Nevada limited liability company formed by David Mitchell ("Mitchell") and Barnet Louis Liberman ("Liberman") to make real estate developments. Russell Nype and Revenue Plus LLC (collectively, the "Plan Proponents" or "Nype") are the sole pre-petition creditors of the Debtor as a result of judgments issued by the District Court, Clark County ("State Court") issued in Case No. 07-A-551073 (the "First Judgment"). The amount due on the First Judgment is now in excess of $5 million.

Pre-petition, Nype sued David Mitchell ("Michell"), Barnet Louis Liberman ("Liberman"), the Debtor and related entities alleging fraudulent transfers, conspiracy defraud and alter ego in the State Court as Case No. 16-A-740689. On August 19, 2019, shortly before the trial in this case, the Debtor filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code which is this pending bankruptcy case.

On August 19, 2019, Debtor filed a petition for relief under Chapter 7. On the same day, Shelley Krohn ("Trustee") was appointed trustee in the Debtor's case. The Trustee employed John W. Muije & Associates ("Muije"), as special counsel to pursue in State Court the Debtor's claims against Mitchell, Liberman and the related entities. The prosecution of these claims resulted in a judgment that the related entities (including Wink One, LLC) were alter egos of the Debtor and monetary judgments against Mitchell and Liberman ("the Second Judgment") in favor of the Trustee and Nype.

Debtor is the 100% owner of Wink One, LLC, a Nevada limited liability company ("Wink One") which owns a forty percent (40%) tenant-in-common interest in the real property described as the city block bounded by Casino Center, Bonneville, South 1st and Garces Streets, Las Vegas, Nevada [APN 139-34-301-008] (the "Property"). This Property is co-owned with Brookfield Properties as successor to Forest City Realty Trust, LLC ("Brookfield"), the owner of the remaining sixty percent (60%) tenant-in-common interest in the Property. This property is subject to a long-

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

term lease to the Regional Transportation Commission of Southern Nevada (the "RTC"). The Property has been appraised for up to $72 million and is subject to a secured debt in excess of $38 million. Nype believes it is unlikely that there will be sufficient proceeds from the sale of the ~~debtor's~~Debtor's interest in the Property to pay Nype's claim in full.

The Plan Proponents are only pre-petition creditors of the Debtor who have filed and not withdrawn a proof of claim.

The Trustee has had three (3) years to sell the Debtor's interest in the Property. To date, she has been unsuccessful. The Plan Proponents assert that it is time to turn over the sales efforts to Nype because of (a) the Trustee's delay in or inability to liquidate the Debtor's interest in the Property within a reasonable period of time, and (b) to avoid a substantial trustee's commission on the sale the Property based on sale.

The Trustee would assert that Nype interfered with her efforts to obtain a final appraisal from CBRE and her sales efforts.

This is the Disclosure Statement (the "Disclosure Statement") in the Chapter 11 case of LVLP. This Disclosure Statement contains information about the Debtor and describes the CREDITORS' PLAN OF REORGANIZATION  (the "Plan") filed by the Plan Proponents. A full copy of the Plan is attached to this Disclosure Statement as **Exhibit "A."**  ***Your rights may be affected. You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.***

The proposed distributions under the Plan are discussed at pages _____ of this Disclosure Statement. All creditors holding allowed claims will receive distributions which the proponent of this Plan has valued at 100 cents on the dollar.

### A.    Purpose of This Document

This Disclosure Statement describes:

●      The Debtor's assets and liabilities;

●      The Debtor and significant events during the bankruptcy case;

1  . . .

2  . . .

3  ● How the Plan proposes to treat claims or equity interests of the type you

4  hold (*i.e.*, what you will receive on your claim or equity interest if the plan

5  is confirmed);

6  ● Who can vote on or object to the Plan;

7  ● What factors the Bankruptcy Court (the "Court") will consider when

8  deciding whether to confirm the Plan;

9  ● Why the Proponent believes the Plan is feasible, and how the treatment of

10  your claim or equity interest under the Plan compares to what you would

11  receive on your claim or equity interest in liquidation; and

12  ● The effect of confirmation of the Plan.

