Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

*Electronically Filed On: October 20, 2022*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

LAS VEGAS LAND PARTNERS, LLC,

Debtor.

Case No. BK-S-19-15333-MKN
Chapter 7

**FIRST INTERIM APPLICATION OF ALISA NAVE, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED DURING THE PERIOD FROM JULY 14, 2022 THROUGH SEPTEMBER 30, 2022 AND FOR REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016**

Date of Hearing:     December 1, 2022
Time of Hearing:     11:00 a.m.
Place: Courtroom No. 2, Third Floor
            Foley Federal Building
            300 Las Vegas Blvd., S.
            Las Vegas, NV 89101

Judge: Honorable Mike K. Nakagawa[1]

Shelley D. Krohn (the "Trustee"), the Chapter 7 Trustee appointed in the above-captioned adversary proceeding, hereby submits this *First Interim Application of Alisa Nave, LLC for*

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

1  *Allowance of Compensation for Services Rendered During the Period From July 14, 2022*
2  *Through September 30, 2022 and For Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330*
3  *and 331 and Federal Rule of Bankruptcy Procedure 2016* (the "<u>Fee Application</u>").

4      The Fee Application is filed pursuant to Sections 330 and 331, FRBP 2002(a)(6) and
5  2016, the *Guidelines for Compensation and Reimbursement of Professionals in Region 17 as*
6  *promulgated by the Offices of the United States Trustee* (the "<u>Region 17 Guidelines</u>"), and the
7  *Guidelines for Reviewing Applications for Compensation and Reimbursement on Expenses Filed*
8  *Under 11 U.S.C. § 330 effective January 30, 1996* (the "<u>U.S. Trustee Guidelines</u>").  The Fee
9  Application is also based upon the following Memorandum of Points and Authorities, the
10 *Declaration of Shelley D. Krohn In Support of First Interim Application of Alisa Nave, LLC for*
11 *Allowance of Compensation for Services Rendered During the Period From July 14, 2022*
12 *Through September 30, 2022 and For Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330*
13 *and 331 and Federal Rule of Bankruptcy Procedure 2016* (the "<u>Trustee Declaration</u>"), and the
14 *Declaration of Alisa Nave In Support of First Interim Application of Alisa Nave, LLC for*
15 *Allowance of Compensation for Services Rendered During the Period From July 14, 2022*
16 *Through September 30, 2022 and For Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330*
17 *and 331 and Federal Rule of Bankruptcy Procedure 2016* (the "<u>Nave Declaration</u>"), both of
18 which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2).
19 The Application is also based on the pleadings and papers on file herein and any argument that
20 may be presented at the hearing on the Fee Application.[2]

21 . . .
22 . . .
23 . . .
24 . . .
25 . . .

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by FRBP 9017.

| | |
|---|---|
| Name of Firm: | Alisa Nave, LLC |
| Authorized to Provide Professional Services to: | Shelley D. Krohn, Chapter 7 Trustee |
| Date of Retention: | July 14, 2022[3] |
| Period for which Compensation and Reimbursement is Sought | July 14, 2022, through September 30, 2022 |
| Amount of Compensation Requested: | $2,295.00 |
| Amount of Expense Reimbursement Requested: | $0.00 |

This is an: __X__ interim _____ final application.

This is the first interim Fee Application filed by Alisa Nave, LLC in this case.

---

[3] July 28, 2022, the Court entered an *Order Granting Application to Employ ALISA NAVE, LLC as Consultant for Shelley D. Krohn, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 123].

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

**BILLING SUMMARY**

**Prior Applications: None**

**Fees**
| | |
|---|---:|
| Fees Previously Requested | 0.00 |
| Fees Previously Awarded | 0.00 |

**Expenses**
| | |
|---|---:|
| Expenses Previously Requested | 0.00 |
| Expenses Previously Awarded | 0.00 |
| Retainer Paid: | 0.00 |
| Drawn on Retainer: | 0.00 |
| Remaining Retainer: | 0.00 |

| | |
|---|---:|
| Current Application Fees from July 14, 2022 through September 30, 2022, Requested: | $2,295.00 |
| Current Application Expenses July 14, 2022 through September 30, 2022, Requested: | $0.00 |

**FIRST INTERIM APPLICATION OF**
**ALISA NAVE, LLC**
**SUMMARY OF PROFESSIONALS**
**JULY 14, 2022 THROUGH SEPTEMBER 30, 2022**

| NAME | TITLE | HOURLY RATE | HOURS | TOTAL FEE |
|---|---|---|---|---|
| Alisa Nave | Partner | $750.00 | 7.65 | $2,295.00 |
| **TOTAL** | | | | **$2,295.00** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Alisa Nave, LLC (the "Firm"), the political and public policy consultant employed by the Trustee in the above-captioned chapter 7 case (the "Bankruptcy Case"), hereby submits this Fee Application for services rendered in the Bankruptcy Case during the period from July 14, 2022, through September 30, 2022 (the "Fee Application Period"). The Firm was hired on an hourly basis and has incurred professional fees in the amount of $5,737.50. The Trustee, however, is only required to pay forty percent (40%) of the professional fees incurred by the Firm, which equals $2,295.00. The remaining sixty percent (60%) of the professional fees incurred by the Firm will be paid by Forest City Realty Trust, LLC ("Forest City").

The Firm requests an order: (i) approving and allowing on an interim basis compensation in the amount of $2,295.00, for the reasonable and necessary services of the Firm during the Fee Application Period; (ii) approving and allowing on an interim basis reimbursement of expenses in the amount of $0.00 that were incurred during the Fee Application Period; and (iii) authorizing the Trustee to pay such amounts to the Firm. The Firm believes that the services it rendered to the Trustee during the Fee Application Period benefited the Debtor's estate and that, therefore, the fees and costs requested in this Fee Application should be approved under Section 330(a). The Trustee is currently holding funds in the amount of $106,724.87.

