_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
November 15, 2022

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: ) | Case No.: 19-15333-MKN |
| ) | Chapter 7 |
| LAS VEGAS LAND PARTNERS, LLC, ) | |
| ) | Date:   September 28, 2022 |
| Debtor. ) | Time:   2:30 p.m. |
| _____ ) | |

**ORDER ON MOTION TO CONVERT CHAPTER 7 CASE TO CHAPTER 11 CASE[1]**

On September 28, 2022, the court heard the Motion to Convert Chapter 7 Case to Chapter 11 Case, brought by creditors Russell Nype and Revenue Plus, LLC. The appearances of all parties and counsel were noted on the record. After arguments were presented, the matter was taken under submission.

**BACKGROUND[2]**

On August 19, 2019, Las Vegas Land Partners, LLC ("Debtor") filed a voluntary Chapter 7 petition. (ECF No. 1). The case was assigned for administration to Chapter 7 panel trustee Shelley D. Krohn ("Trustee Krohn"). Debtor's statement of financial affairs disclosed a civil action pending in the District Court for Clark County, Nevada ("State Court") styled as Nype and

_____

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned case as they appear on the docket maintained by the clerk of the court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §101, et seq. All references to "FRE" are to the Federal Rules of Evidence.

[2] Pursuant to FRE 201(b), the court takes judicial notice of all materials appearing on the docket in the above-captioned bankruptcy case. See U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). See also Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.), 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

1  Revenue Plus v. Mitchell, Liberman, et al., denominated Case No. A-16-740689-B ("State
2  Litigation").

3        On March 12, 2020, Russell L. Nype filed a proof of claim ("POC") in the unsecured
4  amount of $4,484,944.19 based on a judgment obtained in the State Litigation.

5        On September 1, 2020, an ex parte application was filed to permit Trustee Krohn to
6  employ CBRE, Inc. to appraise the Debtor's forty-percent interest as a tenant in common in
7  certain real property located in downtown Las Vegas ("Vegas Property").  (ECF No. 69).  The
8  remaining sixty-percent interest as tenant in common is held by Brookfield Asset Management
9  ("Brookfield").  The property is leased to the Regional Transportation Commission of Southern
10 Nevada ("RTC") through the year 2048.  The appraisal was sought to enable the bankruptcy
11 estate to sell its forty-percent interest to the RTC.  On the same date, an order was entered
12 authorizing the employment of the appraiser ("Appraiser Order").  (ECF No. 74).

13       On May 27, 2021, an order was entered approving the stipulation between Nype and
14 Trustee Krohn whereby Nype agreed to be precluded from withdrawing its POC.  (ECF No. 85).

15       On March 4, 2022, Trustee Krohn filed an application to employ Cushman & Wakefield
16 U.S., Inc., dba Cushman & Wakefield as the broker to sell the estate's interest in the Vegas
17 Property.  (ECF No. 88).  The application was noticed to be heard on April 7, 2022.  (ECF No.
18 91).  No objection to the application was filed.  On April 7, 2022, an order was entered granting
19 the request ("Broker Order").  (ECF No. 104).

20       On May 20, 2022, an order was entered on the Motion to Annul Stay to Validate State
21 Court Judgment ("Annulment Order") brought by Nype and Revenue Plus, LLC (collectively
22 "Nype").  (ECF No. 109).  That Annulment Order describes a dispute between Nype, the Debtor,
23 and the Debtor's principals, that led to the State Litigation, as well as subsequent activities that
24 took place after the Chapter 7 proceeding was commenced.  As the parties and events are well
25 known, the discussion in that Annulment Order is incorporated by reference.

26       On July 14, 2022, Trustee Krohn filed an application to employ Alisa Nave, LLC, as a
27 consultant to assist in the sale of the Debtor's interest in the Vegas Property.  (ECF No. 113).  An
28 order shortening time was entered so that the application could be heard on July 27, 2022.  (ECF

No. 119). No objection was filed. On July 28, 2022, an order was entered granting the application ("Sale Consultant Order"). (ECF No. 123).

