_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
November 15, 2022

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:  ) Case No.: 19-15333-MKN
 ) Chapter 7
LAS VEGAS LAND PARTNERS, LLC, )
 ) Date: September 28, 2022
 Debtor. ) Time: 2:30 p.m.
_____)

**ORDER REGARDING MOTION FOR ORDER: (1) APPROVING ADEQUACY OF DISCLOSURES IN PROPOSED DISCLOSURE STATEMENT AND (2) SETTING A CONFIRMATION HEARING, RECORD DATE AND DEADLINES FOR BALLOTING AND OPPOSITIONS TO CONFIRMATION[1]**

On September 28, 2022, the court heard the Motion for Order: (1) Approving Adequacy of Disclosures in Proposed Disclosure Statement and (2) Setting a Confirmation Hearing, Record Date and Deadlines for Balloting and Oppositions to Confirmation, brought by creditors Russell Nype and Revenue Plus, LLC. The appearances of all parties and counsel were noted on the record. After arguments were presented, the matter was taken under submission.

**BACKGROUND[2]**

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned case as they appear on the docket maintained by the clerk of the court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §101, et seq. All references to "FRBP" are to the provisions of the Federal Rules of Bankruptcy Procedure. All references to "FRE" are to the Federal Rules of Evidence.

[2] Pursuant to FRE 201(b), the court takes judicial notice of all materials appearing on the docket in the above-captioned bankruptcy case. See U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). See also Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.), 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

On August 19, 2019, Las Vegas Land Partners, LLC ("Debtor") filed a voluntary Chapter 7 petition. (ECF No. 1). The case was assigned for administration to Chapter 7 panel trustee Shelley D. Krohn ("Trustee Krohn"). Debtor's statement of financial affairs disclosed a civil action pending in the District Court for Clark County, Nevada ("State Court") styled as <u>Nype and Revenue Plus v. Mitchell, Liberman, et al.</u>, denominated Case No. A-16-740689-B ("State Litigation").

On March 12, 2020, Russell L. Nype filed a proof of claim ("POC") in the unsecured amount of $4,484,944.19 based on a judgment obtained in the State Litigation.

On September 1, 2020, an ex parte application was filed to permit Trustee Krohn to employ CBRE, Inc. to appraise the Debtor's forty-percent interest as a tenant in common in certain real property located in downtown Las Vegas ("Vegas Property"). (ECF No. 69). The remaining sixty-percent interest as tenant in common is held by Brookfield Asset Management ("Brookfield"). The Vegas property is leased to the Regional Transportation Commission of Southern Nevada ("RTC") through the year 2048. The appraisal was sought to enable the bankruptcy estate to sell its forty-percent interest to the RTC. On the same date, an order was entered authorizing the employment of the appraiser ("Appraiser Order"). (ECF No. 74).

On May 27, 2021, an order was entered approving the stipulation between Nype and Trustee Krohn whereby Nype agreed to be precluded from withdrawing its POC. (ECF No. 85).

On March 4, 2022, Trustee Krohn filed an application to employ Cushman & Wakefield U.S., Inc., dba Cushman & Wakefield as the broker to sell the estate's interest in the Vegas Property. (ECF No. 88). The application was noticed to be heard on April 7, 2022. (ECF No. 91). No objection to the application was filed. On April 7, 2022, an order was entered granting the request ("Broker Order"). (ECF No. 104).

On May 20, 2022, an order was entered on the Motion to Annul Stay to Validate State Court Judgment ("Annulment Order") brought by Nype and Revenue Plus, LLC (collectively "Nype"). (ECF No. 109). That Annulment Order describes a dispute between Nype, the Debtor, and the Debtor's principals, that led to the State Litigation, as well as subsequent activities that

