Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Electronically Filed On: February 7, 2023*

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>LAS VEGAS LAND PARTNERS, LLC,<br><br>Debtor. | Case No. BK-S-19-15333-MKN<br>Chapter 7<br><br>**DECLARATION OF SHELLEY D. KROHN IN SUPPORT OF APPLICATION TO AMEND TERMS OF EMPLOYMENT FOR CUSHMAN & WAKEFIELD U.S., INC. DBA CUSHMAN & WAKEFIELD TO SELL CERTAIN REAL PROPERTY AND TO PAY COMMISSION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**<br><br>Date of Hearing:    March 9, 2023<br>Time of Hearing:    11:00 a.m.<br>Place: Courtroom No. 2, Third Floor<br>                Foley Federal Building<br>                300 Las Vegas Blvd., S.<br>                Las Vegas, NV 89101<br><br>Judge: Honorable Mike K. Nakagawa |

I, Shelley D. Krohn, hereby declare as follows:

1.   I am over the age of 18 years and I am competent to make this declaration. I have personal knowledge of the facts set forth herein, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true. If called as a witness, I could and would testify as to the matters set forth below based upon my personal knowledge.

2.   I am the appointed Chapter 7 Trustee in the above-captioned bankruptcy case.

-1-

3. I make this declaration in support of the *Application to Amend Terms of Employment for Cushman & Wakefield U.S., Inc. dba Cushman & Wakefield to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Application").[1]

4. On August 19, 2019, Las Vegas Land Partners, LLC (the "Debtor") filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1].[2]

5. On August 19, 2019, I was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 2].

6. On October 3, 2019, the Debtor filed its bankruptcy schedules [ECF No. 20].

7. The Debtor's Schedule A/B did not identify any real or personal property. *See* Schedule A/B [ECF No. 20], pp. 3-5.

8. The Debtor is the sole member of Wink One, LLC ("Wink One") that, in turn, owns a forty percent (40%) tenant-in-common interest in the real property described as: the city block bounded by Casino Center, Bonneville, South 1st and Garces Streets, Las Vegas, Nevada [APN 139-34-301-008] (the "Property").[3]

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

[2] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

[3] *See B&M Land and Livestock, LLC*, 498 B.R. 262 (Bankr. D. Nev. 2013) (holding a Chapter 7 Trustee appointed in a case where a debtor has a membership interest in a single-member limited liability company automatically has the right to manage that company without the need to take further actions to comply with state law); *see also In re Cleveland*, 519 B.R. 304, 306 (D. Nev. 2014 ("Numerous bankruptcy courts have held, and the Court agrees, that where a debtor has a membership interest in a single-member LLC and files a petition for bankruptcy under Chapter 7, the Chapter 7 trustee succeeds to all of the debtor's rights, including the right to control that entity, and a trustee need not take any further action to comply with state law before exercising such control."); *In re Albright*, 291 B.R. 538 (Bankr. D. Colo 2003) (holding that a debtor's bankruptcy filing, where the debtor was the only member of a limited liability company, effectively assigned her entire membership interest in the limited liability company to the

9. The remaining sixty percent (60%) tenant-in-common interest in the Property is owned by Forest City Realty Trust, LLC ("Forest City").

10. The Property is currently leased to the Regional Transportation Commission of Southern Nevada.

11. On May 4, 2022, I filed an *Application to Employ Cushman & Wakefield U.S., Inc. DBA Cushman & Wakefield As Real Estate Broker Pursuant to 11 U.S.C. 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 88] (the "Application to Employ") which sought to employ Cushman & Wakefield U.S., Inc. dba Cushman & Wakefield ("C&W") as a broker to market and sell the Debtor's interest in the Property for the benefit of the Debtor's creditors.

12. The Application to Employ provided that C&W would be employed for one (1) year, with employment expiring on March 6, 2023, and that C&W would be paid one percent (1%) of the total sales price of the Property.

13. On April 7, 2022 the Court entered an *Order Granting Application to Employ Cushman & Wakefield U.S., Inc. dba Cushman & Wakefield to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 104] which granted the Application to Employ.

14. During C&W's employment, I believe that substantial progress has been made in negotiating terms of a possible sale or lease extension with the RTC.

15. During negotiations with the RTC, the parties have discussed the potential for, among other things, an extension of the ground lease and the prepayment of rent.

16. The listing agreement (the "Agreement") that was entered into between the Debtor's bankruptcy estate and Forest City to sell the Property also expires on March 6, 2023.

17. Due to the upcoming expiration of the Agreement and the expanded scope of negotiations with the RTC regarding the Property, C&W recommended that I enter into an amended listing agreement.

---

bankruptcy estate, and the Chapter 7 Trustee obtained all of the rights to control management of the limited liability company).

18. A true and correct copy of the proposed amended engagement letter (the "Amendment") is attached to the Broker Declaration as **Exhibit "1"**.

19. The Amendment extends the engagement of C&W by one year until March 6, 2024.

20. The Amendment expands the scope of C&W's employment to include the following: The sale or financing of the Property, or a modification of the existing lease with the RTC, along with potential sale of option to acquire the Property.

21. The Amendment further modifies C&W's commission structure to take into consideration the expanded scope of C&W's engagement. The revised commission is as follows:

   a. In Sale or financing of Property - the sum of 2% of first $50 million in gross proceeds, inclusive of any mortgages or loans assumed by the purchaser, and 1% of any proceeds in excess of $50 million.

   b. In modification of lease, and or sale of option to purchase the Property (the "Option"), which may include an extension of the term, with pre-payment of rent by RTC, the sum of 5% of first $10 million in pre-paid rent and/or proceeds from sale of Option, 4% of the next $10 million in pre-paid rent and/or proceeds from sale of Option and 3% for the balance of pre-paid rent and/or proceeds from sale of Option.

22. The Amendment also allows C&W to be reimbursed for costs associated with travel and lodging (the "Travel Expenses") in connection with the performance of C&W's duties under the Amendment, provided that such costs shall not exceed $15,000 without the written approval of the Trustee and Forest City. The portion of the Travel Expenses attributed to the Debtor's bankruptcy estate will be subject to court approval pursuant to Sections 330 and 331. Notwithstanding the foregoing, in the event the Property is sold, the Trustee and Forest City shall be entitled to deduct from the Commission paid to C&W, the amount of Travel Expenses actually reimbursed to C&W.

23. The Debtor's bankruptcy estate shall be responsible for payment of forty percent (40%) of the commission and expenses and Forest City shall be responsible for payment of sixty percent (60%) of the commission and expenses.

24. Forest City has also agreed to modify the terms of C&W's engagement as described above.

25. No promises have been received by C&W or any of its associates, as to payment or compensation in connection with the above-referenced bankruptcy case in accordance with the provisions of the Bankruptcy Code, the FRBP, the Local Rules, and orders of the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 3rd day of February, 2023.

_____
Shelley D. Krohn, Chapter 7 Trustee

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371