| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEVADA (LAS VEGAS)<br>------------------------------------------------------------X<br>In Re:<br><br>Las Vegas Land Partners, LLC<br><br>            Debtor<br>------------------------------------------------------------X | HEARING DATE: NOVEMBER 29, 2023<br>TIME: 2:30 P.M.<br><br>CHAPTER 7<br>CASE NO. 19-15333-mkn<br><br>Objection and/or Request<br><u>For Adjournment</u> |

      David Mitchell ("Mitchell"), by his attorneys, Westerman Ball Ederer Miller Zucker & Sharfstein, LLC, as and for his Objection and request for an adjournment responds as follows:

      1.    This objection is submitted to the Motion by Shelly D, Krohn, Trustee of the above-referenced estate, for approval of the sale of the Debtor's real property on shortened notice (the "Motion").

      2.    By this Objection, I am requesting that the Court adjourn the Motion for at least two (2) weeks to give me sufficient time for Mitchell to investigate the issues raised in the Motion as Mitchell was a fifty (50%) percent owner of the Debtor.

      3.    Unfortunately, neither I, nor Mitchell, received notice of the Motion, nor efforts to sell the real property until the night before Thanksgiving. Indeed, I did not receive the notice of this motion until it was delivered to my office by regular mail <u>this morning</u>. I was not apprised that the motion had even been raised until I received a call from counsel for one of the creditors of the estate, Russell Nype, on the night before Thanksgiving.

      4.    With virtually zero notice, it is impossible for me or Mitchell to evaluate the Motion, and the complex multi-million dollar proposed sale, without further investigation.

      5.    I have been in communication with counsel for Russell Nype, the largest (or one of the largest) creditor in this bankruptcy case as well as Marc Pergament, Trustee for

the estate of Lieberman, who was a fifty (50%) percent owner of the Debtor.

6. This request for an adjournment is the first request that has been made in this case and due to the fact that this real property is the only asset of the estate, there is no great urgency for the Motion to be heard on November 29, 2023, when the only party making the proposal to purchase the real property is a governmental agency, the Resolution Trust Company.

7. For these reasons, it is requested that this Court grant this application and adjourn the Motion for at least two (2) weeks and grant such other and further relief as this Court deems just and proper.

WHEREFORE, it is respectfully requested that this honorable Court grant this motion in its entirety and grant Mitchell such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York

Dated: November 27, 2023

WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP

By: _____
    Andrew S. Lewner, Esq.
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200
alewner@westermanllp.com
*Attorneys for David Mitchell*

2