13  Be sure to read the Plan as well as the Disclosure Statement. This Disclosure

14  Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish

15  your rights.

16  **B.  Deadlines for Voting and Objecting; Date of Plan Confirmation**

17  **Hearing**

18  The Court has not yet confirmed the Plan described in this Disclosure Statement.

19  This section describes the procedures pursuant to which the Plan will or will not be

20  confirmed.

21  1.  *Time and Place of the Hearing to Confirm the Plan*

22  The hearing at which the Court will determine whether confirm the Plan

23  will take place on  [insert date] , at [insert time], at the United States Bankruptcy Court,

24  Foley Federal Building, 300 Las Vegas Boulevard South, Las Vegas, Nevada. The

25  hearing may be conducted by telephone or by video. Remote participation information

26  may be found on the posted calendar on the court's website at

27  ~~www.nvb.uscourts.gov/calendars/court-~~

28  ~~calendars.~~www.nvb.uscourts.gov/calendars/court-calendars.

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

2. *Deadline For Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the Plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to Schwartzer & Imes Law Firm PC, 2850 South Jones Boulevard, Suite 1, Las Vegas, Nevada  89146-5640. See Section IV.A. below for a discussion of voting eligibility requirements.

Your ballot must be received on or before **[insert date]** or it will not be counted.

3. *Deadline For Objecting to the Confirmation of the Plan*

Objections to the confirmation of the Plan must be filed with the Court and served upon Schwartzer & Imes Law Firm PC, 2850 South Jones Boulevard, Suite 1, Las Vegas, Nevada  89146-5640 on or before **[insert date].**

4. *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact Schwartzer & Imes Law Firm PC, 2850 South Jones Boulevard, Suite 1, Las Vegas, Nevada  89146-5640.

**C.    Disclaimer**

*The Court has approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms. The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted.*

**II.    BACKGROUND**

**A.    Description and History of the Debtor's Business**

The Debtor is a Nevada limited liability company.  It was formed ~~on~~in 2005 by Mitchell and Liberman.~~.~~ The Debtor was formed for the purpose of developing the Property and other real estate projects.

In 2007, Debtor sued Nype in the State Court as Case No. 07-A-551073 and Nype filed a counterclaim against the Debtor. Eventually, after remand by the Nevada

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

Supreme Court, on April 10, 2015, the State Court issued a judgment against Debtor in the amount of $2,608,797.50 plus interest from 2007, attorney's fees and costs. And, on November 1, 2018, an Amended and Final Judgment. More than $4,500,000.00 is owed by the Debtor to Nype on the First Judgment.

Mitchell and Liberman intentionally stripped the Debtor of assets in order to avoid paying Nype.

On July 26, 2016, Nype sued Mitchell, Liberman, the Debtor and several related entities in the State Court as Case No. 16-A-740689. The Complaint in this case alleged (a) he was entitled to a constructive trust on the property of the Debtor and co-defendants, (b) he was entitled to avoid the fraudulent transfers of real property by the debtor and co-defendants, (c) that Mitchell and Liberman had conspired to defraud Nype, (d) that the fraudulent transfers were void, and (e) that the co-defendant's entities were alter egos of Debtor and their assets could be used to pay Nype. This litigation was ready for trial when the Debtor filed its bankruptcy petition.

On August 18, 2019, the Debtor filed a voluntary petition for relief under Chapter 7. The Trustee was immediately appointed trustee.

**B.     Insiders of the Debtor**

In a limited liability company, the equity interest holders are the members. Debtor's insiders as defined in §101(31) of the United States Bankruptcy Code (the "Code") include the members and the manager. The insiders of LVLP are as follows:

David Mitchell; and

Barnet Louis Liberman (and/or Marc A. Pergament, the trustee appointed in the Liberman's bankruptcy case).