## II.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief sought are Sections 330, FRBP 2016, and Local Rule 2016. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

2. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Fee Application consistent with Article III of the

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

United States Constitution, the Firm consents to entry of final orders and judgment by this Court.

### III.

### **STATEMENT OF RELEVANT FACTS**

3. On August 19, 2019, Las Vegas Land Partners, LLC (the "Debtor") filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1].[4]

4. On August 19, 2019, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 2].

5. On October 3, 2019, the Debtor filed its bankruptcy schedules [ECF No. 20].

6. The Debtor's Schedule A/B did not identify any real or personal property. *See* Schedule A/B [ECF No. 20], pp. 3-5.

7. The Debtor is the sole member of Wink One, LLC ("Wink One") that, in turn, owns a forty percent (40%) tenant-in-common interest in the real property described as: the city block bounded by Casino Center, Bonneville, South 1st and Garces Streets, Las Vegas, Nevada [APN 139-34-301-008] (the "Property").[5]

8. The remaining sixty percent (60%) tenant-in-common interest in the Property is owned by Forest City.

9. The Property is currently leased to the Regional Transportation Commission of Southern Nevada (the "RTC").

---

[4] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

[5] *See B&M Land and Livestock, LLC*, 498 B.R. 262 (Bankr. D. Nev. 2013) (holding a Chapter 7 Trustee appointed in a case where a debtor has a membership interest in a single-member limited liability company automatically has the right to manage that company without the need to take further actions to comply with state law); *see also In re Cleveland*, 519 B.R. 304, 306 (D. Nev. 2014 ("Numerous bankruptcy courts have held, and the Court agrees, that where a debtor has a membership interest in a single-member LLC and files a petition for bankruptcy under Chapter 7, the Chapter 7 trustee succeeds to all of the debtor's rights, including the right to control that entity, and a trustee need not take any further action to comply with state law before exercising such control."); *In re Albright*, 291 B.R. 538 (Bankr. D. Colo 2003) (holding that a debtor's bankruptcy filing, where the debtor was the only member of a limited liability company, effectively assigned her entire membership interest in the limited liability company to the bankruptcy estate, and the Chapter 7 Trustee obtained all of the rights to control management of the limited liability company).

-7-

10. The Trustee determined that she would require the assistance of a consultant with respect to ongoing negotiations with the RTC.

11. On July 14, 2022, the Trustee filed an *Application to Employ Alisa Nave, LLC As Consultant for Shelley D. Krohn, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 113].

12. On July 28, 2022, the Court entered an *Order Granting Application to Employ Alisa Nave, LLC as Consultant for Shelley D. Krohn, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 123].

### IV.

### STATEMENT OF STATUTORY AUTHORITY FOR RELIEF SOUGHT

13. 11 U.S.C. Section 330(a) states:

> (a)(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328 and 329 the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103.
>
> (A) Reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) Reimbursement for actual, necessary expenses.

14. 11 U.S.C. Section 503 states, in relevant part:

> (a) An entity may timely file a request for payment of an administrative expense, . . .
>
> (b) After notice and a hearing, there shall be allowed administrative expenses, . . . including –
> (2) compensation and reimbursement awarded under Section 330(a) of this title.

15. 11 U.S.C. Section 331 authorizes the application for and payment of compensation or reimbursement as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for

such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse such compensation or reimbursement.

16. This Fee Application is brought pursuant to 11 U.S.C. Sections 330(a), 331 and 503(b) and Region 17 Guidelines Subsection (b).

## V.

### STATEMENT RE: AMOUNT OF COMPENSATION SOUGHT TO BE ALLOWED

17. This Fee Application seeks allowance of compensation as follows: (a) $2,295.00 for professional services rendered during the period from July 14, 2022, through and including September 30, 2022; and (b) reimbursement of actual expenses in the amount of $0.00 incurred by the Firm during the period from July 14, 2022, through and including September 30, 2022.

18. Services rendered by the Firm are set forth in detail in the invoice attached as **Exhibit "1"** to the Nave Declaration.

19. Actual expenses incurred by the Firm during the Fee Application Period are also attached as **Exhibit "1"** to the Nave Declaration.

20. No unusual or costly expenses are listed above.

21. The Firm has charged customary rates for fees which are allowed by accountants in this area pursuant to 11 U.S.C. § 330.

## VI.

### STATEMENT REGARDING EXPERTISE REQUIRED

22. The Firm is skilled in political and public policy matters and is well equipped to assist in a transaction that involves a governmental entity, and has special knowledge which enabled the Firm to perform services of benefit to the Trustee. Specialized knowledge and skills with respect to the sale of an asset to a governmental entity and the process for obtaining approval for such a sale.

. . .

. . .

. . .

# VII.

## STATEMENT REGARDING PAYMENTS MADE OR PROMISED AND AGREEMENTS TO SHARE COMPENSATION

23. No payments have been made or promised to the Firm for services rendered or to be rendered in connection with this case, other than those payments described in this Fee Application.

24. No agreement or understanding exists between the Firm and any other entity for the sharing of compensation received or to be received for services rendered in connection with this case, except as permitted under Section 504(b)(1).

# VIII.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (a) granting this Fee Application; (b) approving and allowing interim compensation in the amount of $2,295.00 and reimbursement of expenses in the amount of $0.00 for the Fee Application Period consistent with the terms of this Fee Application; and (c) for such other relief as is just and proper.

Dated this 20th day of October, 2022.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*