On August 25, 2022, Nype filed two additional motions. First, a Motion to Convert Chapter 7 Case to Chapter 11 Case ("Conversion Motion"),[3] and second, a Motion for Order: (1) Approving Adequacy of Disclosures in Proposed Disclosure Statement and (2) Setting Confirmation Hearing, Record Date and Deadlines for Balloting and Oppositions to Confirmation ("Disclosure Approval Motion").[4] (ECF Nos. 125 and 127). Nype filed a separate notice of hearing ("NOH") for both matters setting them to be heard on September 28, 2022. (ECF Nos. 126 and 128). Both notices state that opposition must be filed no later than 14 days before the scheduled hearing, i.e., no later than September 14, 2022.

On September 14, 2022, Trustee Krohn filed an opposition to approval of both motions ("Omnibus Opposition") (ECF No. 133), that is accompanied by declarations of Shelley D. Krohn ("First Krohn Declaration"), Jacob L. Houmand ("Houmand Declaration"), and Larry Wilks ("Wilks Declaration"). (ECF Nos. 134-136). On September 21, 2022, a supplemental declaration was filed by Trustee Krohn ("Second Krohn Declaration"). (ECF No. 138).

On September 21, 2022, Nype filed separate replies in support of the Conversion Motion (ECF No. 139)[5] and in support of the Disclosure Approval Motion. (ECF No. 140). On the

---

[3] Attached to the Conversion Motion is a copy of a "[Proposed] Creditors' Plan of Reorganization" as well as a [Proposed Creditors' Disclosure Statement." According to its summary, the Chapter 11 plan proposes that Nype become the manager of the Debtor, that the broker and consultant employed by Trustee Krohn be retained under the same terms, that the Vegas Property be sold, that Nype be paid be paid in full, and that the balance of the sale proceeds be distributed to members of the Debtor.

[4] Attached to the Disclosure Approval Motion are copies of the same documents attached to the Conversion Motion, plus a proposed form of order granting the Disclosure Approval Motion.

[5] Attached to the first docketed reply in support of the Conversion Motion ("Nype Reply") is a copy of "Amended Findings of Fact and Conclusions of Law" entered in the State Litigation on or about January 17, 2020 ("State Findings & Conclusions"). A separate supplement to that reply was filed (ECF No. 144) that includes a signed Declaration of Tara L. Stacom ("Stacom Declaration"), a representative of Cushman & Wakefield. Also included in the supplemental reply are copies of various emails apparently exchanged between Nype, his counsel, and the declarant, as well as an unsigned draft of the declaration.

3

same date, a Declaration of Russell Nype ("Nype Declaration") also was filed in support of the Conversion Motion. (ECF No. 143).

**DISCUSSION**

Contemporaneous herewith, an order denying the Disclosure Approval Motion has been entered. The court having considered the record in this proceeding, the history of the dispute as reflected in the Annulment Order, and the arguments of counsel, concludes that cause has not been established warranting conversion of this proceeding to one under Chapter 11. Several reasons lead to this conclusion.

First, there is no dispute that Trustee Krohn, like all Chapter 7 trustees, is required to administer the assets of the instant Chapter 7 proceeding under Section 704(a) and is authorized to exercise of her reasonable business judgment. See, e.g., Do v. Eiler (In re Portland Injury Institute, LLC), 2022 WL 263490, at * 5 (B.A.P. 9th Cir. Jan. 27, 2022) (approval of Chapter 7 trustee's sale of avoidance actions).

Second, there is no dispute that the Vegas Property is property of the Chapter 7 bankruptcy estate and would continue to be property of the Chapter 11 estate if the case is converted to Chapter 11. Compare 11 U.S.C. §§ 541(a)(1) [all legal and equitable interests in property] and 1115(a) [in addition to property specified in section 541, property of individual Chapter 11 debtor includes other property].

Third, there is no dispute that the Vegas Property could be sold under Section 363(b) in both Chapter 7 and Chapter 11. See generally 3 COLLIER ON BANKRUPTCY, ¶ 363.01 (Richard Levin and Henry J. Sommer, eds. 16th ed. 2022) ("Section 363 is applicable in cases under chapters 7, 11, 12 and 13.").