1  took place after the Chapter 7 proceeding was commenced.  As the parties and events are well
2  known, the discussion in that Annulment Order is incorporated by reference.
3     On July 14, 2022, Trustee Krohn filed an application to employ Alisa Nave, LLC, as a
4  consultant to assist in the sale of the Debtor's interest in the Vegas Property.  (ECF No. 113).  An
5  order shortening time was entered so that the application could be heard on July 27, 2022.  (ECF
6  No. 119).  No objection was filed.  On July 28, 2022, an order was entered granting the
7  application ("Sale Consultant Order").  (ECF No. 123).
8     On August 25, 2022, Nype filed two additional motions.  First, a Motion to Convert
9  Chapter 7 Case to Chapter 11 Case ("Conversion Motion"),[3] and second, a Motion for Order: (1)
10 Approving Adequacy of Disclosures in Proposed Disclosure Statement and (2) Setting
11 Confirmation Hearing, Record Date and Deadlines for Balloting and Oppositions to
12 Confirmation ("Disclosure Approval Motion").[4]  (ECF Nos. 125 and 127).  Nype filed a separate
13 notice of hearing ("NOH") for both matters setting them to be heard on September 28, 2022.
14 (ECF Nos. 126 and 128).  Both notices state that opposition must be filed no later than 14 days
15 before the scheduled hearing, i.e., no later than September 14, 2022.
16    On September 14, 2022, Trustee Krohn filed an omnibus opposition to approval of both
17 motions (ECF No. 133), that is accompanied by declarations of Shelley D. Krohn ("First Krohn
18 Declaration"), Jacob L. Houmand ("Houmand Declaration"), and Larry Wilks ("Wilks
19 Declaration").  (ECF Nos. 134-136).  On September 21, 2022, a supplemental declaration was
20 filed by Trustee Krohn ("Second Krohn Declaration").  (ECF No. 138).

---

[3] Attached to the Conversion Motion is a copy of a "[Proposed] Creditors' Plan of Reorganization" as well as a [Proposed Creditors' Disclosure Statement."  According to its summary, the Chapter 11 plan proposes that Nype become the manager of the Debtor, that the broker and consultant employed by Trustee Krohn be retained under the same terms, that the Vegas Property be sold, that Nype be paid in full, and that the balance of the sale proceeds be distributed to members of the Debtor.

[4] Attached to the Disclosure Approval Motion are copies of the same documents attached to the Conversion Motion, plus a proposed form of order granting the Disclosure Approval Motion.

3

1   On September 21, 2022, Nype filed separate replies in support of the Conversion Motion
2   (ECF No. 139)[5] and in support of the Disclosure Approval Motion. (ECF No. 140). On the
3   same date, a Declaration of Russell Nype ("Nype Declaration") also was filed in support of the
4   Conversion Motion. (ECF No. 143).

## DISCUSSION

Contemporaneously herewith, an order denying the Conversion Motion has been entered. For the reasons expressed therein, cause has not been established to warrant conversion of this proceeding to one under Chapter 11 at this time. Absent conversion of the case to Chapter 11, approval of a disclosure statement necessary to seek confirmation of a Chapter 11 plan is unnecessary.

At the hearing in this matter, the court suggested and Nype acknowledged that insufficient notice had been given of the deadline to object to the proposed disclosure statement. On its face, FRBP 2002(b) expressly requires that not less than 28 days' notice be provided by mail "for filing objections and the hearing to consider approval of a disclosure statement…" In this instance, Nype scheduled the September 28, 2022 hearing on no less than 28 days' notice, but did not give 28 days' notice of the deadline to object. Given that the Disclosure Approval Motion was filed on August 25, 2022, the deadline for objection could occur no earlier than September 22, 2022. Instead of providing such notice, the NOH filed and served by Nype set the objection deadline at 14 days before the hearing, i.e., September 14, 2022. The objection deadline appearing in the NOH did not comply with FRBP 2002(b) and Nype did not obtain court authorization to accelerate the deadline. Under these circumstances, the Disclosure Approval Motion is both unnecessary and procedurally defective.

**IT IS THEREFORE ORDERED** that the Motion for Order: (1) Approving Adequacy

---

[5] Attached to the reply in support of the Conversion Motion is a copy of "Amended Findings of Fact and Conclusions of Law" entered in the State Litigation on or about January 17, 2020. A separate supplement to that reply was filed (ECF No. 144) that includes a signed Declaration of Tara L. Stacom ("Stacom Declaration"), a representative of Cushman & Wakefield. Also included in the supplemental reply are copies of various emails apparently exchanged between Nype, his counsel, and the declarant, as well as an unsigned draft of the declaration.

4

of Disclosures in Proposed Disclosure Statement and (2) Setting a Confirmation Hearing, Record Date and Deadlines for Balloting and Oppositions to Confirmation, brought by creditors Russell Nype and Revenue Plus, LLC, Docket No. 127, be, and the same hereby is, **DENIED.**

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:
LAS VEGAS LAND PARTNERS, LLC
ATTN: OFFICER OR MANAGING AGENT
375 E WARM SPRINGS ROAD, SUITE 104
LAS VEGAS, NV 89119

# # #