**C.     Property Value**

<u>Cash</u>: The Trustee received $221,142.31 as a result of the actions of Muije. The Plan Proponents understand that the Trustee has paid:

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

i.    A contingent fee to Muije of attorneys' fees in the amount of $73,714.00 in fees plus reimbursement of actual expenses in the amount of $29,730.23; and

ii.    $5,000.00 to CBRE for its appraisal report.

. . .

The Trustee should have approximately $110,000.00 in funds.[1]

Property: The Plan Proponents estimate that the leased fee value of the Property is approximately $72 million estate based on the Appraisal Report dated October 6, 2020 prepared by CBRE - VALUATION & ADVISORY SERVICES.  The Debtor holds a 40% tenant in common interest with the remaining sixty percent (60%) tenant-in-common interest in the Property is owned by Brookfield. Any sale of the fee interest in the Property will require the consent of Brookfield.

Other: The bankruptcy estate is entitled to 50% of any additional monies collected on the Second Judgment from Mitchell, the bankruptcy estate of Liberman or any of the related parties named in that judgment. It is unknown whether any additional funds will be collected on the Second Judgment because (i) the obligation owed by Liberman has been discharged in his bankruptcy and, according to the docket, no funds have been collected by the trustee in that case Counsel for Nype and (ii) the Trustee have been unable to recover any assets from Mitchell.

**D.    Management of the Debtor Before and During the Bankruptcy**

During the years prior to the date on which the bankruptcy petition was filed, the officers, directors, managers or other persons in control of the Debtor  (collectively the "Managers") were Mitchell and Liberman.  Since August 19, 2019, the person in control of the Debtor is the Trustee.

**E.    Events Leading to ~~Chapter 11~~Bankruptcy Filing**

The Plan Proponents assert that the bankruptcy case of the Debtor was filed by

---

[1] An accounting from the Trustee has been requested and not provided.

Mitchell and Liberman for the purpose of delaying the trial in State Court of Case No. 16-A-740689.

### F.    Significant Events During the Bankruptcy Case

On October 24, 2019, the Trustee applied for authorization to employ Muije as special counsel to litigate the claims belonging to the bankruptcy estate in the pending State Court litigation. On October 31, 2019, the Bankruptcy Court authorized the Trustee to employ Muije, Nype's counsel in that litigation, as special counsel for the bankruptcy estate, to pursue the claims which belonged to the bankruptcy estate. It was agreed (a) Muije would represent the Trustee and continue to represent Nype in the litigation, (b) 50% of any funds collected (except a previously authorized discovery sanction) would be divided equally between the Trustee and Nype and (c) the Trustee, with Court authorization, would pay Muije a contingent fee equal to 33 1/3% of the funds collected for the bankruptcy estate and 50% of the costs incurred in the litigation. On December 12, 2019, the Trustee filed a Notice of Assets & Notice to File Claims Proof of Claim due by March 25, 2020.

On January 27, 2020, the Trustee, through her counsel, filed an Ex Parte Application to Employ HOUMAND LAW FIRM, Ltd. as General Bankruptcy Counsel Nunc Pro which was granted on January 28, 2020.

In March, 2020, Muije turned over $221,142.31 collected from Casino Coolidge, LLC, a subsidiary of the Debtor and one of the co-defendants in Case No. 16-A-740689. With Court authorization, the Trustee paid Muije $103,444,23 for his contingent fee and costs.

On September 1, 2020, the Trustee, through her counsel, filed an Ex Parte Application to Employ CBRE, Inc. as Appraiser and Pay Fee which was granted on the same day. Mr. Nype did state in multiple emails to CBRE, the Trustee and the Trustee's counsel his unhappiness with the CBRE appraisal because it omitted any addition to the value of the Property for the possible gaming revenue that might be obtained if the RTC put slot machines in the Bonneville Transit Center.

1

2    On December 23, 2020, the Trustee, through her counsel, filed an Ex Parte

3    Application to Employ PAUL M. HEALEY as accountant which was granted on
December 28, 2020.

4    On April 1, 2021, Liberman filed a petition for relief under Chapter 11 in the

5    United States Bankruptcy Court for the Eastern District of New York (the "NY

6    Bankruptcy Court") in Case No. 8-21-70611-reg.  On June 28, 2021, as a result of

7    Nype's motion, the NY Bankruptcy court converted Liberman's case to a case under

8    Chapter 7 and a trustee was appointed. Marc Pergament was and is the trustee in

9    Liberman's bankruptcy case. On November 22, 2021, Liberman was granted his

10   discharge. As of this date, the Liberman bankruptcy estate has little or no funds.