Fourth, there is no dispute that if the instant Chapter 7 proceeding is converted to Chapter 11, there is a substantial likelihood that a Chapter 11 trustee would be appointed based on the findings made by the State Court in connection with the alter ego judgment obtained by Nype. See State Findings & Conclusions at ¶¶ 36, 37, 38, 39, 40, 43, 45, 52, 55, 58, 60 [Finding of Fact] and ¶¶ 4, 5, 7, 10, 11, 19, 20 [Conclusions of Law].[6]

---

[6] A separate question is whether the findings obtained by Nype in the State Litigation

Fifth, there is no dispute that if the instant Chapter 7 proceeding is converted to Chapter 11 and a Chapter 11 trustee is appointed, the Chapter 11 trustee also would administer the assets of the converted Chapter 11 estate applying a business judgment standard.  See generally 7 COLLIER ON BANKRUPTCY, ¶ 1106.02 (Richard Levin and Henry J. Sommer, eds. 16th ed. 2022).

Sixth, there is no dispute that both Trustee Krohn and Nype, as well as any Chapter 11 trustee in the event the case is converted, would seek to sell the same property of the bankruptcy estate: the Debtor's forty-percent tenancy in common interest in the Vegas Property.

Seventh, there is no dispute that while both Trustee Krohn and Nype seek to use the same broker and consultant to sell the Vegas Property, a Chapter 11 trustee may exercise independent business judgment to employ other professionals in the converted case.

Eighth, there is no dispute that administrative expenses incurred under Section 503 in both Chapter 7 and Chapter 11 have priority under Section 507 ahead of both unsecured creditors and equity holders.

---

would require a voluntary Chapter 11 petition by the Debtor to be dismissed.  The Bankruptcy Code expressly bars the conversion of a Chapter 7 case to another chapter "unless the debtor may be a debtor under such chapter."  11 U.S.C. §706(d).  Due to Nype's efforts, it is possible that the Debtor may not even be a debtor that is eligible for Chapter 11 relief.  See generally 6 COLLIER ON BANKRUPTCY, 706.05 (Richard Levin and Henry J. Sommer, eds. 16th ed. 2022) ("The Supreme Court interpreted [§706(d)] in *Marrama v. Citizens Bank*, and it found it broad enough to encompass both the debtor's eligibility to be a debtor under section 109 and also whether the debtor's case would be subject to immediate dismissal for bad faith if it were converted.  Thus, the Court held that if a debtor's case would be dismissed for bad faith, the debtor is not one who 'may be a debtor' under the chapter to which the debtor seeks to convert.  The same reasoning has been applied to attempted conversions to chapter 11."). (footnotes omitted).

Finally, there apparently is some uncertainty when and even whether a cooperative sale of the Vegas Property will occur. Compare Omnibus Opposition at 19:6-16[7] with Nype Declaration at ¶ 8.[8]

Under these circumstances, Nype has failed his burden of proving under Section 706(b) that conversion of the instant Chapter 7 proceeding to Chapter 11 is warranted.

**IT IS THEREFORE ORDERED** that the Motion to Convert Chapter 7 Case to Chapter 11 Case, brought by creditors Russell Nype and Revenue Plus, LLC, Docket No. 125, be, and the same hereby is, **DENIED**.

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:
LAS VEGAS LAND PARTNERS, LLC
ATTN: OFFICER OR MANAGING AGENT
375 E WARM SPRINGS ROAD, SUITE 104
LAS VEGAS, NV 89119

# # #

---

[7] "The balance of the interest in the Property is held by Brookfield, who has repeatedly requested that Mr. Nype not be involved in the sale of the Property. While the Property may be sold without Brookfield's consent under 11 U.S.C. § 363(h), such a sale would require an adversary proceeding, which Brookfield is likely to contest. That process would only serve to further delay the sale of the Property. Furthermore, because a sale may involve the RTC assuming the Loan, it is unlikely that the RTC would be willing to consummate a sale with the express consent of Brookfield and Mr. Nype's involvement has the potential to disrupt the transaction." Id. at 19:9-16.

[8] In his sworn testimony, the representative of the moving party observes: "In recognize that a sale of the Property is speculative, whether negotiated by the Trustee or by me. However, since I am the person with the best opportunity, due to my knowledge, experience, as well as incentive, to negotiate a highest value sale, my proposed Plan of Reorganization puts me in charge." Beyond self-absorption, the observation seemingly ignores Nype's own suggestion that parties other than Nype would benefit or be unaffected if Trustee Krohn is not paid a commission under Section 326. See Nype Reply at 6:6 to 12:24. It is not clear why Trustee Krohn would have any less incentive than Nype to negotiate the highest sale value. Moreover, the apparent desire to be "in charge" suggests that the expertise of the broker and consultant may have no value at all.