11       On March 4, 2022, the Trustee, through her counsel, filed an Application to

12   Employ CUSHMAN & WAKEFIELD U.S., INC. DBA CUSHMAN & WAKEFIELD

13   ("C&W") as Real Estate Broker to sell the Property.  On April 7, 2022, this Application

14   was granted. The following commission structure was approved: one percent (1%) of

15   the total sales price of the Property. The commission shall be computed based on the

16   total sales price, which shall include any mortgages, loans, or other obligations which

17   may be assumed by a purchaser. The Debtor's bankruptcy estate shall be responsible

18   for payment of forty percent (40%) of the commission and Forest City shall be

19   responsible for payment of sixty percent (60%) of the commission. The term of the

20   employment will expire on March 6, 2023.

21       On July 14, 2022, the Trustee, through her counsel, filed an Application to

22   Employ ALISA NAVE, LLC ("Nave") as Consultant to lobby the Regional

23   Transportation Commission to purchase the Property. On July 28, 2022, this

24   Application was granted. The following fee structure was approved:

25       i.     Nave will be employed on an hourly basis with an hourly rate of $750.00;

26       ii.    Nave will be entitled to reimbursement of expenses; and

27       iii.   The fees and expenses incurred by Nave will be split between the Debtor's

28              bankruptcy estate and Forest City in accordance with their ownership in

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

the Property. As a result, the Debtor's bankruptcy estate will be responsible for forty percent (40%) of the fees and expenses incurred by Nave.

### G. Projected Recovery of Avoidable Transfers

The Plan Proponents do not intend to pursue preference, fraudulent conveyance, or other avoidance actions because the time for bringing such actions has passed and such suits are now barred.

. . .

### H. Claims Objections

The Plan Proponents do not intend to object to claims. The Plan Proponents are the only creditors who have filed a proof of claim which has not been withdrawn. Hayes & Welsh filed a proof of claim but that claim has been withdrawn.

### I. Current and Historical Financial Conditions

Prior to bankruptcy, the Debtor was operated by Mitchell and Liberman. On August 19, 2019, the bankruptcy was filed and the Trustee took control of the Debtor. The Debtor has had no business operations in the last three (3) years.

The identity and balance owed of Debtor's pre-petition debts are as follows:
Plan Proponents $ 10,000,000 (approximately)[2]

The Debtor's post-petition debts consist of the amount owed to the Trustee's counsel and the commission owed to the Trustee for the funds disbursed by the Trustee. As of September 2022, the Trustee's counsel has stated that his fees are approximately $115,000. The Trustee's counsel's fees are subject to approval by the

---

[2] Creditors' Amended Proof of Claim filed June 28, 2022 states that the debt was $10,200,434.60 as of the date of the petition. From this amount should be deducted $221,142.31 collected from Casino Coolidge LLC which was turned over to Creditors. If the estate is solvent, interest on this debt continues to accrue to date of payment.

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

Bankruptcy Court after notice and hearing.  Nothing in the Plan limits Nype's right to contest the amount of the fees.

The Trustee's commission as Chapter 7 trustee would be based on her disposition of the $221,142.31 turned over to her by special counsel, John Muije. Pursuant to Bankruptcy Code §326(a), the Trustee's maximum commission would be approximately $8,560 which is subject to approval by the Bankruptcy Court after notice and hearing. Nothing in the Plan limits Nype's right to contest the amount of the fee.

The Trustee holds the balance of the funds collected by Muije. To the knowledge of the Plan Proponents, no other funds have been received or disbursed by the Trustee since the filing of the petition in this case.

## III.   SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

### A.   What is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

### B.   Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has *not* placed the following claims in any class:

*Administrative Expenses and Priority Tax Claims*

Administrative expenses are costs or expenses of administering the Debtor's case which are allowed under § 507(a)(2) of the Code. The Code requires that all administrative expenses be paid on the effective date of the Plan unless a particular claimant agrees to a different treatment. Priority tax claims are unsecured income,

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it be paid on the effective date of the Plan. Because the Debtor is a pass-through entity for purposes of federal income tax, the Plan Proponents believe there are no priority tax claims. The Plan Proponents have repeatedly requested billing information from Trustee's counsel but have received no response.

. . .

The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses arising in the ordinary course of Administration of the Bankruptcy estate by the Trustee (mailing notices, etc.) | $5,000.00 | Paid in full on the Effective Date of the Plan or upon approval of such expenses by the Court, whichever is later. |

| Professional Fees (attorney and accountants), as approved by the Court. | $50,000.00 | Paid in full on the Effective Date of the Plan or upon approval of such fees and costs by the Court, whichever is later. |
|---|---|---|
| Trustee's Commission | $15,000.00 | Paid in full on Effective Date of the Plan or upon approval of such costs and commissions by the Court, whichever is later. |
| Office of the U.S. Trustee Fees | $650.00 | Paid in full as incurred |
| TOTAL | $70,650.00 | |

The Plan Proponents are unaware of any Priority Tax Claims.

> Class 1.    *Class of General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

> Class 2.    *Class of Members*

Equity interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. In a limited liability company ("LLC"), the equity interest holders are the members.

. . .

. . .

. . .

The following chart identifies the Plan's proposed treatment of Class 1 which contain general unsecured claims against the Debtor:

| Description | Impairment | Treatment |
|---|---|---|

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

| General Unsecured Class | Impaired | Class 1 is impaired by this Plan. General Unsecured Creditors will be paid in full, with interest but only from and to the extent of the proceeds from the sale of the Debtor's indirect interest in the Property |

The following chart sets forth the Plan's proposed treatment of the one class of equity interest holders:

| Description | Impairment | Treatment |
|---|---|---|
| Members of the Debtor (Equity) | Unimpaired | Class 2 is unimpaired by this Plan. The Members of the Debtor will retain their equity interest in the Debtor. Class 2 will be entitled to Debtor's assets after Class 1 has been paid in full. |

## C.    Means of Implementing the Plan

1.    *Source of Payments*

Payments and distributions under the Plan will be funded by:

(i)    the funds currently held by the Trustee;

(ii)    funds provided by the Plan Proponents to pay any remaining administrative or priority claims; and

(iii)    the proceeds from the sale of the Debtor's indirect interest in the Property.

2.    *Post-Confirmation Management*

The Post-Confirmation Manager of the Debtor shall be Russell Nype, one of the Plan Proponents. As manager of the reorganized Debtor, Russell Nype will be compensated by the collection of funds payable to him as a creditor. Nype has had over thirty (30) years' experience in real estate financing. Nype has no connection with the debtor and its principles other than has stated herein. Nype has no connection with

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

CBRE, Cushman, Alisa Nave or Brookfield, although he has known several executives of CBRE and Cushman prior to preparation of the Plan.

### D.   Risk Factors

The proposed Plan has the following risks:

Business Risk:  There is an inherent risk in all commercial real estate that the value of the property is, in part, dependent on general economic conditions in the community. In the event that the Debtor's indirect interest in the Property sells for less than the amount of the claim of the Class 1 Creditors there will be no distribution to Class 2 Creditors. It is unlikely that the reorganized Debtor will be able to collect additional funds on the judgment against Mitchell and Liberman.

### E.   Executory Contracts and Unexpired Leases

There are no pre-petition executory contracts or unexpired leases.

The Plan Proponents propose that the reorganized Debtor assume the post-petition contracts with C&W and Nave.

### F.   Tax Consequences of Plan

*Creditors and Equity Interest Holders Concerned with how the Plan may affect their tax liability should consult with their own Accountants, Attorneys, and/or Advisors.*

The following are the anticipated tax consequences of the Plan:

1.   There should be no tax consequences to the Debtor of the Plan because the Debtor is not an income tax-paying entity. The Debtor's income and/or losses are passed through to its members.

## IV.   CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that: The Plan must be proposed in good faith; at least one impaired class of claims must accept the Plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a Chapter 7

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 • Fax: (702) 892-0122

liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible. These requirements are not the only requirements listed in § 1129 and, they are not the only requirements for confirmation.

The Plan Proponents assert that the Plan is confirmable because it is feasible and because payment of claims with a balloon payment are permitted.

## A.    Who May Vote or Object

Any party in interest with a financial interest in the bankruptcy case may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes; and (2) impaired.

In this case, the Plan Proponent believes that Class 1 is impaired and that holders of claims and interests in this Class are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that Class 2 is unimpaired and that holders of interests in this Class, therefore, do not have the right to vote to accept or reject the Plan.

### 1.    *What is an Allowed Claim or an Allowed Equity Interest?*

Since this case began as a Chapter 7 case, only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest. When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

The deadline for filing a proof of claim in this case was March 25, 2020.

2.    *What is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a Class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

3.    *Who is **Not** entitled to Vote*

The holders of the following six (6)) types of claims and equity interests are *not* entitled to vote:

- holders of claims and equity interests that have been withdrawn or disallowed by an order of the Court;
- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above) unless they have been "allowed" for voting purposes.
- holders of claims or equity interests in unimpaired classes;
- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code;
- holders of claims or equity interests in classes that do not receive or retain any value under the Plan; and
- claims for administrative expenses.

**B.    Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cram down" on non-accepting classes, as discussed later in Section [B.2.].

. . .

. . .

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

1

### 1.    *Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

### 2.    *Treatment of Nonaccepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by § 1129(b) of the Code. A Plan that binds nonaccepting classes is commonly referred to as a "cram down" Plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a "cramdown" confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

### C.    **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to this Disclosure Statement as **Exhibit "B."**

In a liquidation, the Property would be sold. Although the Trustee has had three (3) years to sell the Debtor's interest in the property it has not occurred. The Plan Proponents assert —

**SCHWARTZER & IMES LAW FIRM PC**
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

(i)     they are just as capable, if not more so, to sell the Debtor's interest in the Property;

(ii)    they are more motivated than the Trustee to sell the Debtor's interest in the Property because of their greater financial interest; and

(iii)   Under the Plan, there will be no Trustee's commission to be paid on the $38 million to be paid to the lender secured by the Property.

The liquidation analysis includes a comparison of the distributions under the Plan to the distributions under Chapter 7, assuming the same costs of sale. This comparison shows that Nype and the bankruptcy estate of Liberman benefit from a sale under a Chapter 11 Plan because of the difference in administrative costs.

### D.    Feasibility

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

1.    *Ability to Initially Fund Plan*

The Plan Proponent believes that the Debtor's bankruptcy estate has enough cash on hand that, on the Effective Date of the Plan, all the claims and expenses that are entitled to be paid on that date can be paid. If necessary, the Plan Proponents will contribute the funds necessary to pay Administrative Claims and Priority Claims.

2.    *Ability to Make Future Plan Payments and Operate Without Further Reorganization*

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments. In this case, the Debtor's post-confirmation expenses will result from the sale of the Property and the proceeds of such sale will be sufficient to pay the realtor's commission and any fees owed to Nave.

While no party can foresee the future, it is unlikely that the sale of the Property can't be accomplished. In the meantime, the rent paid by the RTC is sufficient to pay

the costs relating to the Property including the debt secured by the Property.

## V.    EFFECT OF CONFIRMATION OF PLAN

### A.    Discharge

On the Effective Date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan to the extent specified in Bankruptcy Code §1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt imposed by the Plan. The interests of Members in the debtor are not terminated. After the Effective Date of the Plan only the allowed claims and interests will be entitled to a distribution.

### B.    Modification of Plan

The Plan Proponents may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan.

### C.    Final Decree

Once the administrative claims and priority claims have been paid in full, and Russell Nype has been appointed Manager of the Debtor and Manager of Wink One, the bankruptcy estate will be deemed fully administered. The Plan Proponents or the reorganized Debtor, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

. . .

Submitted by:

_____
Russell Nype
Revenue Plus


By:  /s/ Russell Nype
_____
Russell Nype, Manager
The Plan Proponents

. . .
. . .

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

Prepared by:

SCHWARTZER & IMES LAW FIRM PC

By:    /s/   Lenard E. Schwartzer
       Lenard E. Schwartzer, Esq.
       *Counsel for Russell Nype*
         *and Revenue Plus, LLC, Plan Proponents*

**EXHIBITS**

**Exhibit "A"** - Proposed Plan of Reorganization

**Exhibit "B"** - Liquidation Analysis

Exhibit "A"

**Proposed Plan of Reorganization**

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

1

2

Exhibit "B"

Liquidation Analysis

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

<div style="text-align: center; border: 1px solid black;">

### *Plan Proponent's Estimated Liquidation Value of Assets*

</div>

**A. Estimated distribution based on $72,000, 000
    sales price for Property**

| Assets | Under Plan | Under Chapter 7 |
|---|---|---|
| a.  Cash on hand | $     110,000 | $      110,000 |
| b.  40% Interest in Property | $ 12,200,000[1] | $12,200,000 |
| | | |
| ***Total Assets at Liquidation Value*** | $ 12,310,000 | $ 12,310,000 |
| **Less:** Chapter 7 Trustee fees and expenses | $      110,000 | $  1,650,000[2] |
| **Less:** Chapter 11 Administrative expenses | $        0.00 | 0.00 |
| | | |
| Principal balance for Claims | **$ 10,200,000** | **$10,200,000** |
| Post-petition Interest on Claims | **$  1,650,000** | **$     460,000** |
| | | |
| Balance for Equity (Mitchell and Liberman) | **$      350,000** | **$       0.00** |

---

[1] This amount is calculated as follows:

| | |
|---|---|
| Appraised Value of Property: | $72,000,000 |
| Cost of Sale    (5%) | $  3,500,000 |
| Secured Debt | $38,000,000 |
| Net Sales Proceeds | $30,500,000 |
| 40% | $12,200,000 |

[2] Trustee's Commission might be based on the $38,000,000 paid to the creditor secured by the Property owned by Wink One as well as the amount distributed to Nype as a creditor plus the attorney's fees incurred by the Trustee by her attorney for the additional legal work related to the sale.

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

**B. Estimated distribution based on $62,000,000 sales price for Property**

| Assets | Under Plan | Under Chapter 7 |
|---|---|---|
| a. Cash on hand | $ 110,000 | $ 110,000 |
| b. 40% Interest in Property | $ 8,400,000[3] | $ 8,400,000 |
| ***Total Assets at Liquidation Value*** | $ 8,510,000 | $ 8,510,000 |
| **Less:** Chapter 7 Trustee fees and expenses | $ 110,000 | $ 1,600,000[4] |
| **Less:** Chapter 11 Administrative expenses | $ 0.00 | 0.00 |
| **Principal balance for Claims** | **$ 8,400,000** | **$ 6,910,000** |
| **Post-petition Interest on Claims** | **$ 0.00** | **$ 0.00** |
| Balance for Equity (Mitchell and Liberman) | **$ 0.00** | **$ 0.00** |

---

[3] This amount is calculated as follows:

| | |
|---|---|
| Appraised Value of Property: | $62,000,000 |
| Cost of Sale     (5%) | $ 3,000,000 |
| Secured Debt | $38,000,000 |
| Net Sales Proceeds | $21,000,000 |
| 40% | $ 8,400,000 |

[4] Trustee's Commission might be based on the $38,000,000 paid to the creditor secured by the Property owned by Wink One as well as the amount distributed to Nype as a creditor plus the attorney's fees incurred by the Trustee by her attorney for the additional legal work related to the sale.

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & IMES LAW FIRM PC
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5640
Tel: (702) 228-7590 · Fax: (702) 892-0122